RECEIVED

JAN 0 4 2019

CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

Edmond Hudmond Smith IV. Lawful Money **12 USC §411**
BOP #07241-059
Louis Holger. Lawful Money **12 USC §411**
dba LOUIS HOLGER EKLUND Inc. BOP #20309-006
United States Medical Center
For Federal Prisoners.
P.O. Box 4000
Springfield, Missouri.
           65801-4000

In The United States District Court
For The District Of Alaska
Article III 3:15-cv-00046

**3:19-cv-00002-RRB**

Edmond Hudmond Smith IV,
Louis Holger.
Claimants.

vs.

**SAINT PAUL TRAVELERS COMPANY** Inc.,
INTEGRATED CLAIMS SOLUTIONS LLC.,
NATIONAL CLAIMS ADJUSTERS Inc.,
Mark Lozer,
Robert Barnett,
Philip Coggin,
Rick Clarke,
Linda Swope,
Leanne Carpenter,
B.J. Lyons,
Noel Mozer,
Charles Graddick,
SamCochran,
~~Ed Everson,~~
Clint ~~Uler,~~ ulmer,
Mitch McRaye,
James Bo Lackey,
Loren Watts,
Alan Yaeger,
Bob Steller,
MOBILE COUNTY CIRCUIT COURT Inc.,
Noel Mozer,
Sarah Stewart,
Lee Haney,
Eddie Curran,
John Tyson,
Jason Botop,
Steve Green,
Ray Brazell,
Mike Parker,

Case 3:19-cv-00002-RRB   Document 1   Filed 01/04/19   Page 1 of 146

James Mullins,
Rita Dial,
Nurse Blackmon,
Virginia Tapia,
Loren Watts,
Neal Foster,
Tim Burger,
Evan Wolfe,
James Hardesty,
Wendal Sanders,
Aaron Wells,
Steven Case,
Wife Case,
Steve Orso,
Tom Haas,
William H. Steele,
Greg Bordenkirker,
Terry Steele,
William Cassidy,
Kristi DuBose,
Jack T. Camp,
Steven E. Butler,
Adam Goldberg,
Michele O'brien,
Clark Stankowski,
Ed Eversman,
Nicole Dugan,
Laura Fields,
Charles E. Smith,
Anna Eaton,
Terry J. Hundley,
Doctor Stuckey,
Nurse Calhoon,
Nurse Rogers,
Counselor Santos,
Correction Officer Walker,
Correction Officer Waldon,
Correction Officer Kramer,
Lieutenant Winger,
Kim Thomas,
Unit Manager Reardon,
Lieutenant Earwin,
Dallas Sawyer,
Lieutenant Wies,
PUBLIC SECTOR WORKERS UNION
COLEMAN FLORIDA Inc.,
PUBLIC SECTOR WORKERS UNION
MCREARY TENNESSEE Inc.,
Warden Lockett,
Warden Caraway,
Counselor Harvey,
Counselor Kessel,
Correction Officer G.Krebs
Counselor Half rap
Micheal Bearry

Correctional Officer Lotz,
Lieutenant Brakefield,
Lieutenant Revis,
Captain Henger,
Correction Officer Lafave,
Correction Officer Simmes,
Warden Krueger,
CITY OF MOBILE Inc.,
MOBILE COUNTY Inc.,
STATE OF ALABAMA Inc.,
MOBILE COUNTY SHERIFF'S DEPARTMENT Inc.,
MOBILE COUNTY METRO JAIL Inc.,
MOBILE COMMUNITY MEDICAL SERVICES Inc.,
UNITED STATES DEPARTMENT OF JUSTICE Inc.,
LOUISIANA CORRECTIONAL SERVICES Inc.,
UNITED STATES MARSHALS Inc.,
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY Inc.,
MOBILE PRESS REGISTER Inc.,
SALT WATER KING FISH ASSOCIATION Inc.,
NATIONAL CLAIMS ADMINISTRATORS Inc.,
LYONS MCFADDEN AND ROUSE Inc.,
LYONS EXIT REALTY Inc.,
MOSER AND ASSOCIATES Inc.,
PARKER WAREHOUSES Inc.,
FOSTER PAINTING Inc.,
GEORGIA ENTRY ASSOCIATION Inc.,
UNITED STATES FEDERAL BUREAU OF PRISONS Inc.,
UNITED STATES DEPARTMENT OF JUSTICE Inc.,
BRITISH PATROLEUM Inc.,
BANDIT BONDING COMPANY Inc.,
COASTAL AUCTION COMPANY Inc.,
LEXINGTON INSURANCE COMPANY Inc.,
J.P. MORGAN CHASE BANK Inc.,
Et Al.
Defendants

Case no.

### Reservation of Rights / Notice

I reserve my right to not be compelled to perform under any contract or commercial agreement that I did not enter knowingly, voluntarily, and intentionaly, Furthermore; I do not accept the liability of the compelled benefit of any unrevealed contract or commercial agreement.

ALL rulings shall be made in the Best Interest of Justice. Any potential ruling made that is not made in the Best Interest of Justice is repugnant to the Best Interest of Justice, the United States Constitution, the Alaska State

Constitution, the laws of the State of Alaska, the laws of the Republic of Alaska, the laws of the United States, the original 13 Colonies and the respective Districts, international law, the United Nation's Declaration of Human Rights and Human Rights as well.

## Bouvier's Maxims of Law. 1856 Law Dictionary.

1) He who does not speak the truth is a traitor to the truth.
2) It is a fraud to conseal a fraud.
3) External actions reveal internal secrets.
4) Reason is a ray of **The Divine Light**
5) The judge is condemned when the guilty are aquited.
6) **The Heir of my Heir is my Heir.**
7) **The Heir is ONE with the Ancestor.**
8) Clerical errors ought not to hurt.

## Glossary

**Affidavit of Apology and Individual Self Forgiveness.-**
A notarised affidavit in admittance of ONE's wrongs, accompanied with the apropriate apology, filed on to any public record. **Note** - An offender in posession of a certified copy of their own **Affidavit of Apology and Individual Self Forgiveness** automatically aquires the special ability of "Charm Inupiaq Prince, Louis Holger, **Article III United States Supreme Court Justice**" and is granted the option of having this **Article III United States Supreme Court of Record** advocate for the offenders forgiveness, and the lightest sentence possible at the time of prosecution.

## Notice of Claims / Affidavit

I, Inupiaq Prince, Louis Holger son of Inupiaq Princess Lottie Wanda, daughter of Inupiaq Princess Rose of the Koonook family nomen, daughter of Inupiaq Chief Ahtungowra of Tikigaq, operating in my official capacity as an **Article III United States Supreme Court Justice**, in this **Article III United States Supreme Court of Record**, state the following:

Edmond Hudmond Smith IV has provided me with irrefutable evidence of a plethora of crimes that have been perpetrated upon himself, his family, and his friends by a plethora of corrupted corporate financial agents, AMERICAN BRITISH ACCREDITED REGISTRY ASSOCIATION Inc., attornies falsely impersonating public servants, in the form of "United States District Court Judges" and ALABAMA BRITISH ACCREDITED REGISTRY ASSOCIATION Inc., attornies falsely imparsonating public servants, in the form of "Superior Court Judges" and the corrupted law enforcement officers who do their dirty work.

I will be adding aproxamently 20 attachments to this initial filing at docket #1. These attachments will consist of evidence, as well as an explanation of the crimes that have been committed upon Edmond Hudmond Smith IV and his family, and friends. These initial attachments are simply **initial attachments.** They serve the

purpose of **proving beyond any reasonable doubt** that the crimes committed constitute **Racketeer Influenced and Corrupt Organizations**, who are all in a routine and systematic way proving beyond any reasonable doubt that they are corrupted corporate financial agents, employeed by a corrupted "enterprise", and boldly engaged in over 100 seperate instances of "racketeering activity" that constitute a "pattern of racketeering activity" as defined at **TITLE 18 UNITED STATES CODE. CHAPTER 96 RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS.** §§ §1961(1)(4)(5).

Edmond Hudmond Smith IV has kept a record of everything, including past civil lawsuits that were unlawfully and fraudulently closed, and swept under the rug by corrupted AMERICAN BRITISH ACCREDITED REGISTRY ASSOCIATION Inc., attornies falsely impersonating public servants in the form of "United States District Court Judges".

Our goal with this initial filing, is to get the support of the People in the correction of this travesty of justice that has been committed upon this 100% innocent man, his family members, all because corrupted corporate financial agents desired to unlawfully and fraudulently back out of employment contracts totaling **$billions$** of dollars, and to steal and extort **$hundreds of millions$** of dollars in cash, and personal assets, homes, properties, businesses, land, trucks, RVs, boats and much, much more, and to falsely imprison a 100% innocent man in the process, in attempts to ruin his life and steal his assets in the process.

Edmond Hudmond Smith IV is the son of Edmond Hudmond Smith III. Edmond Hudmond Smith III built most of the town of Mobile Alabama, and a large part of the Gulf Coast. They own TOP CATASTROPHE TEAM SERVICES Inc., CLAIM SERVICE PROVIDER Inc., GREAT SOUTHERN OUTDOORS FOUNDATION AND INSTITUTE Inc., and other businesses and corporations as well.

Edmond Hudmond Smith IV, after hurricane Katrina, and Hurricane Rita landed an employment contract with SAINT PAUL TRAVELERS COMPANY Inc., worth **$billions$** of dollars doing disaster relief, and rebuild. This lawsuit serves the purpose of proving beyond any reasonable doubt that atrocious crimes were committed upon Edmond Hudmond Smith IV, his family, and friends, all for the purpose of stealing, and extorting **$hundreds of millions$** in cash, and assets, and backing out of **$billions$** of dollars in employment contracts, and to frame a 100% compleetly innocent man, locking him away in a federal prison in order to silence him and further attemps at the theft of his assets.

Edmond Hudmond Smith IV has kept a record of everything, and this initial filing, serves the purpose of opening an **Article III United States Supreme Court Evidence Repository** for Edmond Hudmond Smith IV, citing all laws in **Louis Holger's Article III United States Supreme Court Evidence Repostiory** located at United States District Court for the District of Alaska, Article III 3:15-cv-00046 case name Holger v. LEW, until such a time that Edmond Hudmond Smith IV has told his story, and filed his evidence, and states that he has concluded, and is ready for the jury trial that we are peacefully demanding at the conclusion of our filings.

Edmond Hudmond Smith IV has asked me to help him with this lawsuit, and with bringing to the Light of the Public the travesties of justice that have been committed upon himself and his family, and friends. I, Louis Holger, will only be writing this initial filing, afterwhich Edmond Hudmond Smith IV will be authoring the future filings, and adding the rest of his evidence, in the form of additional attachments, up until the time that he has concluded, and indicates so, and states that we are ready to procede to jury trial.

In pertinance to this lawsuit, we are citing the **United States Constitution** as the supreme law and authority. We cite the **United States Constitution** as both living men on the land, and **People of the United States. We are not corporat trusts, "LOUIS HOLGER EKLUND Inc.", and "EDMOND HUDMOND SMITH IV Inc."!!!** We are citing specific titles, chapters, and subsections of the UNITED STATES CODE, as well as specific Rules from the Federal Rules of Civil Procedure as our secondary source of authority for the purpose of describing, and naming the various crimes that the named defendants, et al, have committed.

This lawsuit will commence in the following manner: We will cite the Article, section, clause, and or amendment of the **United States Constitution** that we are using as the authority, and a brief description below it of exactly what the authority is, and exactly how it is to be used. The **UNITED STATES CODE**, and **Federal Rules of Civil Procedure** will be used in a similar, if not identical manner.

## Constitution of the United States
**Article III. Judicial Power**
**Section 1. Supreme Court and inferior courts--judges and compensation.**
The judicial power of the United States, shall be vested in one Supreme Court, and in such inferior courts as the congress may from time to time ordain and establish. The judges, both of the Supreme and inferior courts, shall hold their offices during good behavior, and shall, at stated times, recieve for their services, a compensation which shall not be diminished during their continuance in office.

**Section 2.**
**Clause 1. Subjects of jurisdiction.**
The judicial power shall extend to all cases, in law and equity, arising under this constitution, the laws of the United States, and treaties made, or which shall be made, under their authority;......

**Clause 2. Jurisdiction of Supreme Court.**
In all cases affecting ambassadors, and other public ministers and consuls, and those in which a state shall be a party, the Supreme Court shall have original jurisdiction.

**Clause 3. Trial by jury.**
The trial of all crimes, except in cases of impeachment, shall be by jury;.......

**Article III. Section 1.** is the authority that we will be using as our evidence proving beyond any reasonable doubt that the judicial power of the United States shall be vested in one Supreme Court. We are citing the **Article III United States Supreme Court** as the judicial power of this lawsuit. It also explains that the judges of both the Supreme, and inferior courts shall hold their offices during good behavior. We are citing this as the authority that we are using to show that all **AMERICAN BRITISH ACCREDITED REGISTRY ASSOCIATION Inc., attornies and all ALABAMA BRITISH ACCREDITED REGISTRY ASSOCIATION Inc., attornies** involved in these racketeering influenced and corrupt organizations are not judges, and were (**not limited to**) immediately striped of any "judgeship", as well as any and all judicial authority that had been, falsely or otherwise, vested in them, from the moment it is proven that they used the office to commit, and perpetrate crimes, as well as to war upon the **United States Constitution.**
**Article III. Section 2. Clause 1.** explains that the judicial power shall extend to all cases, in law and in equity, arising under the **United States Constitution,** and the laws of the United States. Again, we are citing this as the authority used to bring this lawsuit under the authority of the **United States Supreme Court.**

**Article III. Clause 2.** explains that the **United States Supreme Court** shall have original jurisdiction in all cases affecting public ministers. I AM operating in my official capacity as a **bona fide, elected not appointed, Article III United States Supreme Court Justice,** and the **Article III United States Supreme Court** has original jurisdiction over this case.

**Article III. Clause 3.** is the authority that we are using to peacefully demand a jury trial in pertinance to this lawsuit, for the crimes committed, listed herein.

### United States Constitution
**Article VI. Miscellaneous Provisions**
**Clause 2. Supreme law.**
This constitution, and the laws of the United States which shall be made in pursuance thereof; all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any state to the contrary not with standing.

**Amendment 8. Bail Punishment.**
Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

We are citing **Article VI. Clause 2.** as the authority proving that the **United States Constitution** is the supreme law of the land.

**Amendment 8.** explains that cruel and unusual punishments shall not be inflicted. We are citing **Amendment 8** as a source of authority proving that cruel and unusual punishment is not allowed.

**Federal Rules of Civil Procedure.**
**Title II. Commencing an Action; Service of process, Pleadings, Motions, and Orders.**
**Rule 4. Summons.**
### Rule 4. Summons
**(c) Service.**
    (3) By a Marshal or someone specially appointed. At the plaintiff's request, the court may order that service be made by a United States Marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 USC § 1915 or as a seaman under 28 USC §1916.

**FRCP Rule 4(c)(3)** states that the court **must** order the defendants to be served by a United States Marshal, deputy marshal, or by a person specially appointed by the court. We now envoke this right, and peacefully make this request.

**Federal Rules of Civil Procedure.**
**Title III. Pleadings and Motions.**
**Rule 8. General Rules of Pleading.**
### Rule 8. General Rules of Pleading
**(b) Defenses; Admissions and Denials.**
    (1) In general. In responding to a pleading, a party **must:**
        (A) state in short and plain terms its defenses to each claim asserted against it; and
        (B) admit or deny the allegations asserted against it by an opposing party.
    (2) Denials.- Responding to the substance. A denial **must** fairly respond to the substance of the allegation.
    (6) Effect of failing to deny. An allegation - other than one relating to the ammount

of damages - is admited if a responsive pleading is required and the allegation is not denied......

TITLE 25 UNITED STATES CODE. INDIANS. CHAPTER 5. PROTECTION OF INDIANS. §175 United States Attorneys to represent Indians.

In all States and Territories where there are reservations or allotted Indians the United States District Attorney (United States Attorney) shall represent them in all suits at law and in equity.

I, Louis Holger (dba LOUIS HOLGER EKLUND Inc. Lawful Money 12 USC §411) being a member of the federally recognized tribe, Native Village of Kotzebue, and a shareholder in the NANA REGIONAL CORPORATION Inc., now envoke the right to have a United States District Attorney represent me, pertaining to this case (and all others that I AM a party to. **I, Louis Holger, now call upon a United States District Attorney to represent me pursuant with 25 USC §175.**

## Black's Law Dictionary. Tenth Edition.

**accredited -**
Of a governmental or diplomatic official approved to act as an official representative for one's home country while serving in a foreign country.

**association -**
A gathering of people for a common purpose; the persons so joined.

**registry -**
A place where information used by an organization is kept, esp the official records and lists;...

Based upon the above legal deffinitions, from Black's Law Distionary, Tenth Edition, all **AMERICAN BRITISH ACCREDITED REGISTRY ASSOCIATION Inc.**, attorneys and **ALABAMA BRITISH ACCREDITED REGISTRY ASSOCIATION Inc.**, attorneys are British diplomatic officials, repoesenting Great Britain, serving here in our nation, gathering for their common purpose, and depositing their written records into their registry.

For the purpose of public awareness I have provided **proof beyond any reasonable doubt as to the exact meaning of "BRITISH ACCREDITED REGISTRY ASSOCIATION"**

## List of Racketeering Acts 1 through 101

The list of racketeering acts 1 through 101, contained in the following 121 pages, was written for Edmond Hudmond Smith IV by a former University of Arkansas Law Professor, who's name remains anonamous, at this time, at the request of the author.

### NOTICE
EDMOND HUDMOND SMITH IV, PEOPLE OF THESE UNITED STATES, AND CLAIMMENT IN THIS ACTION, INVOLVED IN "THE BUISNESS OF INSURANCE" UNDER THAT LEGAL MANDATES, STATES THE FOLLOWING: Mc Carran-Ferguson Act, Sherman Act[15 USCS §§ 1 et seq.[, Clayton Act, Federal Trade Commission Act[15 USCS §§41 et seq.] AND Federal Deposit Insurance ACT(12 U.S.C. 1813) AT ALL TIMES RELEVANT. (RACKETEERING ACTS ONE HUNDRED AND THREE THROUGH ONE HUNDRED AND TWELVE ) 'Heck V. Humphreys' RESERVED( AUTHORED BY EDMOND HUDMOND SMITH IV )

<u>COMPLAINT</u>

(Paragraphs 1 to 100 reserved)

<u>CLAIM 1</u>

100. At all times material to this Complaint:

A. The defendants, St. Paul Travelers Co., Inc.; Integrated Claims Solutions, LLC; National Claims Adjusters; Mark Lozer, Robert Barnett, Philip Coggin, Rick Clarke; Linda Swope, Leanne Carpenter, B.J. Lyons, Noel Mozer, Charles Graddick, Sam Cochran, Ed Everson, Clint Uler, Mitch McRaye, James Bo Lackey, Loren Watts, Alan Yeager, Bob Steller,

and others constituted an enterprise as defined in Title 18, United States Code, Section 1961(4), that is: an individual, partnership, corporation, association, or other legal entity, and union or group of individuals associated in fact although not a legal entity for the purpose of obtaining monetary benefits for its members.

B. The enterprise functioned to plan, organize, and coordinate the acquisition of funds for its members, the expenditure of those

9

funds, and to perpetrate a fraud against the administration of justice of society and the targeted victim, Edmond H. Smith IV, and oppress the exercise of his legal rights, in the proceedings of the Mobile County Circuit Court, Mobile, Alabama, the United States District Court for the Southern District of Alabama, the United States District Court for the Eastern District of Louisiana related to the false arrest and imprisonment of Edmond H. Smith IV, and to obstruct the administration of justice in the proceedings thereof and in the civil action filed separately by Edmond H. Smith IV, Claims Service Provider, Inc., and Top Catastrophe Team Services against St. Paul Travelers Co., Inc. and Integrated Claims Solutions, LLC, and National Claims Adjusters, in the United States District Court for the Eastern District of Louisiana.

C. The Defendant St. Paul Travelers Co., Inc., and its agents and agencies, Mark Lozer and Bob Barnett, acting individually and on behalf of Integrated Claims Solutions, LLC, and National Claims Adjusters, were the leaders of the enterprise and functioned as the primary planners and decision makers of the enterprise.

D. The Defendant B.J. Lyons, acting individually and on behalf of Mark Lozer, Bob Barnett, St. Paul Travelers Co., Inc.; Integrated Claims Solutions, LLC; and National Claims Adjusters, was also a leader of the enterprise and functioned as a planner and decision maker of the enterprise regarding the subject matter and activities of the participants of the enterprise which occurred in Mobile County, Alabama, in furtherance of the activities of the leaders of the enterprise which originated in New Orleans, Louisiana against Edmond H. Smith IV, Claims Service Provider,

10

Inc., and Top Catastrophe Team Services, and others.

E. The defendant, Philip Coggin, was a member of the inner core of the enterprise and functioned as an advisor and a principal assistant to Mark Lozer, Bob Barnett, St. Paul Travelers Co., Inc., Integrated Claims Solutions, Inc., LLC, National Claims Adjusters and other members of the enterprise.

F. The defendant, Rick Clarke, was a member of the inner core of the enterprise and functioned as an advisor and a principal assistant to Philip Coggin, Linda Swope, Leanna Carpenter, Mark Lozer, Bob Barnett, St. Paul Travelers Co., Inc., Integrated Claims Solutions, Inc., LLC, B.J. Lyons, and other members of the enterprise.

G. The defendant, Linda Swope, was a member of the inner core of the enterprise and functioned as an advisor and a principal assistant to Philip Coggin, Rick Clarke, Leanna Carpenter, Mark Lozer, Bob Barnett, St. Paul Travelers Co., Inc., Integrated Claims Solutions, Inc., LLC, B.J. Lyons, and other members of the enterprise.

H. The defendant, Leanna Carpenter, was a member of the inner core of the enterprise and functioned as an advisor and a principal assistant to Philip Coggin, Linda Swope, Rick Clarke, Mark Lozer, Bob Barnett, St. Paul Travelers Co., Inc., Integrated Claims Solutions, Inc., LLC, B.J. Lyons, and other members of the enterprise.

I. The defendant B.J. Lyons, was a member of the inner core of the enterprise and functioned as an advisor and a principal assistant to Rick Clarke, Linda Swope, Leanna Carpenter, Mark

11

Lozer, Bob Barnett, St. Paul Travelers Co., Inc., Integrated Claims Solutions, Inc., LLC, and advised and directed the activties of Noel Mozer, Charles Graddick, Sam Cochran, Clint Uler, Mitch McRaye, James Bo Lackey, Loren Watts, Alan Yeager, Ed Everson, and others to carry out the objectives and goals of the enterprise in Mobile County, Alabama, New Orleans, Louisiana, the State of Florida, and elswhere.

J. The defendant, Noel Mozer, was a member of the inner core of the enterprise and functioned as an advisor and a principal assistant to B.J. Lyons and others.

K. The defendant, Charles Graddick, was a member of the inner core of the enterprise and functioned as an advisor and a principal assistant to B.J. Lyons and others.

L. The defendant, Sam Cochran, was a member of the inner core of the enterprise and functioned as an advisor and a principal assistant to B.J. Lyons, Charles Graddick, and others.

M. The defendant, Ed Everson, was a member of the inner core of the enterprise and functioned as an advisor and a principal assistant to B.J. Lyons, Sam Cochran, and others.

N. The defendant, Clint Uler, was a member of the inner core of the enterprise and functioned as an advisor and a principal assistant to Sam Cochran, B.J. Lyons, and others.

O. The defendant, Mitch McRaye, was a member of the inner core of the enterprise and functioned as an advisor and a principal assistant to Sam Cochran, B.J. Lyons, and others.

P. The defendant, James Bo Lackey, was a member of the inner core of the enterprise and functioned as an advisor and a principal assistant to Sam Cochran, B.J. Lyons, and others.

12

Q. The defendant, Loren Watts, was a member of the inner core of the enterprise and functioned as an advisor and a principal assistant to Sam Cochran, B.J. Lyons, and others.

R. The defendant, Alan Yeager, was a member of the inner core of the enterprise and functioned as an advisor and a principal assistant to Sam Cochran, B.J. Lyons, and others.

101. From in or about September, 2005 to in the Southern District of Louisiana and in the Southern District of Alabama and elsewhere, agents of St. Paul Travelers Co., Inc., Integrated Claims Solutions, LLC, and National Claims Adjusters, Mark Lozer, Bob Barnett, Philip Coggins, Rick Clarke, Linda Swope, Leanna Carpenter, B.J. Lyons, Noel Mozer, Charles Graddick, Sam Cochran, Ed Eversman, Clint Uler, Mitch McRaye, James Bo Lackey, Loren Watts, Alan Yeager

and others, being persons employed by and associated with the enterprise described in paragrapd 100, above, which was engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, knowingly, and willfully did conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity as specified in paragraph 102, below.

102. The pattern of racketeering activity committed by the defendants and others consisted of the following acts:

13

## Racketeering Act One

Between September and November, 2005, Mark Lozer, Robert Barnett and others, individually and jointly, acting as an agent or agency of St. Paul Travelers Co., Inc., Integrated Claims Solutions, LLC, and National Claims Adjusters, unlawfully, knowingly, and willfully did make one or more false representations by wire communication, specifically electronic mail and computer transmission, and thereby did falsely deny receipt of claims information from Top Catastrophe Team Services, Claims Service Provider, and the agents thereof for the purpose of fraudulently withholding payment due for services, in violation of Title 18, United States Code, Section 1343.

[racketeering acts two through nine are reserved pending collection of details and dates of additional acts]

14

Between Septmber and November 2005, Mark Lozer,Robert Barnett
and others individualy and jointly acting as agents or agency of
St.Paul Travelers Co.,Inc.,Intergrated Claims Solutions,LLC,and
National Claims Administrators,unlawfully,knowingly,and willfully
transmit false and misleading insurance information to multiple
individuals,engaged in the process of insurance ajustment in A
pre-calculated scheme and plan to deliberately breach the pre-
agreed work assignment directives,contracts,and employment cotracts
in repeated violations of 18 USC §1343(fraud by wire), § 1033(c)(1)
(knowingly makinging false statement/report by insurance agent),
§ 1033(a)(1)(deceptive statement/report by insurance agent),§ 2(b)
(causeing another to commit an offense),STATE & common law torts.
With the intent to influence,delay,sabotage,or prevent their proc-
eeding in the compleetion of their claims assignment obligations
involveing the business of insurance whose activities affect inte-
rstate commerce before A insurance reglatory official or agency or
agent or examiner appointed by such officials or agency to examine
the affairs of any person engaged in the business of insurance whose
activities affect interstate commerce,in violation of Title 18,United
States Code §, Section 1512 (b)(1).

### Backeteering Act Three

On or about October 1,2005 Noel Mozer acting on his own authority
attempted to solict Edmond H.Smith IV,C.E.O. and manageing director
of Top Catastrophe /C.S.P.,Through extortion and black-mail for A
EMPLOIED POSITION IN THE INSURANCE CATASTROPHE CORPORATION,when his
advances were refused he became visably enraged and made threats with
the intent to injure,and oppress,in a further attempt to extort or
coerce monetary gain.for himself.Done in A effort to influence the
activities of A business engaged in insurance whose activities affect
interstate commerce.in violation of Title 18,United States Code § ,
Section 1512 (b) (1).

### Racketeering Act Four

Between October and November 2005, St.Paul,Travelers./N.C.A./IC.S./

Failed to make (1st) First pay period after recieving data,for filing
"RESERVES" to collect re-insurance policy amounts for the claims.
F001rauduently claiming they did not recieve data.In violation of Title
18 United States Code(FRAUD BY WIRE),§ 1033(a) (1)(DECEPTIVE STATEMENT
/REPORT BY INSURANCE AGENT),§ 1033(c) (1)(KNOWINGLY MAKEING FALSE STATE-
MENT/REPORT BY INSURANCE AGENT).

### Racketeering Act Five

On or about October and November 2005,St.Paul Travelers /N.C.A./
I.C.S./enacts scheme to impede and or sabotage the claims process,in
order to delay indefinently the settlement and payment of the claims.
This pre-calculated action was done to keep the now collected "RE-IN-
SURANCE POLICY"funds in corporate coffers by frauduently witholding
payment for purposes of corporate and persoel gains,in violation of
Title 18,United States Code §, Section 1512 (b) (1).

### Racketeering Act Six

Between October and November 2005,St.Paul Travelers/N.C.A./I.C.S./
Failed to pay or make (2nd)Second,(3rd)third,pay periods,

Claiming there data transference system had crashed and blown up?
Ovuskateing there contractural obligations,and to purposely culture
A enviroment of flustration and discontent too take advantage of in
the scheme to hi-jack the claims ajusting process and breach/sabotage
Top Catastrophe/C.S.P..In violation of Title 18 § 241 U.S.C. and others.

### Racketeering Act Seven

During October and November 2005 ,St.Paul Travelers/N.C.A./I.C.S/
After multiple verifications that all current ajustment,and billing
data had been recieved;after being sent certified delivery by U.P.S.
and Airbourn Express,(St.Paul TRAV.,NCA/ICS) failed to pay back,or
current,billings;and fullfill pre-established contractural obligations
of (4th) & (5th) pay periods, In violation of Title 18 § 241 United
States Code and others.

### Racketeering Act Eight

During October and November 2005,St.Paul,Travelers/N.C.A./I.C.S./
Devise scheme to acess Top Catastrophe Team Svs./C.S.P. confidential
corporate employment data,and confidential employment E-Mail/contact
information for the expressed criminal purposes of A Crimanal Racke-
teering Conspiracy.In violation of Title 18 §,United States Code,
Section 1512 (b) (1), and others.

### Racketeering Act Nine

On and during October and November 2005,St.Paul,Travelers/N.C.A./
I.C.S./ act on scheme ;makeing prohibited unethical contacts to TCTS/
CSP,AJUSTERS,and coerceing them to participate in there (R.I.C.O) co-
nspiracy in attending pre-scheduled clandestine meetings in order to
implement there criminal scheme in breach of state and federal common
law torts and pre- established contractural,non-copetes,and employment
confidentiality aggreements.In violation of Title 18,United States
Code,Section 1512 (b)(1),and others.

$16\frac{1}{2}$ –

Racketeering Act Ten

On or about October 13, 2005, upon signing a proposed contract submitted to National Claims Adkusters, LLC, and Integrated Claims Services, Philip Coggin, an person convicted of a felony, and thus prohibited by law from being involved in the business of insurance,

fraudulently represented himself to be the Vice-President of Top Catastrophe Team Services and Claims Service Provider, Inc., and thereby engaged in misleading conduct towards officers and agents, Jeff Schmitt, Bob Steller, Mark Lozer, Robert Barnett, and others, of St. Paul Travelers Co., Inc., Integrated Claims Services, National Claims Adjusters, with intent to influence, delay, or prevent their        testimony which was likely to be used in an official proceeding before a judge or court of the United States, namely the United States District Court for the Eastern District of Louisiana, a proceeding before a Federal Government agency which is authorized by law, or a proceeding involving the business or insurance whose activities affect interstate commerce before a insurance regulatory official or agency or agent or examiner appointed by such official or agency to examine the affairs of any person engaged in the business of insurance whose activities affect interstate commerce, in violation of Title 18, United States Code, Section 1512(b)(1).

## Racketeering Act Eleven

On or about October 25, 2005, Mark Lozer, Robert Barnett, Bob Steller, and others, acting individually and jointly, as an agent or agency of St. Paul Travelers, Co., Inc., Integrated Claims Solutions, LLC, National Claims Adjusters, unlawfully, knowingly, and willfully did transmit or cause to be transmitted by wire communication, that is, electronic mail and computer transmission, affecting interstate commerce, confidential information of Top Catastrophe Team Services and Claims Services Provider, Inc., as part of a scheme to obtain money by false and fraudulent pretenses and representations and for the purpose of executing such scheme, in violation of Title 18, United States Code, Section 1343.

18

### Racketeering Act Twelve

On or about October 26, 2005, Bob Steller, an agent of St. Paul Travelers Co., Integrated Claims Solutions, LLC, and National Claims Adjusters, unlawfully, knowingly, and willfully did transmit by wire communication, that is electronic mail and computer transmission, in or affecting interstate commerce, information to Robert Barnett regarding promises made by Linda Swope as part of a scheme for obtaining money by means of false or fraudulent pretenses, representations, and for the purpose of executing such scheme, in violation of Title 18 United States Code, Section 1343.

### Racketeering Act Thirteen

On or about October 26, 2005, Bob Steller, an agent of St. Paul Travelers Co., Integrated Claims Solutions, LLC, and National Claims Adjusters, unlawfully, knowingly, and willfully, did corruptly persuade Robert Barnett and others to engage in misleading conduct toward Linda Swope and others, by and through promises of money and other financial benefits, with intent to influence or prevent the testimony of Linda Swope and others likely to be used in a proceeding before a judge or court of the United States, a proceeding before a Federal Government agency which is authorized by law; or a proceeding involving the business of insurance whose activities affect interstate commerce before any insurance regulatory official or agency or any agent or examiner appointed by such official or agency to examine the affairs of any person engaged in the business of insurance whose activities affect interstate commerce, in violation of Title 18, United States Code, Section 1512(b)(1).

19

### Racketeering Act Fourteen

On or about October 26, 2005, Bob Steller, an agent of St. Paul Travelers Co., Integrated Claims Solutions, LLC, and National Claims Adjusters, unlawfully, knowingly, and willfully did engage in misleading conduct toward Linda Swope, by and through promises of money and other financial benefits, and induce Linda Swope to alter, destroy, mutilate, or conceal the files and records of certain insurance transactions which were the property of Claims Service Provider, Inc., and Top Catastrophe Team Services, with intent to impair the availability of the said files and records likely to be used in a proceeding before a judge or court of the United States, a proceeding before a Federal Government agency which is authorized by law, or a proceeding involving the business of insurance whose activities affect interstate commerce before any insurance regulatory official or agency or any agent or examiner appointed by such official or agency to examine the affairs of any person engaged in the business of insurance whose activites affect interstate commerce, in violation of Title 18, United States Code, Section 1512(b)(2)(B).

### Racketeering Act Fifteen

On or about October 26, 2005, Bob Steller, acting individually and as an agent of St. Paul Travelers Co., Integrated Claims Solutions, LLC, and National Claims Adjusters, unlawfully, knowingly, and willfully did engage in misleading conduct toward Linda Swope, by and through promises of money and other financial benefits, and cause or induce Linda Swope and others to hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission of a Federal offense, to-wit:

Beginning on or about September 10, 2005, and continuing up to February 10, 2006, Bob Steller, Mark Lozer, Robert Barnett, and others, acting as, or being an officer, director, agent, or employee of St. Paul Travelers Co., Inc. Integrated Claims Solutions, LLC, and National Claims Adjusters, and engaged in the business of insurance whose activities affect interstate commerce, unlawfully, knowingly, and willfully misappropriated and purloined moneys and funds owed to Top Catastrophe Team Services, Claims Service Provider, Inc., Edmond H. Smith IV, and others for payment of services rendered and required by the terms of the contract between the plaintiff and the defendants dated August 1, 2005, and signed by Mark Lozer on September 21, 2005, and by the terms of the contract signed by Jeff Schmitt, in an amount in excess of two hundred million dollars ($200,000,000.00),

in violation of Title 18, United States Code, Section 1033(b)(1), all in violation of Title 18, United States Code, Section 1512(b)(3).

### Racketeering Act Sixteen

On or about November 2, 2005, Bob Steller, Mark Lozer, Robert Barnett, and others, acting as, or being, an officer, director, agent, or employee of St. Paul Travelers Co., Inc., Integrated Claims Solutions, LLC, and National Claims Adjusters, individually and jointly, corruptly persuaded Jeff Schmitt and Philip Coggin, with intent to cause or induce Jeff Schmitt and Philip Coggin, to alter the terms of the contract signed on or about August 1, 2005, by Edmond H. Smith IV, as the President, and on behalf of Top Catastrophe Team Servcies and Claims Service Provider, and signed on September 21, 2005, by Mark Lozer on behalf of St. Paul Travelers Co., Inc., Integrated Claims Solutions, LLC, and National Claims

Adjusters, when:

On or about November 2, 2005, without the authority, consent, and knowledge of Edmond H. Smith IV, the President of Top Catastrophe Team Service and Claims Service Provider, Jeff Schmitt signed a second contract, which had been fraudulently signed, without authority, by Philip Coggin on or about October 13, 2005, and Jeff Schmitt added a clause requiring that any controversy over any matter of the fees and payment due to Top Catastrophe Team Service and Claims Service Provider would be determined in the venue of Indiana, and not in the venue of Louisiana, with the intent to obstruct the administration of justice in Louisiana and in the proceedings of the Federal courts within the Eastern District of Louisiana, in violation of Title 18, United States Code, 1512(b)(3).

## Racketeering Act Seventeen

On or about          2005, Philip Coggin attempted to corruptly persuade, or did corruptly persuade, Linda Swope, Leanna Carpenter, Rick Clarke, Terry Bradley, Ben Felts, Shaw Gouins, Richard Blake, Max Johnson, and others, in a meeting at the Royal Orleans Raddison hotel, New Orleans, Louisiana, to breach their respective employment contracts, each, with Top Catastrophe Team Services and Claims Service Provider, and to withhold and destroy records regarding claims which they, each, had processed under the said contract, knowing that a reasonable likelihood existed that the said records would be the subject matter of controversy before an official Federal proceeding, including but not limited to the United States District Court for the Eastern District of Louisiana, and judge thereof, a Federal Government ageny which is authorized by law, or involving the business of insurance whose activities

22

affect interstate commerce before an insurance regulatory official or agency or an agent or examiner appointed by such official or agency to examine the affairs of any person engaged in the business of insurance whose activities affect interstate commerce, and with intent to impair the integrity of such information for use in the said official proceedings, in violation of Title 18, United States Code, Section 1512(b)(2)(A) & (B).

23

## Racketeering Act Eighteen

On or about November 7, 2005, Linda Swope intending to devise a scheme for obtaining money from St. Paul-Travelers Co., Inc., Integrated Claims, LLC, National Claims Adjusters, Bod Steller, Mark Lozer, Robert Barnett, and others, by means of fraudulent pretenses and representations, did transmit or cause to be transmitted by wire communication, that is electronic computer transmission, in interstate commerce, writings and signals containing confidential information, the property of which belonged to Top Catastrophe Team Services and Claims Services Provider, and Edmond H. Smith IV, President thereof, which was then received from Linda Swope by Mark Lozer and other employees and officers of St. Paul Travelers Co., Inc., Integrated Claims Services, and National Claims Service to schedule a meeting with approximately seventy five employees and adjusters of Top Catastrophe Team Services and Claims Service Provider, with the further intent to embezzel, convert, and purloin moneys and funds thereof, in violation of Title 18, United States Code, Section 1343.

Racketeering Act Nineteen

On or about November 7, 2005, Mark Lozer and others,
individually and jointly, acting as an agent of St. Paul Travelers
Co., Inc., Integrated Claims solutions, LLC, and National Claims
Adjusters, did corruptly persuade approximately seventy five
employees and adjusters of Top Catastrophe Team Services and
Claims Service Provider to attend a clandestine meeting at a
secret location and private residence located in New Orleans,
Louisiana, and did corruptly persuade the said employees and
adjusters, each, to breach their respective contract with Top
Catastrophe Team Services and Claims Service Provider and to
withhold, destroy, and conceal information regarding the adjust-
ment of insurance claims which had been processed by them, under
the terms of the said contract, for adjustment and payment by St.
Paul Travelers Co., Inc., Integrated Claims Solutions,LLC, and
National Claims Adjusters, with intent to impair the integrity of
the said information and its availability for use in an official
proceeding of the United States, knowing there existed a reasonable
likelihood of the use of the said information in an official
proceeding of the United States before a law enforcement officer
of the United States, a judge or court of the United States,
generally, or specifically before a judge and the United States
District Court for the Eastern District of Louisiana, and a
proceeding involving the business of insurance whose activities
affect interstate commerce before an insurance regulatory official
or agency or any agent or examiner appointed by such official or
agency to examine the affairs of any person engaged in the business
of insurance whose activities affect interstate commerce, in
violation of Title 18, United States Code, Section 1512(b)(2)(B).

25

Racketeering Act Twenty

On or about November 9, 2005, Rick Clarke, Linda Swope, Leanna Carpenter, Mark Lozar, Bob Barnett, and others, individually and jointly on behalf of St. Paul Travelers Co., Inc., Integrated Claims Solutions, LLC, and National Claims Adjusters, held a clandestine meeting at a private residence, located in New Orleans, Louisiana, and then and there attempted to corruptly persuade, by making promises of employment and payment of moneys and funds to, approximately seventy five employees and adjusters of Top Catastrophe Team Services and Claims Service Provider, and did so persuade part of them, with intent to cause or induce each of them, to withhold, destroy, and conceal information, documents, and other information which had been produced by them for the adjustment and settlement of claims to be presented to St. Paul Travelers Co., Inc., Integrated Claims Solutions, LLC, and National Claims Adjusters, regarding damage caused by hurricanes Katrina and Rita, knowing that a reasonable likelihood existed that the said claims information to be withheld, destroyed, and concealed would be the subject matter of proceedings before a judge of the United States District Court for the Eastern District of Louisiana, a Federal Government agency which is authorized by law, or a proceeding involving the business of insurance whose activities affect interstate commerce before an insurance regulatory official or agency or an agent or examiner appointed by such official or agency to examine the affairs of any person engaged in the business of insurance whose activities affect interstate commerce, in violation of Title 18, United States Code, Section 1512(b)(2)(A) & (B).

## Racketeering Act Twenty One

On or about November 16, 2005, Mark Lozer and others, individually and jointly on behalf of St. Paul Travelers Co., Inc., Integrated Solutions, LLC, and National Claims Adjusters, devised a scheme for obtaining moneys by means of false pretenses, representations, and promises of employment, and did so transmit such scheme by means of wire communications,

to Edmond H. Smith IV, Top Catastrophe Team Services and Claims Servicer Provider, and fraudulently requested Edmond H. Smith IV and others employees and adjusters thereof travel to Miami, Florida, as a pretext to lure Edmond H. Smith IV and such employees and adjusters to Florida and away from New Orleans, Louisiana, to enable Mark Lozer, Bob Barnett, Linda Swope, Leanna Cartenter, Rick Clarke, and others, individually and jointly, to burglarize the offices of Top Catastrophe Team Services and Claims Services Provider, located in New Orleans, Louisiana, and purloin, conceal, and destroy the records and files containing information regarding adjustment of claims processed and complied by employees and adjusters thereof which had been presented to St. Paul Travelers Co., Inc., Integrated Claims Solutions, LLC, and National Claims Adjusters for payment thereof, in violation of Title 18, United States Code, Section 1343.

## Racketeering Act Twenty Two

On or about November 16, 2005, Mark Lozer, Bob Barnett, Linda Swope, Leanna Carpenter, Rick Clarke, and others, individually and jointly, on behalf of St. Paul Travelers Co., Inc., Integrate Claims Services, and National Claims Adjusters, engaged in misleading conduct towards Edmond H. Smith IV, falsely and fraudulently requested him and other adjusters travel from New Orleans, Louisiana, to Miami, Florida, to perform the adjustment of insurance claims, for the deceitful purpose of luring Edmond H. Smith IV and others out of Louisiana to Florida, and thereby hindered, delayed, or prevented his communication to a law enforcement officer or judge of the United States of information regarding the same relating to the commission or possible commission of a Federal offense, particularly the Federal offense of wire or mail fraud, or both, a violation of Title 18, United States Code, Section 1343, all in violation of Title 18, United States Code, Section 1512(b)(3).

## Racketeering Act Twenty Three

On or about November 17, 2005, Mark Lozer and others, individually and jointly, on behalf of St. Paul Travelers Co., Inc., Integrated Claims Solutions, LLC, and National Claims Adjusters, drafted a letter containing false, incomplete, and fraudulent pretenses and representations regarding the cause of termination of the contract entered into by said persons and Edmond H. Smith IV, Top Catastrophe Team Services and Claims Service Provider on or about August 1 and September 21, 2005, while withholding and concealing information from the said letter regarding a continuing scheme amongst Mark Lozer, Robert Barnett, Bob Steller, Rick Clarke, Linda Swope, Leanna Carpenter, and others to burglarize the office and business of Top Catartrophe Team Services and Claims Service Provider, located at 708 Carrollton Avenue, Matairie, Louisiana, and purlion, destroy, and conceal the files, records and information stored at the said office regarding the adjustment of insurance claims processed and compiled by the employees and adjusters thereof, and Mark Lozer and others deposited, or caused the said letter to be deposited, in the Postal Service, knowing the said letter would not be delivered to Edmond H. Smith IV and the said offices, until after the said burglary and theft of the said files, records, and information had occurred, with intent to lure Edmond H. Smith IV out of the New Orleans area to Florida, in violation of Title 18, United States Code, Section 1341.

Case 3:19-cv-00002-RRB   Document 1   Filed 01/04/19   Page 29 of 146

On or about November 18, 2005, Mark Lozer, Robert Barnett, Linda Swope, Leanna Carpenter, Rick Clarke, Philip Coggin, and others corruptly endeavored to influence, impede, and obstruct the due course of the administration of justice of the Government of the United States, and did so by burglarizing the office of Top Catastrophe Team Services and Claims Services Provider, located at 708 Carrollton Avenue,          Metairie, Louisiana, and then and there did purlion, destroy, and conceal files, records, and information relating to the adjustment of insurance claims and fees due upon demand by Edmond H. Smith IV on behalf of Top Catastrophe Team Services and Claims Service Provider, knowing a reasonable likelihood existed that such files, records and information was in fact material evidence to the adjudication and determination of a Federal offense, arising from the said burglary and theft of such files, records, and information, relevant to proceedings of the United States District Court for the Eastern District of Louisiana, to proceedings before a Federal Government agency which is authorized by law, and to proceedings involving the business of insurance, particularly those to determine the business and any wrongdoing by agents and officers, Mark Lozer, Robert Barnett, Bob Steller, and others of St. Paul Travelers Co., Inc., Integrated Claims Solutions, LLC, and National Claims Adjusters, whose activites affect interstate commerce before an insurance regulatory official or agency to examine the affairs of such person or persons engaged in the business of insurance whose activities affect interstate commerce, in violation of Title 18, United States Code, Section 1503.

After being caught, by officers of the New Orleans police department and others, burglarizing the office of Top Catastrophe Team Services and Claims Services Provider and stealing files, records, and information on November 18, 2005, in furtherance of the same obstruction of the due administration of justice, Rick Clarke, Linda Swope, Leanna Carpenter, and Philip Coggin did travel to Mobile, Alabama, and during January of 2006, individually and jointly, attempt to, and did, corruptly persuade Mobile County Prosecutor John Tyson and his assistants and staff to conduct criminal proceedings, without cause or authority, against Edmond P. Smith IV, with intent to influence, delay, prevent, or oppress his ability to provide testimony and information, and knowing a reasonable likelihood existed that such testimony and information was in fact material evidence of a Federal offense, relevant to proceedings of the United States District Court for the Eastern District of Louisiana, to proceedings before a Federal Government agency which is authorized by law, and to proceedings involving the business of insurance, particularly those to determine the business and any wrongdoing by agents and officers, Mark Lozer, Robert Barnett, Bob Steller, and others of St. Paul Travelers Co., Inc., Integrated Claims Solutions, LLC, and National Claims Adjusters, whose activities affect interstate commerce before an insurance regulatory official or agency to examine the affairs of such person or persons engaged in the business of insurance whose activities affect interstate commerce, in violation of Title 18, United States Code, Section 1512(b)(1).

31

Racketeering Act Twenty Six

After being caught, by officers of the New Orleans police
department and others, burglarizing the office of Top Catastrophe
Team Servcies and Claims Services Provider and stealing files,
records, and information on November 18, 2005, in furtherance of
the same obstruction of the due administration of justice, Rick
Clarke, Linda Swope, Leanna Carpenter, and Philip Coggin did
travel to Mobile, Alabama, and during January of 2006, individually
and jointly, attempt to, and did, corruptly persuade attorney at
law, R.J. Lyons, whose office is located at
Mobile, Alabama, to influence, delay, prevent, or oppress the ability
of Edmond H. Smith IV to provide testimony and information, knowing
a reasonable likelihood existed that such testimony and information
was in fact material evidence of a Federal offense, relevant to
proceedings of the United States District Court for the Eastern
District of Louisiana, to proceedings before a Federal Government
agency which is authorized by law, and to proceedings involving the
business of insurance, particularly those to determine the business
and any wrongdoing by agents and officers, Mark Lozer, Robert
Barnett, Bob Steller, and others of St. Paul Travelers Co., Inc.,
Integrated Claims Solutions, LLC, and National Claims Adjusters,
whose activities affect interstate commerce before an insurance
regulatory official or agency to examine the affairs of such person
or persons engaged in the business of insurance whose activities
affect interstate commerce, in violation of Title 18, United
States Code, Section 1512(b)(1).

32

## Racketeering Act Twenty Seven

During January of 2006, B.J. Lyons did cause or induce and direct Noel Mozer to, and Noel Mozer did, travel from Mobile, Alabama, to the Oschner Hospital, located at New Orleans, Louisiana, and demand and attempt to extort eight hundred thousand dollars ($800,000.00) from Edmond H. Smith IV, Top Catastrophe Team Services and Claims Service Provider, by and through making threats of physical force, violence, and false imprisonment against Edmond H. Smith IV, in or affecting interstate commerce, while Noel Mozer did also state that he had been sent by B.J. Lyons to collect the eight hundred thousand dollars as payment to Mobile County Prosecutor John Tyson, Mobile County Sheriff Sam Cochran, his deputies, and others in exchange for protection from them, all in violation of Title 18, United States Code, Section 1951.

Case 3:19-cv-00002-RRB   Document 1   Filed 01/04/19   Page 33 of 146

During January, Febuary,and March 2006, B.J.Lyon's,Sam Cochran
the new(Mobile County Sheriff), CONTACTED Coastal Auction Co. in
regaurds to four (4) pieces of property they had advertised for
sale,belonging to the E.H.Smith family.They then in A pre-calculated
effort to prevent the sale of these properties;thereby enduced,and
coerced by threat,the rightful sale of said properties.Causeing
injury to the E.H.Smith family finances,thereby impedeing,influenceing,
and obstructing the Due Administration of Justice in multiple ongoing
preceedings includeing but not limited to obstructing justice in the
efforts to advance there ongoing criminal (R.I.C.O.) conspiracy and
the pending matters of Claims Services Providers,et al, V. the St. Paul,
Travelers Co,INC,Intergrated Claims Solutions,LLC,National Claims Adm-
inistators,case No,06-2475 (F.D. La) and Lexington Insurance Co. V.
Edmond H.Smith III,case No. 07-o323-WS-C,and did so knowing or should
of known that it would likely end up in front of A United States Distict
Court and further endeavored to conciel these actions from Edmond H.
Smith IV in efforting to prevent communication of such unlawful conduct
to A Federal law enforcement officer or judge of the United States of
information relating to the commision of A federal offense arising from
racketeering acts,all in violation of Title 18.§ United States Code,
Section 1512 (b)(3).

‹u / /k
34 ½⁻

Addition Reserved

Racketeering Act

On or about January or Febuary 2006,acting on the expressed
direction of St.Paul,Travelers,/N.C.A./I.C.S./and McFadden Lyon's
and Rouse Law Firm/Lyon's Exit REALTY;B.J.lyons,and Noel Mozer,;
criminaly coerced,and enduced,Evan J.Wolfe to sabotage the (N.F.I.P.)
National Flood Insurance Policy Elevation Certificate,potion of
the 3900 Windsor Rd. properties flood insuance.This was done in
A direct pre-calculated effort to prevent the rightfull colection
of post Katrina/Rita Huricane funds,for the stacked (N.F.I.P.)
Policies,purchased by Edmond H.Smith IV for the Great Southern
Outdoors Foundation to repair hurricane flood damages,for the

unlawfull purpose of advanceing there ongoing criminal (R.I.C.O.)
conspiracy,thereby impedeing,influenceing,or obstructing the
Due Administration of Justice in the pending matters of Claims
Services Providers,et al, V. the St.Paul,Travelers Co,INC,Inter-
grated Claims Solutions,LLC,National Claims Administrators,case
No,06-2475 (F.D. La) and Lexington Insurance Co. V. Evan J.Wolfe,
et.AL case No, 07-0322-WS-C (S.D.Ala) AND Lexington Insurance Co.
V. Edmond H.Smith IV,and did so knowing or should of known that
it would likely end up in front of A United States District Court
and further endeavored to conciel these actions from Edmond H.Smith
IV in efforting to prevent the communication of such unlawful
conduct to A Federal law enforcement officer or judge of the United
States of information relating to the commision of A federal offense
arising from racketeering acts,all in violation of Title 18,United
States Code,Section 1512 (b)(3).

$35\frac{1}{2}+\frac{1}{4}$

During January of 2006, John Tyson, B.J. Lyons, and others corruptly endeavored to, and did, cause or induce, *SHANNON STEEL* to make a false police report to officers of Mobile City police falsely stating that Edmond H. Smith IV had assaulted her at a Radio Shack store, located at *AIRPORT BLVD.*, Mobile, Alabama, as a pretext to cause Edmond H. Smith IV to be falsely arrested and detained in the Mobile Metro jail, for the unlawful purpose of hindering, delaying, or preventing him from intervening in the combined theft of one Gulf Stream, Class A Motor Home, 2005 Model, Series No. 58-5-A-8386CRE-7138, Vehicle No. 4UZAAHDC04CN33938, and interstate transportation of the said stolen vehicle by Philip Coggin from Alabama to Colorado, a violation of Title 18, United States Code, Section 2312, and for the further unlawful purpose of hindering, delaying, or preventing Edmond H. Smith IV from reporting or communicating information regarding the said theft and interstate transportation of the said motor home to a Federal law enforcement officer or judge of the United States, in violation of Title 18, United States Code, Section 1512(b)(3).

36

Racketeering Act Twenty Nine

In furtherance of racketeering acts one through twenty eight as described and referred to herein, on or about January 30, 2006, Philip Coggin engaged in misleading conduct towards Lauren E. Davis and Domicka Dickens, by falsely stating that Edmond H. Smith IV had given Philip Coggin permission to take the motor home, that is one Gulf Stream, Class A Motor Home, 2005 model, Series No. 58-5-A-8386CRE-7138, Vehicle No. 4UZAAHDC04CN33938, from the residence of 3900 Windsor Rd., Fowl River, Alabama, and Philip Coggin did, with intent to, purlion and transport the said vehicle across state lines from Alabama to Colorado, in violation of Title 18, United States Code, Section 2312, and unlawfully, knowingly, and willfully sold the said stolen motor home, with the intent to, and did, hinder, delay, and prevent Edmond H. Smith IV from reporting or communication the said Federal offense to Federal law enforcement officers and to a judge of the United States, in violation of Title 18, United States Code, Section 1512(b)(3).

Racketeering Act Thirty

In furtherance of racketeering acts one through twenty
nine, on or about February 14, 2006, Philip Coggin sent an
electronic transmission, by and through computer, from his email
address, Catastropheclaim@aol.com, at 6:46 p.m., to attorney at
law, John Denenea, Jr., at his email address, JDenenea@Midcitylaw.com,
in which Philip Coggin admitted to taking the motor home, one Gulf
Stream, Class A Motor Home, 2005 model, Series No. 58-5-A-8386CRF-
7138, Vehicle No. 4UZAAHDCO4CN33938, from 3900 Windsor Rd., Fowl
River, Alabama, while Edmond H. Smith IV was being falsely detained
in the Mobile Metro jail, and in which email Philip Coggin further
falsely stated, to-wit:

> "... I took the Diesel Pusher and sold it to Cuban Friend's
> of mine, that were in the Castro Regime, thay have had it
> moved to South America, that check will be credited to Eddie
> Smiths personal debt to me on a person/corporate pro ratio,"

and thereby unlawfully, knowingly, willfully, and fraudulently
made such representations for the objective and purpose of conceal-
ing the fact that the said stolen motor home had been sold in
Colorado, and was still in the United States, in violation of
Title 18, United States Code, Section 1343.

38

Racketeering Act Thirty One

On or about June 22, 2006, B.J. Lyons, *WILLIAM* Armbrecht, Mobile County Sheriff, Sam Cochran, and others, individually and jointly, without authority, did, by false and fraudulent assertion of state law, engage in misleading conduct toward, and corruptly persuade, Alden Thornton, Neal Foster, Tim Burger, and others, by the use of armed force and violence, to burglarize the residence of 3900 Windsor Rd., Fowl River, Alabama, and purlion one Fountain, 38 Sport Fish, boat, 2005 model, Serial No. FG08C111J405, thirty eight foot in length, with four Mercury outboard motors, and other equipment, a Federally licensed commercial fishing vessel, in or affecting interstate or foreign commerce, all with intent to hinder, delay, or prevent the communication of such unlawful conduct to a Federal law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense, arising from racketeering acts one through thirty as set forth herein, all in violation of Title 18, United States Code, Section 1512(b)(3).

Case 3:19-cv-00002-RRB   Document 1   Filed 01/04/19   Page 39 of 146

## Racketeering Act Thirty Three

On or about June 25, 2006, Alden Thornton, Neal Foster, Tim Burger, and others, acting on behalf and under the direction and control of B.J. Lyons, Wiliam Armbrech , New Mobile County Sheriff Sam Cochran, did burglarize the residence of 3900 Windsor Rd., Fowl River, Alabama, without authority, armed with firearms and acting with the threat of force and violence, and attempt the act of armed robbery and theft of one Fountain, 38 Sport Fish, boat, thirty eight foot in length, Serial No. FG08C111J405, and equipment, in or affecting interstate or foreign commerce, in violation of Title 18, United States Code, Section 1951.

Case 3:19-cv-00002-RRB   Document 1   Filed 01/04/19   Page 40 of 146

Racketeering Act Thirty Four

On or about June 26, 2006, Alden Thornton, Neal Foster, Tim Burger, and others, did, unlawfully, knowingly, and willfully, by the threat and use of firearms and a motor vehicle, commit the act of armed robbery and inflict great bodily harm against Edmond H. Smith IV, and purlion one Fountain, 38 Sport Fish, boat, thirty eight foot in length, and other equipment therein and trailer, a Federally licensed commercial fishing vessel, while such vessel was then engaged, in or affecting interstate or foreign commerce, at a commercial facility, that is the Fowl River Marina, located at Dauphin Island Pkwy S, Mobile, Alabama, the armed robbery of which violated Title 18, United States Code, Section 1951.

Case 3:19-cv-00002-RRB   Document 1   Filed 01/04/19   Page 41 of 146

# Additional Reserved
## Racketeering Act

On June 27,2006 the first articles cronicleing the prior events of racketeering acts thirty one thrue thirty four as described and reffered to herein, were printed, and destributed, in the Mobile Press Register authored by admitted "PARTNER"and co-conspiritor Eddie Curran, beggining the pre-planned public slander with malice,liableous,smear campaign endeavoring to create a cover story and cover up, of the actual truthful events, and unlawful activities, and motivations behind them. This was done to purposely with intent,influence public oppinion thrue false,misleading,and slanderous reporting of the events designed to create public outrage,and give cover to those involved in the crimes perpertrated against Edmond H.Smith IV his properties and family as well as lay the foundation thrue fraudulent "SPIN",for future forth-coming unlawful prosecutions,all for the purpose of advanceing there "ongoing' (R.I.C.O.) conspiacy. By these acts corruptly misleading, withholding, influenceing,impeding and oppressing accurate information regaurding the same,which conduct did cause injury and severe bodily harm,in makeing false and misleading statements of fact and law,they wrongfully and fraudulently caused A enviroment supporting others to commit further offenses.All done with the pre-calculated intent to influence,delay,or prevent the testimony to A federal law enforcement officer which was likely to be used in an official proceeding befoe A judge or court of the United States,namely the United States District Court for the Eastern District of Louisiana,or A proceedind before A Goverment agency which is authorized by law,over activities that affect interstate commerce,in violation of Title 18,§ United States Code, Section 1512 (b)(1),and others.

Additional Reserved
Racketeering Act

On or about August 1,2006,in furtherance of racketeering acts
one thrue thirty one  Mobile County Judge Sarah Stewart,perpertrated
fraud  Against the Due Administration of Justice,in knowingly and
willfully convening A fraudulent  unjuristic hearing,under the offical
color of law,in Mobile County Circuit Court.After being wittnessed
that same day in A pre-arranged phone conversation discussing the
desied outcome of those same proceedings,at the offices of Lyon's
Mcfadden and Rouse,with B.J.Lyons (BEING THE COURT ORDERING THE
CONSFICATION AND SHERRIFFS SALE OF "THE HOOTERS BOAT" SERIAL No.
FG08C11J405,AND EQUIPMENT IN A ACT OF "TYRRANY"),at the bequest
of B.J. Lyon's and Sam Cochran.for there own personel gains and
in furtherence of there same ongoing racketeering(R.I.C.O.) cons-
piracy and agenda.All done without any legal authority,and did
engage in illegal and misleading conduct toward Edmond H.Smith IV,
the Smith family,and buisness entities with the intent to influence
delay,and prevent the testimony of the foregoing events and scheme
of the conspiracy in the proceedings of the United States District
Court for the Eastern District of Louisiana and in the matter of
Claims Service Provider,Inc., V. the St.Paul Travelers Co.,et al,
Case No. 06-2475,all in violation of Title 18,§ United States Code
Section 1512 (b)(1) and others.


P.S.: During (alledged)Hearing judge Stewart confiscated vessel Title
that clearly evidenced the ownership of "the Hooters Boat",SERIAL No.
FG08C111J405 to be in the name of "The Great Sothern Outdoors F&I",
A Federaly and State licensed buisness entity with no judgements agaist
it of any kind,then she made this threat,"I AM GOING TO TAKE THIS TO
JUDGE GRADICK,AND WE WILL SEE WHAT WE CAN DO ABOUT THIS"with the intent
to cause fear through threats of corrupt goverment power "TYRRANY"!!!!!

43 ½

## Racketeering Act Thirty Five

In furtherance of racketeering acts one through thirty four as described and referred to herein, on or about August 21, 2006, Mobile County Circuit judge Charles Graddick did; knowing no formal adjudication of guilt existed against Edmond H. Smith IV in the matter of City of Mobile v. Smith IV, MC-04-5762 (Mobile Municipal Ct. 2004), unlawfully, knowingly, and willfully order Edmond H. Smith IV to serve an illegal sentence of eighty eight days home confinement and imposed other sanctions against him in the matter of State v. Edmond H. Smith IV, CC-04-4167, without authority, and did thereby engage in misleading conduct toward Edmond H. Smith IV, with intent to influence, delay, and prevent the testimony of Edmond H. Smith IV and others in the proceedings of the United States District Court for the Eastern District of Louisiana and and in the matter of Claims Service Provider, Inc., et al. v. The St. Paul Travelers Co., Inc., et al., Case No. 06-2475, all in violation of Title 18, United States Code, Section 1512(b)(1).

Case 3:19-cv-00002-RRB   Document 1   Filed 01/04/19   Page 44 of 146

## Racketeering Act Thirty Six

On or about September 28, 2006, 4:41 p.m., Philip Coggin, having devised a scheme, with intent to defraud and extort sixty thousand dollars ($60,000.00) from Edmond H. Smith IV, Top Catastrophe Team Services and Claims Service Provider, did, by means of false or fraudulent pretenses, representations, and demands, transmit, by means of wire communication, that is electronic computer transmission, from Catastropheclaim@aol.com to Mike Parker at parkerwarehouse@cox.net, demand that Edmond H. Smith IV pay Philip Coggin the said sixty thousand dollars ($60,000.00) in exchange for Philip Coggin to return the motor home, one Gulf Stream, Class A Motor Home, 2005 model, Series No. 58-5-A-8386CRE-7138, which was stolen by Philip Coggin and unlawfully transported from Mobile, Alabama, to Colorado in January of 2006, as described and referred to in racketeering act twenty nine herein, and sold, without authority, in violation of Title 18, United States Code, Sections 1512(b)(3) and 2312, and no longer in the possession of Philip Coggin, contrary to his false and fraudulent promise to return the same in exchange for the said sixty thousand dollars ($60,000.00), all in violation of Title 18, United States Code, Section 1343.

Racketeering Act Thirty Seven

Between September of 2006 and October of 2006, Bob Steller, Robert Barnett, Mark Lozer, Jeff Schmitt, Philip Coggin, Linda Swope, Leanna Carpenter, Rick Clarke, John Tyson, B.J. Lyons, Noel Mozer, Sam Cochran, Charles Graddick, and others, did corruptly endeavor to, and did unlawfully, knowingly, and willfully, influence and impede an officer of the United States District Court for the Eastern District of Louisiana, Matthew A. Woolf, in the discharge of his duties, on behalf of St. Paul Travelers Co., Inc., in the proceedings of Claims Service Provider, et al. v. The St. Paul Travelers Co., Inc., et al., Case No. 06-2475 (E.D. La. 2006), by and through various acts of obstruction of the due administration of justice, including but not limited to the said misleading, oppressive, and corrupt conduct described and referred to in racketeering acts one through thirty six herein, by further corruptly withholding, influencing, impeding, and oppressing information regarding the same, which conduct did cause the said officer of the District Court, Matthew A. Woolf, to withhold such from the said District Court, and to make false and misleading statements of fact and law in a motion to dismiss and supporting memorandum, filed on or about October 16, 2006, in the proceedings thereof, and did wrongfully and fraudulently cause the said case to be dismissed, on or about October 18, 2006, in violation of Title 18, United States Code, Section 1503.

46

## Racketeering Act Thirty Eight

In furtherance of racketeering act thirty seven herein, between April 1 and May 8, 2007, Charles Graddick, B.J. Lyons, D. Brian Murphy, James W. Lampkin II, Evan J. Wolfe, and one or more unknown named John Doe agent of Lexington Insurance Company, and others did corruptly endeavor to influence, impede, and obstruct the due administration of justice of the United States District Court for the Southern District of Alabama in the matter of Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322-WS-C , and did so, directly and indirectly, by participation in a scheme to file a false complaint, filed in the said case and proceedings thereof, falsely and fraudulently alleging that Edmond H. Smith IV, alone or with Evan Wolfe, misrepresented in an application for insurance that Wolfe owned the property, located at 3900 Windsor Place, Fowl River, Alabama, that Smith IV knew or should have known the representation was false, that Smith IV intended Lexington Insurance Company and its said John Doe agent to reply on the said misrepresentation in issuing an insurance policy to protect the said property from wind and flood damage, that Smith IV had misrepresented in the said insurance policy that Wolfe owned the said property in order to shield the property from a large judgment against Smith IV (a bogus default judgment obtained by B.J. Lyons against Smith IV, while he was out of Alabama, without notice of the civil action), and that Lexington Insurance Company was damaged by the said misrepresentation, and would not have issued the said policy, but for the said misrepresentations, as set forth in the said complaint, in violation of Title 18, United States Code, Section 1503.

Case 3:19-cv-00002-RRB   Document 1   Filed 01/04/19   Page 47 of 146

## Racketeering Act Thirty Nine

In furtherance of racketeering acts thirty seven and thirty eight herein, between April 1 and May 8, 2007, Charles Graddick, B.J. Lyons, D. Brian Murphy, James W. Lampkin II, Evan J. Wolfe, and one or more unknown named John Doe agent of Lexington Insurance Company, and others did corruptly endeavor to influence, impede, and obstruct the due administration of justice of the United States District Court for the Southern District of Alabama in the matter of Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0323-WS-C, and did so, directly and indirectly, by participation in a scheme to file a false complaint, filed in the said case and proceedings thereof, falsely and fraudulently alleging that Edmond H. Smith III had made misrepresentations and engaged in fraudulent conduct when making an insurance claim pursuant to insurance policy LE 061411601, when in fact no such misrepresentations and fraudulent conduct had ever occurred, and the said false complaint was filed, with intent to influence, impede, and obstruct the due administration of justice by Charles Graddick ordering Edmond H. Smith IV detained in the Mobile Metro Jail on false charges to oppress in part his ability to retain counsel to combat the said false and fraudulent complaint, knowing that his father Edmond H. Smith III was unable to due so due to illness and his elderly condition, all with the corrupt intent to erect a false and fraudulent default judgment against him and his property, located at 3721 Caulderwood Dr., Mobile, Alabama, in violation of Title 18, United States Code, Section 1503.

48

## Racketeering Act Forty

On or about April 4, 2007, Noel Mozer and Evan J. Wolfe, acting as agents of B.J. Lyons, B.J. Lyons Realty Co., a business engaged in or affecting interstate commerce, did hold themselves out as acting under the color of official right, by and through the authority of Mobile County Sheriff Sam Cochran and Mobile County Circuit Judge Charles Graddick, and demand and attempt to extort one million, four hundred and sixty seven thousand, and one hundred, dollars ($1,467,100.00) from Edmond H. Smith IV in exchange for protection from arbitrary and oppressive governmental action against him and the property occupied by Great Southern Outdoors Foundation and Institute and located at 3900 Windsor Rd., Fowl River, Alabama, a foundation engaged in or affecting interstate commerce, in violation of Title 18, United States Code, Section 1951.

49

## Racketeering Act Forty One

On or about April 25, 2007, Mobile County Circuit Judge Charles Graddick did, knowing no formal adjudication of guilt existed against Edmond H. Smith IV in the matter of the City of Mobile v. Smith IV, Case No. MC-04-5762 (Mobile Municipal Ct. 2004), unlawfully, knowingly, and willfully order, without authority, that Edmond H. Smith IV be detained in the custody of Mobile County Sheriff Sam Cochran and his deputies in the Mobile County jail, without bail, in the matter of State v. Edmond H. Smith IV, Case Nos. CC-04-4167 and CC-07-3126 (Mobile Co. Cir. Ct.), without authority, and did thereby corruptly engage in misleading and oppressive conduct toward Edmond H. Smith IV, with intent to hinder, delay, and prevent him from communicating to a law enforcement officer of the United States or a judge of the United States, generally, and specifically to a judge of the United States District Court for the Southern District of Indiana and to the Honorable Lance M. Africk, United States District Judge for the Eastern District of Louisiana, the facts, information, and racketeering acts one through thirty seven as set forth herein, in violation of Title 18, United States Code, Section 1512(b)(3).

Racketeering Act Forty Two

On or about April 26, 2007, Noel Mozer and Evan J. Wolfe, acting as agents of B.J. Lyons, B.J. Lyons Realty Co., a business engaged in or affecting interstate commerce, did hold themselves out as acting under the color of official right, by and through the authority of Mobile County Sheriff Sam Cochran and Mobile County Circuit Judge Charles Graddick, and threaten to file a malicious and frivolous lawsuit against Mike Parker in order to prevent him from paying off the mortgage held by Washington Mutual Mortgage on property located at 3900 Windsor Rd., Fowl River, Alabama, and occuppied by Great Southern Outdoors Foundation and Institute, a foundation engaged in or affecting interstate commerce, with intent to influence, impede and obstruct the due administration of justice in the matter of Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322-WS-C (S.D.Ala.), in violation of Title 18, United States Code, Section 1951.

51

Racketeering Act Forty Three

On or about April 26, 2007, Noel Mozer and Evan J. Wolfe,
acting as agents of B.J. Lyons Realty Co., and under the direction
and counsel of B.J. Lyons, did corruptly endeavor to, and did so,
influence, impede and obstruct the due administration of justice
in the matters of Lexington Insurance Company v. **Evan J. Wolfe**, et
al., Case No. 07-0322-WS-C and Lexington Insurance Company v. Edmond
H. Smith III, Case No. 07-0323-WS-C, within the Southern District of
Alabama. and Claims Service Provider. et al. v. The St. Paul Travelers
Co., Inc., Case No. 06-2475, within the Eastern District of Louisi-
ana, by and through threatening to file a malicious and frivolous
lawsuit against Mike Parker in order to prevent him from paying off
the mortgage held by Washington Mutual Mortgage on property located
at 3900 Windsor Rd., Fowl River, Alabama, and occuppied by the
Great Southern Outdoors Foundation and Institute, with intent to
influence, impede and obstruct the due administration of justice in
connection with the said matters and proceedings thereof, in viola-
tion of Title 18, United States Code, Section 1503.

52

On April 25,2007 in response to A Subpoena,to attend A Circuit
Court Hearing in front of Judge Graddick,over (ALLEDGED) home con-
finement violation;cronicled in the Mobile Press Register articles
written by Eddie Curran,admitted partner of (R.I.C.O.)conspiracy
with B.J.Lyon,Noel Mozer, and (New) Sheriff Sam Cochran in affidavit's,
over the since dropped,and fraudulent violations;case No. CC-07-3126,
Mobile Circuit Court Judge Charles Graddick,and Court officers of
Mobile County corrections (Ray Brazell,Steve Green),perpetrated Fraud
Against the Due Administration of Justice and thus "TYRRANY"by conven-
ing A fraudulent,no subject matter jurisdiction,proceeding against
Edmond H.Smith IV with the intent to Injure,Threaten and Intimidate
to the extent of illegal imprisonment.Which occured that day,depriveing
A United States citizen of the free exercise of his rights and prvaled-
ges and documented Medical Treatments and needs;secured to him by the
Constitution and law of the United States,in advancement of there on-
going racketeering(R.I.C.O.) conspiracy,thrue the "Power"and Force of
goverment.During this illegal inprisonment in the Mobile Metro Jail,
sheriff Sam cochran's officers were free to torment and torture Edmond
H.Smith IV,and did deprive him of critical time dependant medical trea-
tments ,for A resistant "ECOLI"infection in his left foot,that was ori-
ginaly called A fraud,and later reckognized as becoming so severe that
it was untreatable due to it's progression to the point of being"Termial."
Edmond H.Smith was then ordered to be released for emergency medical
treatment to oschner hospital,New Orleans Louisiana,but not before being
threatened by Steven Green,Ray Brazell and Sam Cochran with haveing his
leg to "ROT. OFF UNTILL HE DIED IN THERE JAIL"if I returned alive.This
deliberate deprivation of proper treatment,caused the infection in the

bone in the foot to come out of remission,and intensify to the point that it desolved,and ran out of the bursted open foot,onto the jail infirmary floor,resulting in A "CHARCOT" permanent foot disability. This also almost resulted in the loss of his life.All being done at all time knowingly ,intentionaly,and delliberately,to use the herein said goverment corrupt actions;to hinder,delay,prevent and cover-up the former crimes and goverment corruption perpetrated in act's one thrue forty four as described and referred to herein,and oppress the ability of Edmond H.Smith IV to discover and communicate information relating to the concerted attempted theft's of files,records,documents, computers,equipment,property and other evidence of the adjustment of insurance claims by Edmond H.Smith IV,Top Catastrophe Team Services, and Claims Services Provider,and relating to the racketeering act's herein,to A law enforcement officer of the United States or A judge of the United States District Court for the Eastern District of Loui- siana,or generally and specically to A judge of the United States District Court for the southern District of Indiana,with the intent to obstruct the Due Administration of Justice therein,and before the honorable Lance M.AFRICK,in the matters of Claims Services Provider,et al. V. the St. Paul Travlers Co., Inc., case No. 06-2475. In violation of his Civil Righte,Legal Rights and Title 18,§ United States Code, Section's 1512 (b)(3),1503,and numerous others,State and Common Law Statutes and Torts.

During May of 2007, Noel Mozer and Evan J. Wolfe did corruptly endeavor to impede and obstruct the due course of the administration of justice in the matter of Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322-WS-C and Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0323-WS-C, and proceedings of the United States District Court for the Southern District of Alabama, and in the Matter of Claims Service Provider, et al. v. The St. Paul Travelers Co., Inc., Case No. 06-2475 (E.D.La.), by and through destruction of the mailbox and depository for the U.S. Postal Service, located at 3900 Windsor Rd., Fowl River, Alabama, with intent to impede and obstruct the flow of information, in connection with the aforesaid matters and proceedings, and delivery of mail regarding the same to Edmond H. Smith IV, in violation of Title 18, United States Code, Section 1503.

55

## Racketeering Act Forty Five

Between    May 20 and 22, 2007, Mobile County Circuit Judge
Charles Graddick did order that Edmond H. Smith IV be released
from custody, and that he seek medical treament outside Alabama,
upon the diagnosis of Mobile County doctors that Edmond H. Smith IV
suffered from a terminal untreatable infection in Alabama, and, upon
discovering that he was being successfully treated by doctors
outside the United States, Charles Graddick did engage in misleading
conduct toward Edmond H. Smith IV, by and through issuing a bogus
warrant for his arrest and falsely charging him with escape, with
intent to cause another person to falsely arrest and detain him,
and further hinder, delay, and prevent him from communicating to
a law enforcement officer of the United States or a judge of the
United States, generally, and specifically  to a judge of the
United States District Court for the Southern District of Indiana
and to the Honorable Lance M. Africk, United States District Judge
for the Eastern District of Louisiana, the facts and information,
relating to racketeering acts one through forty, for
further proceedings in the matter of Claims Service Provider, et
al. v. The St. Paul Travelers Co., Inc., et al., Case No. 06-2475
(E.D. La.), and thereby did cause authorities in Costa Rica
to seize and dispose of property of Edmond H. Smith IV consisting
of one 7.3 lite Ford Excursion, Ltd. Ed., one laptop computer, personal
and insurance business records, one Otics binoculars, one Laser
range-finder and related tools, one Rolex watch, one camera, one
video-tape recorder and related equipment, one airloom firearm Collection
(Rifles & Shotguns +), and G.P.S. equipment,
in violation of Title 18, United States Code, Section 1512(b)(3).

During May or June of 2007, B.J. Lyons, Noel Mozer, Philip Coggins, and others did corruptly persuade and engage in misleading conduct toward Mike Parker, by and through causing or inducing him to burglarize the residence of 3900 Windsor Rd., Fowl River, Alabama, and the office located there of Top Catastrophe Team Services and Claims Service Provider, and remove numerous mounted animals, fish, and assorted collectibles, and by advising Mike Parker to do so under the pretext that the said property was to be sold at an auction, and that the removal of said property was necessary for Mike Parker to recover investment moneys, all with intent of B.J. Lyons, Noel Mozer, Philip Coggin, and others to use the said burglary by Mike Parker as a coverup to hinder, delay, prevent, or oppress the ability of Edmond H. Smith IV to discover and communicate information relating to the concerted attempted theft and theft of files, records, documents, computers, and other evidence of the adjustment of insurance claims by Edmond H. Smith IV, Top Catastrophe Team Services and Claims Service Provider and relating to the racketeering acts one through thirty nine, as described and referred to herein, to a law enforcement officer of the United States or a judge of the United States, generally, and specifically to a judge of the United States District Court for the Southern District of Indiana, and with intent to obstruct the due administration of justice therein, and before the Honorable Lance M. Africk, in the matter of Claims Service Provider, et al. v. The St. Paul Travelers Co., Inc., Case No. 06-2475, in violation of Title 18, United States Code, Section 1512(b)(3).

## Racketeering Act Forty Seven

During May of 2007, Mike Parker did engage in misleading conduct toward Edmond H. Smith III by stating to him that he (Mike Parker) was concerned that someone might steal one thiry eight (38) foot Fountain 2005 38 Sport Fish boat, Serial No. FGQ8C111J405, with four Mercury outboard motors and other equipment, from Sammy Goulsby Marine, Mobile, Alabama, where the said boat was then stored, and that he (Mike Parker) wanted to pay the repair bill and store the said boat and equipment until Edmond H. Smith IV recovered from his illness and returned home, and, upon the said representation, Mike Parker and B.J. Lyons went to Sammy Goulsby, and Mike Parker paid the repair bill, and did take possession of and transport the said boat, having a value in excess of two hundred and fifty thousand dollars ($250,000.00), from Mobile, Alabama, across state lines, to Jacksonville, Florida, knowing the said boat had been obtained by false and fraudulent pretenses, and did sell the said boat, motors, and equipment, without the knowledge and consent of the owner, in violation of Title 18, United States Code, Section 2314, with intent to hinder and delay the communication of information regarding the said Federal offense to a law enforcement officer of the United States or a judge of the United States District Court for the Southern District of Alabama or for the Middle District of Florida, or both, in violation of Title 18, United States Code, Section 1512(b)(3).

58

Racketeering Act Forty Eight

During late May or early June of 2007, Mike Parker and others did burglarize 3900 Windsor Rd., Fowl River, Mobile, Alabama, and, upon being caught in the act of said burglary, did engage in misleading conduct toward Edmond H. Smith III, by stating to him that he (Mike Parker) intended to remove and store the mounted animals, birds, fish, and other items, and to purchase the house and property located at 3900 Windsor Rd., at an auction, and to later return all of the property to Edmond H. Smith IV, upon his return from Costa Rico and successful medical treatment and recovery, and Mike Parker did intentionally removed and transport the said mounted animals, bird, fish, and other items across state lines to Florida, and sell the same, without authority and consent of Edmond H. Smith IV to do so, in violation of the Lacey Act, that is Title 16, United States Code, Section 3372(a)(1) and (2), and Mike Parker intended to do so, regardless of whether Edmond H. Smith IV died due to his illness or not and returned to Mobile, Alabama, all with intent to hinder, delay, or prevent communication of information regarding the theft, unlawful transportation and sale of the said property, and violation or possible violation of Federal law to a law enforcement officer of the United States or a judge of the United States for the Southern District of Alabama and elsewhere, in violation of Title 18, United States Code, Section 1512(b)(3).

58

## Racketeering Act Forty Nine

During May or June of 2007, B.J. Lyons, Noel Mozer, Philip Coggin, and others did corruptly persuade Mike Parker and others to purlion and transport approximately nine hundred and thirty or more animals, birds, and fish, and other items, having an approximate and appraised value of eighteen million dollars, from 3900 Windsor Rd., Fowl River, Alabama, and to cause substantial damage to the said residence in doing so, and to further transport part of the said mounted animals, birds, fish, and other items across state lines to Louisiana, and to sell the same to a sporting goods business, known as Cabelas, in Gonzhlaze , Louisiana, in violation of Title 16, United States Code, Section 3372(a)(1) and (2), and did so, with intent to hinder, delay, and prevent Edmond H. Smith IV from discovering the location thereof, and from communicating the same and violation of Federal law to a law enforcement officer of the United States or to a judge of the United States for the Southern District of Alabama and for the Eastern District of Louisiana, in violation of Title 18, United States Code, Section 1512(b)(3).

## Racketeering Act Fifty

Between June 1 and August 5, 2007, Sam Cochran, Clint Ulmer, Mitch McRaye, James Bo Lackey, Loren Watts, John Tyson, Charles Graddick, B.J. Lyons, Noel Mozer, Bob Steller, Robert Barnett, Rick Clarke, Philip Coggin, Linda Swope, Leanna Carpenter, D. Brian Murphy, James W. Lampkin II, Evan J. Wolfe, and others, individually and jointly, acting as an agent or agents of St. Paul Travelers Co., Inc., Integrated Claims Solutions, LLC, National Claims Adjusters, and Lexington Insurance Company, did corruptly endeavor to influence, impede, and obstruct the due administration of justice in the matters of Claims Service Provider, et al. v. The St. Paul Travelers Co., Inc., Case No. 06-2475 (E.D. La.), Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322-WS-C (S.D.Ala.) and Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0323-WS-C (S.D. Ala.), and did so, by directly or indirectly participating in the burglary of 3900 Windsor Place, Fowl River, Alabama, and theft and destruction of evidence consisting of files, records, and documents relating to the subject matter of the aforesaid pending judicial proceedings of the United States within the Southern District of Alabama and Eastern District of Louisiana, with intent to purloin and destroy the said evidence and thereby influence, impede, and obstruct the due administration of justice thereof, in violation of Title 18, United States Code, Section 1503.

60

## Racketeering Act Fifty One

On or about August 24, 2007, Charles Graddick, Jason Rotop, and John Tyson, acting each as an agent or agents of R.J. Lyons, Noel Mozer, Rob Steller. Robert Barnett, Rick Clarke, Philip Coggin, Linda Swope, Leanna Carpenter, Sam Cochran, D. Brian Murphy, James W. Lampkin II, Evan J. Wolfe, Mark Lozer, St. Paul Travelers Co., Inc., Integrated Claims Solutions, LLC, National Claims Adjusters, Lexington Insurance Co., and others, did corruptly endeavor to, and did, obtain an indictment falsely charging Edmond H. Smith IV of being a person prohibited to possess, and unlawful possession of, a firearm, a felony and violation of Alabama Criminal Code §13A-11-72(a), in the matter of State v. Edmond H. Smith IV, Case No. CC-07-3375 (Mobile Co. Cir. Ct.), knowing that he had not violated §13A-11-72(a) as charged in the said indictment, in that no formal adjudication of guilt existed as required by the Alabama Rules of Criminal procedure, Rules 1.1, 26.1(a)(1), and 26.9(a) & (c)(1 to 4) in order to sustain the alleged violation of §13A-11-72(a), and, in relying on the said false indictment, did further corruptly endeavor to, and did, influence, impede, and obstruct the due administration of justice in the matters of Claims Service Provider, et al. v. The St. Paul Travelers Co., Inc., Case No. 06-2475, within the Eastern District of Louisiana, and Lexington Insurance Company v. Evan J. Wolfe, et al., Case No., 07-0322-WS-C and Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0323, within the Southern District of Alabama, by and through acts of oppression against Edmond H. Smith IV, in violation of Title 18, United States Code, Section 1503.

On or about July or August 2007,officers of the Mobile County
Sheriffs Dept. and others acting on the expressed directions and
authority of (NEW) Sheriff Sam Cochran,B.J. Lyon's and Judge Charles
Graddick;conducted A joint task force raid of the home of Sue Goff,
at 122 Hope Dr. Spanish Ft.,Baldwin County Alabama,and did intention-
aly threaten intimidate,injure and assault Mss.Sue Goff (A elderly
widow) and Mrs.Linda DiAnn Goff Smith III,(Grandmother and Mother of
Edmond H.Smith IV),while he was still recieving medical treatment
outside the country in Costa Rica.During these assaults Mss.Goff,in
attempting to protect her property and constitutional rights was
pushed by deputies,and fell,resulting in severe injuries.Once traspo-
rted to A local hospital,she was diagnosed with A broken Pelvis and
Hip,which she never recovered from.These injuries resulted in her
un-timely DEATH, but only after A long and agonizeing convalesc'ing
struggle trying to obtain health and save her life. During the raid
both ladies were threatened and interogated over the wereabouts and
condition of Edmond H.Smith IV,with the home being ramsacked,and pers-
onal property being seized and destroyed.This was inclusive but not
limited to computers,documents,files,records and Linda DiAnn Goff Smith
III 's Pass-Port. All this being done at all time's knowing that no
legitament charge existed against Edmind H.Smith IV and the said gover-
ment actions were illegal,resulting in the so-called premis of those
actions to all later be dropped,"TYRRANY".At all times these corrupt
actions were being done to advance the on-going racketeering conspiracy
being committed against Edmond H.Smith IV,his family,property,freedoms
and buisness entities,with delliberate intent to hinder,delay,prevent
and cover-up the former criminal acts,and goverment corruption,in all

the former act's herein,and oppress the ability of Edmond H.Smith IV

to communicate information to the concerted crimes and attempted theft's

of files,records,documents,computers and other evidence of the ajustme-

nt of insurance claims by Edmond H.Smith IV,Top Catastrophe Team Servi-

ces,and Claims Services Provider,and relating to the racketeering act's

herein,to A law enforcement officer of the United States or A Judge

of the United States District Court for the southern District of Louis-

iana,or generally and specifically to A Judge of the United States Dis-

trict Court for the Southern District of Indiana,with the intent to ob-

struct the Due Administration of Justice therein,and before the honora-

ble Lance M.Africk,in the matters of Claims Services Provider,et al. V.

St. Paul Travelers Co.,Inc.,case No. 06-2475, In violation of there

Civil Rights,Legal Rights and Title 18,§ United States Code, Section's

1512 (b)(3),1503,and numerous others,State and Common Law Statutes.

Racketeering Act Fifty Two

On or about September 5, 2007, John Tyson, Jason Botop,
Charles Graddick and others did corruptly persuade another person
to arrest Edmond H. Smith IV upon his return from Costa Rica to the
United States, specifically Florida and Alabama, without authority,
under the pretext of baseless charges, arising from the void judg-
ments obtained in the matter of City of Mobile v. Edmond H. Smith
IV, Case No. MC-04-5762 (Mobile Municipal Ct.) and State v. Smith
IV, Case No. CC-04-4167 (Mobile Co. Cir. Ct.), and from the bogus
probation violation and escape charges in the matter of State v.
Smith IV, Case No. CC-07-3126 (Mobile Co. Cir. Ct.), with intent to
hinder, delay, prevent, and obstruct the ability of Edmond H. Smith
IV to communicate, and thus the communication of, information
relating to the commission or possible commission of one or more
Federal offense, as described and referred to in racketeering acts
one through fifty one herein, to a law enforcement officer of the
United States or a judge of the United States, generally, or
specifically to a judge of the United States District Court for the
Southern District of Indiana, and to the Honorable Lance M. Africk,
United States District Judge for the Eastern District of Louisiana
in the matter of Claims Service Provider, et. al. v. The St. Paul
Travelers Co., Inc., et al., Case No. 06-2475 (E.D. La.), and to
the District Court in the matter of Lexington Insurance Company v.
Evan J. Wolfe, et al., Case No. 07-0322-WS-C and Lexington Insurance
Company v. Edmond H. Smith III, Case No. 07-3023, within the
Southern District of Alabama, in violation of Title 18, United
States Code, Section 1512(b)(3).

64

Racketeering Act Fifty Three

During September of 2007, John Tyson, Jason Botop, Charles
Graddick, Sam Cochran, and others did corruptly persuade another
person, one or more Mobile County Deputy Sheriff, to falsely
arrest Edmond H. Smith IV, upon his return to Mobile, Alabama,
pursuant to a bogus arrest warrant issued and executed, without
authority, under the pretext of a baseless charge, arising from
the void judgments obtained in the matter of City of Mobile v.
Edmond H. Smith IV, Case No. MC-04-5762 (Mobile Mun. Ct.) and
State v. Smith IV, Case No. CC-04-4167 (Mobile Co. Cir. Ct.), that
Edmond H. Smith IV had violated Alabama Code §13A-11-72(a) as charged
in the matter of State v. Smith IV, Case No. CC-07-3375 (Mobile
Co. Cir. Ct.), with intent to hinder, delay, prevent and oppress
the ability of Edmond H. Smith IV to communicate to a law enforcement
officer of the United States or a judge of the United States,
generally, and specifically to a judge of the United States
District Court for the Southern District of Indiana and to the
Honorable Lance M. Africk, United States District Judge for the
Eastern District of Louisiana, information relating to racketeering
acts one through fifty two herein, for further proceedings in
the matter of Claims Provider, et al. v. The St. Paul Travelers
Co., Inc., et al., Case No. 06-2475 (E.D. La.), and to the District
Court in the matter of Lexington Insurance Company v. Evan J. Wolfe,
et al., Case No. 07-0322-WS-C and Lexington Insurance Company v.
Edmond H. Smith III, Case No. 07-0323-WS-C, within the Southern
District of Alabama, in violation of Title 18, United States Code,
Section 1512(b)(3).

Racketeering Act Fifty Four

During October and November of 2007, B.J. Lyons, John Tyson,
Jason Botop, Charles Graddick, Sam Cochran, Clint Ulmer, Mitch
McRaye, James Bo Lackey, Loren Watts, Philip Coggin, Rick Clarke,
Linda Swope, Leanna Carpenter, D. Brian Murphy, James W. Lampkin II,
Evan J. Wolfe, Mark Lozer, Noel Mozer, Bob Steller, Robert Barnett,
individually and jointly as agents of St. Paul Travelers Co., Inc.,
Integrated Claims Solutions, LLC, National Claims Adjusters,
Lexington Insurance Company, and others, did corruptly endeavor to,
and did, influence, impede, and obstruct the due administration of
justice within the Southern District of Alabama and in the matter
of Lexington Insurance Company v. Evan J. Wolfe, et al., Case No.
07-0322-WS-C and Lexington Insurance Company v. Edmond H. Smith III,
Case No. 07-0323-WS-C, and within the Eastern District of Louisiana
and in the matter of Claims Service Provider, et al. v. The St. Paul
Travelers Co., Inc., et al., Case No. 06-2475, by and through,
directly or indirectly, participating in the burglary of, or caus-
ing another person to burglarize, the house and property located
at 3900 Windsor Place, Fowl River, Alabama, with intent to purlion,
conceal, and destroy material evidence to the aforesaid pending
judicial proceedings, which consisted in part of correspondence
from Edmond H. Smith IV as President of Great Southern Outdoors
Foundation and Institute, Inc., to an agent of Lexington Insurance
Company,              , showing Edmond H. Smith IV as the President
of the said Foundation and Institute and residing at 3900 Windsor
Place, and reply correspondense from the said Lexington agent,
               , addressed to Edmond H. Smith IV, in ratification

of the same, the theft, concealment and destruction of which material is in violation of Title 18, United States Code, Section 1503.

Case 3:19-cv-00002-RRB   Document 1   Filed 01/04/19   Page 68 of 146

## Racketeering Act Fifty Five

During October and November of 2007, B.J. Lyons, John Tyson, Jason Botop, Charles Graddick, Sam Cochran, Clint Ulmer, Mitch McRaye, James Bo Lackey, Loren Watts, Philip Coggin, Rick Clarke, Linda Swope, Leanna Carpenter, D. Brian Murphy, James W. Lampkin II, Evan J. Wolfe, Mark Lozer, Noel Mozer, Bob Steller, Robert Barnett, individually and jointly as agents of St. Paul Travelers Co., Inc., Integrated Claims Solutions, LLC, National Claims Adjusters, Lexington Insurance Company, and others, did corruptly endeavor to, and did, influence, impede, and obstruct the due administration of justice within the Southern District of Alabama and in the matter of Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322-WS-C and Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0323-WS-C, and within the Eastern District of Louisiana and in the matter of Claims Service Provider, et al. v. The St. Paul Travelers Co., Inc., et al., Case No. 06-2457, by and through, directly or indirectly, participating in the burglary of, or causing another person to burglarize, the office of E.H. Smith Electric Co., located at 52 Martin St., Mobile, Alabama, with intent to purlion, conceal, and destroy material evidence to the aforesaid pending judicial proceedings, which consisted in part of correspondence from Edmond H. Smith IV as President of Great Southern Outdoors Foundation and Institute, Inc., to an agent of Lexington Insurance Company assigned Ajusters , showing Edmond H. Smith IV as the President of the said Foundation and Institute. and residing at 3900 Windsor Place, and reply correspondence from the said Lexington agent, Lex. Corp. AJUSTERS addressed to Edmond H. Smith IV, in ratification of the same, the theft, concealment,

and destruction of which material is in violation of Title 18, United States Code, Section 1503.

69

Racketeering Act Fifty Six

Between November of 2007 and December 6, 2007, B.J. Lyons, Noel Moser, Evan J. Wolfe, and others did corruptly endeavor to, and did, directly or indirectly, influence, impede, and obstruct the due administration of justice in the matters of Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322-WS-C, within the Southern District of Alabama, and Claims Service Provider, et al. v. The St. Paul Travelers Co., Inc., Case No. 06-2475, within the Eastern District of Louisiana and elsewhere, by and through participation in a scheme to provide false, misleading, and incomplete information to Special Agents of the Federal Bureau of Investigation regarding the insurance transactions of Evan J. Wolfe and Edmond H. Smith IV, with intent to provide false, misleading, and incomplete information to the said Special Agents against Edmond H. Smith IV, and with intent to cause him to be falsely charged with a Federal offense, in violation of Title 18, United States Code, Section 1503.

***( THE UNITED STATES JUDICIAL SYSTEM DOSE--NOT ALLOW FOR ANY CONVICTION,OF ANY )***
( INDIVIDUAL WITHOUT THE PRESENTMENT OF EVIDENCE OF A CRIME,AND DUE PROCESS OF )
( LAW ACCORDING TO THE RULE OF LAW. )
"THERE IS NO CONVICTIONS",FOR EDMOND HUDMOND SMITH IV PRIOR TO 2/13/2008 AS
IS REQUIRED BY LAW FOR A FURTHER CHARGE OF "CERTAIN PERSONS FORBIDDEN TO
POSESS A PISTOL"OF THE CC-07-3375;STATUTE. IN ALABAMA OF 13A-11-72(B)OR(A)
IN EITHER FORM ,THUS DEING A "DUE PROCESS VIOLATION" AND ILLEGAL AND VOID!

*********"CONCERNING THE PROCEEDINGS PRIOR TO AND ON FEBUARY 13,2008"*********

## Racketeering Act Fifty Seven

On or about December 6, 2007, Evan J. Wolfe did corruptly endeavor to influence, impede, and obstruct the due administration of justice in the matters of Lexington Insurance Company v. Evan J. Wolfe, et al. Case No. 07-0322-WS C and Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0323-WS-C, within the Southern District of Alabama, and Claims Service Provider, et al. v. The St. Paul Travelers Co., Inc. et al.. Case No. 06-2475, within the Eastern District of Louisiana, by and through making false, misleading, and incomplete statements to Special Agents Christopher A. Scott and Aaron W. Keighley of the Federal Bureau of Investigation, at the Mobile Division, Mobile, Alabama, stating that he (Evan J. Wolfe) had recovered copies of altered checks from a dumpster located at 3900 Windsor Road, the lawful residence of Edmond H. Smith IV, and that the said checks from Lexington Insurance Company had been forged by Edmond H. Smith IV, when in fact Evan J. Wolfe, Noel Mozer, and others had burglarized 3900 Windsor Road, Fowl River, Alabama, and stole copies of the said checks bearing the signature of Evan J. Wolfe, all with intent to deceive SA Scott and Keighley and obstruct the due administration of justice, all in violation of Title 18, United States Code, Section 1503.

Racketeering Act Fifty Eight

On or about January 29, 2008, Evan J. Wolfe and Noel Mozer did corruptly endeavor to influence, impede, and obstruct the due administration of justice in the matters of Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322-WS-C and Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0323-WS-C, within the Southern District of Alabama, and Claims Service Provider, et al. v. The St. Paul Travelers Co., Inc., Case No. 06-2475, within the Eastern District of Louisiana, by and through making false, misleading, and incomplete statements to Special Agents of the Federal Bureau of Investigation, at the Mobile Division, Mobile, Alabama, including but not limited to:

(1) Phillip Coggin would be handling the purchase of the property located at 3900 Windsor Rd., Fowl, River, Alabama;

(2) Edmond H. Smith IV had stated that he would live in a quest house on the property;

(3) Evan J. Wolfe never planned to live on the property located at 3900 Windsor Rd., Fowl River, Alabama;

(4) Evan J. Wolfe never filled out loan application to lender for money to purchase the property located at 3900 Windsor Rd., Fowl River, Alabama;

(5) Evan J. Wolfe could not place (remember) the name World Wide Big Game, and had no affiliation with the organization;

(6) Evan J Wolfe never saw documentation that Great Southern Outdoors Foundation was actually registered in the States of Alabama;

(7) Evan J. Wolfe was surprised to find Edmond H. Smith IV moving into the residence at 3900 Windsor Dr., Fowl River, Alabama, after

the purchase of the property in 2005;

(8) Evan J. Wolfe told Edmond H. Smith IV that he (Wolfe) wanted out of the organization and the loan payed off;

(9) Edmond H. Smith IV ignored Evan J. Wolke's concerns;

(10) Evan J. Wolfe believed that Edmond H. Smith IV forged Wolfe's name on the first insurance check and sent it to Washington Mutual Bank;

(11) Edmond H. Smith IV had failed to pay most of the mortgage payments and was way behind on the note to Washington Mutual Bank;

(12) After Edmond H. Smith IV's incarceration in the Mobile Metro Jail, Washington Mutual Bank began foreclose, and Evan J. Wolfe decided to move back into the residence at 3900 Windsor Rd., Fowl River, Alabama, and fight the foreclosure;

(13) When Evan J. Wolfe arrived at the property, 3900 Windsor Rd., Fowl River, Alabama, he noticed a large dumpster containing trash, and figured that Edmond H. Smith IV must have been disposing of unwanted property from inside the house;

(14) Evan J. Wolfe found several copies of the insurance checks from Lexington Mutual Insurance Company in a dumpster at the residence of 3900 Windsor Rd., Fowl River, Alabama, and it appeared that Edmond H. Smith IV had taped an original check onto a sheet of paper and ran it through a copy machine containing an endorsement from Washington Mutual Bank, and thus copied the original endorsement onto an unendorsed check; all of the checks contained signatures of Evan Wolfe, but he had never seen or deposited any insurance checks;

(15) Evan J. Wolfe felt that Edmond H. Smith IV had taken advantage of Wolfe's offer to aid the Great Southern Outdoors Foundation,

because Wolfe was only educated to the level of the 7th grade and could not read and understand the newspaper;

(16) Evan J. Wolfe stated that he may have received money from Edmond H. Smith IV, but Wolfe was not sure of the amount or when he had been paid;

(17) Evan J. Wolfe maintains copies of the documents he retrieved from the dumpster at 3900 Windsor Rd., Fowl River, Alabama; with intent to corruptly influence, impede, and obstruct the due administration of justice in connection with the said proceedings, in violation of Title 18, United States Code, Section 1503.

Racketeering Act Fifty Nine

On or about February 13, 2008, Jason Botop and Charles
Graddick did corruptly endeavor to influence, impede, and
obstruct the due administration of justice in the matters of
Lexington Insurance Company v. Evan J. Wolfe, et al., Case No.
07-0322-WS-C and Lexington Insurance Company v. Edmond H. Smith
III, Case No. 07-0323-WS-C, within the Southern District of Alabama,
and Claims Service Provider, et al. v. The St. Paul Travelers Co.,
Inc., et al., Case No. 06-2475, within the Eastern District of
Louisiana, by and through corruptly influencing Edmond H. Smith
IV to enter into a plea agreement to a violation of Alabama Code
§13A-11-72(b), a misdemeanor, while knowingly and falsely charging
him with a felony, a violation of §13A-11-72(a), in the matter of
State v. Edmond H. Smith IV, Case No. CC-07-3375 (Mobile Co. Cir.
Ct.), and further knowing that no formal adjudication of guilt
existed on the face of the record and Case Action Summary Sheet,
in violation of the Alabama Rules of Criminal Procedure, Rules 1.1,
26.1(a)(1), and 26.9(a) & (c)(1 to 4), and in the jurisdictional
predicates and matters of City of Mobile v. Edmond H. Smith IV,
Case No. MC-04-5762 (Mobile Mun. Ct.) and State v. Smith IV, Case
No. CC-04-4167 (Mobile Co. Cir. Ct.), with intent to use the
false and unlawful conviction to continue oppression of the
exercise of legal rights of Edmond H. Smith IV and others and
influence, impede, and obstruct the due administration of justice
in further proceedings of the aforesaid cases in the United States
District Courts for the Southern District of Alabama and for the
Eastern District of Louisiana, in violation of Title 18, United
States Code, Section 1503.

***(DONE IN VIOLATION OF ALABAMA RULE OF CRIM.PROC. (13.5 A)CHANGE OF)***
(INDICTMENT OFFENSE WITHOUT A FORMALY CHANGED INDICTMENT,OR NEW )
(INDICTMENT BROUGHT AND NO ELEMENT FOR EITHER CHARGE NULL-&-VOID!!)
***(CC-2007-3125 ALLEDGED CHARGE/INDICTMENT [PRIOR] DISMISSED 2/13/08)***

Racketeering Act Sixty

On or about February 14, 2008, upon Edmond H. Smith IV
reporting the burglary and theft of property from 3900 Windsor
Rd., Fowl River, Alabama, which had occurred during October and
November of 2007, to Mobile County Deputy Sheriff Mitch McRaye,
he did knowingly use intimidation and threaten Edmond H. Smith IV,
by stating:

"Don't press your luck. You need to leave town and not
come back,"

with intent to hinder, delay, oppress and prevent Edmond H. Smith
IV from communicating to a law enforcement officer of the United
States or a judge or court of the United States information regard-
ing racketeering acts one through fifty two as described and
referred to herein, in violation of Title 18, United States Code,
Section 1512(b)(3).

76

Racketeering Act Sixty One

During February of 2008, Edmond H. Smith IV reported the burglary and theft of property from 3900 Windsor Place, Fowl River, Alabama, to Terry Howell, an officer of the State of Alabama Bureau of Investigation, who did investigate the said crime, and sought a warrant and prosecution by the Office of the Mobile District Attorney, John Tyson, which was refused, at which time, B.J Lyons did attempt to corruptly persuade Terry Howell to cease and desist any further investigation and attempt to pursue a prosecution of those involved in the said burglary and theft of property, and B.J. Lyons did so, with intent to hinder, delay, and prevent the communication of information regarding the commission of a Federal offense, as described and referred to in racketeering acts one through sixty herein,         to a law enforcement officer of the United States and to a judge or court of the United States, generally, and specifically to the Honorable Lance M. Africk, United States District Judge for the Eastern District of Louisiana, in the matter of Claims Service Provider, et al. v. The St. Paul Travelers Co., Inc., et al., Case No. 06-2475 (E.D. La.), and to an officer of the United States and proceeding involving the business of insurance whose activites affect interstate commerce before an insurance regulatory official or agency or an agent or examiner appointed by such official or agency to examine the affairs of any person engaged in the business of insurance whose activities affect interstate commerce, in violation of Title 18, United States Code, Section 1512(b)(3).

77

On or about Febuary - March 2008,after the discovery of the
multiple crimes,thefts and vandelism of the E.H.Smith family estate
and home at 3900 Windsor Rd. S. The Great Southern Outdoor F&I, Edm-
ond H.Smith IV Traveled to the property with A.B.I. Detective Terry
Howell, after A preliminary investigation and walk through it was
obvious of the crime,and  Detective Howell summoned Mobile County
Sheriff's to make A report. Upon Deputy Sean Dickens arrival A report
was initiated but after his departure,never compleeted,or changed to A
"FRAUD".Deputy Sean Dickens,had been to our estate and property many
times before,he was the husband of our domestic engineer(House Keeper)
Domika Dickens,and even had eaten supper at our home. However due to
reasons beyond explanation,or his superiors,he chose to abdicate his
official duties,and disobey the directions of Detective Howell A
Alabama State Dureau of Investigations Detective.This act was done to
delliberately,knowingly,and intentionaly oppress,hinder,delay and pre-
vent the discovery of the perpetrators of these acts apprehension and
in a continued concerted attempt to cover-up the goverment corruption
and actions of the same said criminals in the advancement of the on-
going racketeering (R.I.C.O.) conspiracy against Edmond H.Smith IV,his
family,property,freedoms,and buisness entities,and other evidence of
the ajustment of insuance claims,and theft's,of that evidence,by Edmond
H,Smith IV,Top Catastrophe Team Services,and Claims Services Provider,
and relating to the racketeering act's herein one thrue sixty-one,to A
law enforcement officer of the United States or A judge of the United
States District Court for the Eastern District of Louisiana,or generally
and specically to A judge for the United States District Court for the
Southern District of Indiana,withthe intent of obstruction of the Due

Administration of Justice therein,and before the honorable Lance M.
Africk,in the matters of Claims Services Provider,et al. V.the St.
Paul Travelers Co., case No. 06-2475,and the matters of Lexington
Insurance Company V. Evan J.Wolfe,et al.,case No. 07-0322-WS-C (S.D.Ala.)
and LEXINGTON Insurance Company V. Edmond H.Smith III,case No. 07-323-
WS__C(S.D.Ala.) and Lexington Insurance Company V. Edmond H.Smith IV
and did so by violateing there constitutional rights in violation of
Title 18,§ United States Code,Section's 1512 (b)(3),1503,and others.

Case 3:19-cv-00002-RRB   Document 1   Filed 01/04/19   Page 80 of 146

## Racketeering Act Sixty Two

On or about November 20, 2008, Edmond H. Smith IV and attorney Edward Massey of Mobile, Alabama, made a formal complaint to the Office of the Attorney General of Alabama, and Attorney General Troy King, located in Montgomery, Alabama, regarding the burglary, destruction and theft of property, which had occurred during October and November of 2007 at 3900 Windsor Rd., Fowl River, Alabama, and in doing so, Edmond H. Smith IV and Edward Massey identified Mobile County Sheriff Sam Cochran, his deputies, James Bo Lackey, Loren Watts, Mitch McRaye, and others as being involved in the said crimes, and, that same day a member of the said Attorney General's office notified Sam Cochran and his deputies of the said complaint, and, on or about November 21, 2008, in retaliation, Sam Cochran, James Bo Lackey, Loren Watts, Mitch McRaye, and others did raid 3900 Windsor Rd., Fowl River, Alabama, and knowingly use intimidation and physical force against Edmond H. Smith IV, and threaten him with further acts of oppression, with intent to hinder, delay, oppress and prevent him from communicating information to a law enforcement officer of the United States or to a judge or court of the United States regarding the commission of one or more Federal crime, as described and referred in racketeering acts one through sixty one herein, generally, and specifically from communicating the same to the Honorable Lance M. Africk, United States District Judge for the Eastern District of Louisiana, in the matter of Claims Service Provider, et al. v. The St. Paul Travelers Co., Inc., et al., Case No. 06-2475 (E.D. La.), and to an officer of the United States and proceeding involving the business of insurance whose

80

activities affect interstate commerce before an insurance regulatory official or agency or an agent or examiner appointed by such official or agency to examine the affairs of any person engaged in the business of insurance whose activities affect interstate commerce, in violation of Title 18, United States Code, Section 1512(b)(3).

Racketeering Act Sixty Three

On or about November 21, 2008, Sheriff Sam Cochran and his deputies, James Bo Lackey, Loren Watts, Mitch McRaye, and others did knowingly, unlawfully, and willfully seize ammunition from 3900 Windsor Rd., Fowl River, Alabama, in furtherance of racketeering acts one through sixty two herein, and thereby intentionally violated the Fourth Amendment bar against "unreasonable searches and seizures" and the Fourteenth Amendment guaranty to "due process of law," and did thereby intentionally harass Edmond H. Smith IV and hinder, delay, oppress and prevent him from seeking the arrest of Sheriff Sam Cochran, James Bo Lackey, Loren Watts, Mitch McRaye, Clint Ulmer, John Tyon, B.J. Lyons, Charles Graddick, Noel Mozer, Mike Parker, Philip Coggin, Rick Clarke, Linda Swope, Leanna Carpenter, Bob Steller, Robert Barnett, Mark Lozer, and others in connection with the said racketeering acts and related violations of Federal law, in violation of Title 18, United States Code, 1512-(c)(3).

82

## Racketeering Act Sixty Four

Between November 21 and December 30, 2008, Sam Cochran, James Bo Lackey, Loren Watts, Mitch McRaye, Clint Ulmer, Gregory A. Bordenkircher, Richard H. Loftin, Steven E. Butler, Adam W. Overstreet, Michele C. O'Brien, and others did corruptly endeavor to, and did so, influence, impede, and obstruct the due course of the administration of justice in connection with the grand jury proceedings, deliberations and return of the indictment, and the prosecution in the matter of United States v. Edmond H. Smith IV, Case No. 1:08-00389-WS-C (S.D. Ala.), by and through knowingly, unlawfully, willfully, and falsely and fraudulently submitting information regarding the ammunition unlawfully seized from 3900 Windsor Rd., Fowl River, Alabama, and misrepresenting that Edmond H. Smith IV had been convicted of violating Alabama Criminal Code, §13A-11-72(a), a felony offense, when in fact the face of the record of the Mobile County Circuit Court established that Charles Graddick had unlawfully induced Edmond H. Smith IV to enter a plea to a violation of Alabama Criminal Code §13A-11-72(b), a misdemeanor offense, because the face of the record of the underlying predicate offense lacked the requisite adjudication of rights and guilt under Alabama law, particularly the Alabama Rules of Criminal Procedure, Rules 1.1, 26.1(a)(1), and 26.9(a) and (c)(1 to 4), in the matter of City of Mobile v. Edmond H. Smith IV, Case No. MC-04-5762 (Mobile Mun. Ct.) and State v. Smith IV, Case No., CC-04-4167 (Mobile Co. Cir. Ct.), which precluded the jurisdiction of the District Court, under Title 18, United States Code, Section 921(a)(20), all in violation of Title 18, United States Code, Section 1503.

83

## Racketeering Act Sixty Five

On or about December 30, 2008, Sam Cochran, James Bo Lackey, Loren Watts, Mitch McRaye, Clint Ulmer, Gregory A. Bordenkircher, Richard H. Loftin, Steven E. Butler, Adam W. Overstreet, Michele C. O'Brien, and others did corruptly endeavor to, and did so, influence, impede, and obstruct the due course of the administration of justice in the matter of Claims Service Provider, et al. v. The St. Paul Travelers Co., Inc., et al., Case No. 06-2475 (E.D. La.), by and through knowingly, unlawfully, willfully, and fraudulently causing the termination of the cause of action — as further described and referred to in racketeering acts one through fifty seven herein — thereof, under the favorable termination rule as reaffirmed in Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005), in violation of Title 18, United States Code, Section 1503.

84

Racketeering Act Sixty Six

On or about January 7, 2009, Ed Eversman, a U.S. Marshall, and others, in furtherence of racketeering acts one through sixty five herein, generally, and specifically in aiding and abetting Sam Cochran, James Bo Lackey, Loren Watts, Mitch McRaye, Clint Ulmer, Gregory A. Bordenkircher, Richard H. Loftin, Steven Butler, Adam W. Overstreet, Michele C. O'Brien, did corruptly endeavor to, and did so, influence, impede, and obstruct the due administration of justice in the matter of United States v. Edmond H. Smith IV, Case No. 1:08-00389-WS-C; Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322; and Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0323-WS-C, in the Southern District of Alabama,, and in the matter of Claims Service Provider, et al. v. The St. Paul Travelers Co., Inc., Case No. 06-2475, in the Eastern District of Louisiana, by and through false arrest and imprisonment of Edmond H. Smith IV, without jurisdiction, under Title 18, United States Code, Sections 921(a)(20) and 922(a)(1), based upon a bogus indictment which had been fraudulently obtained from a Federal garnd jury, in violation of Title 18, United States Code, Section 1503.

85

Racketeering Act Sixty Seven

On or about January 7, 2009, U.S. Marshall Ed Eversman, acting individually and jointly with Sam Cochran, James Bo Lackey, Loren Watts, Mitch McRaye, Clint Ulmer, Gregory A. Bordenkircher, Richard H. Loftin, Steven Butler, Adam W. Overstreet, Michele C. O'Brien, did intentionally harass Edmond H. Smith IV at the arraignment proceedings in the matter of United States v. Edmond H. Smith IV, Case No. 1:08-00389-WS-C (S.D. Ala.), by and through repeatedly stating to him, "You's a convicted felon," knowing that the face of the records from the Mobile County Circuit Court had been unlawfully, willfully, and fraudulently used to cause the grand jury to falsely indict Edmond H. Smith IV, as described and referred to in racketeering act sixty six herein, with intent to harass Edmond H. Smith IV, and did thereby hinder, prevent, and intimidate Edmond H. Smith IV from seeking the arrest of those named in racketeering acts one through fifty nine herein, in violation of Title 18, United States Code, Section 1512(c)(3).

86

Racketeering Act Sixty Eight

On or about January 7, 2009, William E. Cassady, a U.S. Magistrate, and individually and in aiding and abetting Sam Cochran, Ed Eversman, James Bo Lackey, Loren Watts, Mitch McRaye, Clint Ulmer, Gregory A. Bordenkircher, Richard H. Loftin, Steven Butler, Adam W. Overstreet, Michele C. O'Brien, B.J. Lyons, Charles Graddick, Jason Botop, and others, without authority, did corruptly endeavor to, and did, influence, impede, and obstruct the due administration of justice in the matter of United States v. Edmond H. Smith IV, Case No. 1:08-00389-WS-C; Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322-WS-C; and Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0323-WS-C, within the Southern District of Alabama, and in the matter of Claims Service Provider, et al. v. The St. Paul Travelers Co., Inc., Case No. 06-2475, in the Eastern District of Louisiana, by and through ordering that Edmond H. Smith IV be detained, without bail in the Mobile Metro Jail, knowing that no adjudication of his rights and guilt had ever been unlawfully made on the face of the records in the matters of City of Mobile v. Edmond H. Smith IV, Case No. MC-04-5762 (Mobile Mun. Ct.); State v. Smith IV, Case No. CC-04-4167 (Mobile Co. Cir. Ct.); and State v. Smith IV, Case No. CC-07-3375 (Mobile Co. Cir. Ct.), a defect that rendered the same null and void under the Alabama Rules of Criminal Procedure, Rules 1.1, 26.1(a)(1), and 26.9(a) & (c)(1 to 4), and divested William E. Cassady of all jurisdiction under Title 18, United States Code, Sections 921(a)(20) and 922(g)(1), all in violation of Title 18, United States Code, Section 1503.

87

Racketeering Act Sixty Nine

Between January 16 and 18, 2009, Sam Cochran, James Bo Lackey, Loren Watts, Mitch McRaye, Clint Ulmer, Ed Eversman, and others did attempt to kill Edmond H. Smith IV, with intent to prevent his attendance and testimony in the proceedings of the United States District Courts for the Southern District of Alabama and for the Eastern District of Louisiana in the matters of United States v. Edmond H. Smith IV, Case No. 1:08-00389-WS-C; Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322-WS-C; Lexington Insurance Company v. Edmond H. Smith III, Case No., 07-0323-WS-C, within the Southern District of Alabama, and in the matter of Claims Service Provider, et al. v. The St. Paul Travelers Co., Inc., Case No. 06-2475 (E.D. La.); by and through knowingly, unlawfully, and willfully infecting Edmond H. Smith IV with five separate species of deadly bacteria consisting of Klebstalla, Pheoudomoneous, Morgaella, Citrobacter, and M.R.S.A., with further intent to prevent Edmond H. Smith IV from production of records of insurance business, in connection with th aforesaid cases, and with further intent to prevent him from communicating to a law enforcement officer of the United States and to a judge of the United States information relating to racketeering acts one through sixty eight herein, all in violation of Title 18, United States Code, Section 1512(a)(1)(A)-(C).

88

Racketeering Act Seventy

Between January 22 and 30, 2009, Charles Graddick, William
E. Cassady, William H. Steele, Kristi DuBose, and Randy Butler
did corruptly endeavor to influence, impede, and obstruct the
due administration of justice in the United States District Courts
for the Southern District of Alabama and for the Eastern District
of Louisiana in the matters of United States v. Edmond H. Smith IV,
Case No. 1:08-00389-WS-C (S.D. Ala.); Lexington Insurance Company v.
Evan J. Wolfe, et al., Case No. 07-0322-WS-C (S.D. Ala.); and
Lexington Insurance Company v. Edmond H. Smith III, Case No.
07-0323 (S.D.Ala.); and Claims Service Provider, et al. v. The St.
Paul Travelers Co., Inc., Case No. 06-2475 (E.D. La.), by and
through a meeting and scheme devised at the Athelston Club, Mobile,
Alabama, on account of their official duties, each, relating to the
aforesaid judicial proceedings, and did then and there devise a
corrupt scheme among themselves to evade and circumvent the judicial
duty to make the required jurisdictional inquiry under Title 18,
United States Code, Sections 921(a)(20) and 922(g)(1), and
determine whether or not the lack of adjudication in the predicate
offenses and matters of City of Mobile v. Smith IV, Case No. MC-04-
5762 (Mobile Mun. Ct.); State v. Smith IV, Case No. CC-04-4167
(Mobile Co. Cir. Ct.); and State v. Smith IV, Case No. CC-07-3375
(Mobile Co. Cir. Ct.), on the face of the record, that is the
Case Action Summary Sheets, each, and related violations of Alabama
Rules of Criminal Procedures, Rules 1.1, 26.1(a)(1), and 26.9(a)
and (c)(1 to 4), barred reliance thereon to sustain jurisdiction
under said Section 921(a)(20)'s prohibition, in violation of Title
18, United States Code, Section 1503.

Racketeering Act Seventy One

On or about January 30, 2009, Charles Graddick, William E.
Cassady, William H. Steele, Kristi Dubose, Randy Butler, and others
did corruptly endeavor to, and did so, intimidate an officer of the
United States District Court for the Southern District of Alabama,
Thomas M. Haas, Sr., and corruptly influence, impede and obstruct
the due administration of justice in the matters of United States
v. Edmond H. Smith IV, Case No. 1:08-00389-WS-C (S.D. Ala.);
Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-
0322-WS-C (S.D. Ala.); Lexington Insurance Company v. Edmond H.
Smith III, Case No. 07-0323 (S.D. Ala.), and Claims Service
Provider, et al. v. The St. Paul Travelers Co., Inc., Case No.
06-2475 (E.D. La.), and did, by and through acts of intimidation,
cause Thomas H. Haas, Sr., to abandon his duties, as "Counsel"
within the meaning of the Sixth Amendment to the Constitution of
the United States, to investigate the facts and plead his defense
by law, in accordance with Title 18, United States Code, Section
921(a)(20), and the Alabama Rules of Criminal Procedure, Rules
1.1, 26.1(a)(1), and 26.9(a) and (c)(1 to 4), as described and
referred to in racketeering acts one through seventy herein,
and did thereby cause Thomas H. Haas, Sr. to omit the same from
the defense pleadings and docket entry no. 15, in the matter of
United States v. Smith IV, case No. 1:08-00389-001 (S.D. Ala.),
in violation of Title 18, United States Code, Section 1503.

90

Racketeering Act Seventy Two

Between Febraury 9 and March 29, 2009, B.J. Lyons, Noel Mozer, Sam Cochran, James Bo Lackey, Loren Watts, Mitch McRaye, Clint Ulmer, Ed Eversman, and others did corruptly endeavor to influence, impede and obstruct the due administration of justice, in further- ance of racketeering acts one through seventy one as described and referred to herein, by and through stealing property from 3900 Windsor Rd., Fowl River, Alabama, consisting of:

(1) one 2004 Ford Excursion, Limited Edition, 7.3 litre diesel, 4 X 4, and other equipment, Vin. No. 1FMUSU43F803EA2411; black;

(2) one white and tan Ford Excursion, Limited Edition, 7.3 litre diesel, 4 X 4, and other equipment, 2003, Vin. No.


(3) one 2006 Ford, green and tan, King Ranch, 4 X 4, dualey King Cab, 7.3 litre diesel, Vin. No. 206CEK19R8T1152866;

(4) one 2001 white and tan Ford Excursion, Limited Edition, 4 X 4, 7.3 litre diesel, and other equipment,

(5) one 1999 Ford,          , King Cab (Camo), 7.3 litre diesel (Power Stroke), 4 X 4, long wheel base/bed, and other equipment;

(6) one 1996 Z71 King Cab Silverado Chevrolet truck, 4 X 4, Camo Seats and other equipment, Vin No. 206CEK19R8T1152866,

with intent to transport, or cause another to transport, the said vehicles across state lines, in interstate or foreign commerce, in violation of Title 18, United States Code, Section 2316, and in doing so, while falsely imprisoning Edmond H. Smith IV at the Mobile County Metro Jail, with intent to influence, impede and prevent him from communicating the said theft of vehicles to a law enforcement officer or judge of the United States, in viola-

Case 3:19-cv-00002-RRB   Document 1   Filed 01/04/19   Page 92 of 146

tion of Title 18, United States Code, Section 1503.

Case 3:19-cv-00002-RRB   Document 1   Filed 01/04/19   Page 93 of 146

Racketeering Act Seventy Three

On or about February 11, 2009, William F. Cassady did corruptly endeavor to, and did so, influence, intimidate, and impede Thomas M. Haas, Sr., an officer of the District Court, from performing his duties as "Counsel" within the meaning of the Sixth Amendment to the Constitution of the United States, and did thereby obstruct the due administration of justice in the United States District Courts for the Southern District of Alabama and for the Eastern District of Louisiana, in the matters of United States v. Edmond H. Smith IV, Case No. 1:08-00389-WS-C (S.D. Ala.); Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322-WS-C (S.D. Ala.); Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0323 (S.D. Ala.); and Claims Service Provider, et al. v. The St. Paul Travelers Co.Inc., et al., Case No. 06-2475 (E.D. La.), by and through denying a motion for a detention hearing, filed by Thomas M. Haas, Sr., with intent to further influence, impede, and obstruct the due administration of justice by abdication of the regular judicial duties to make the jurisdictional inquiry required by Title 18, United States Code, Sections 921(a)-(20) and 922(g)(1), and the Alabama Rules of Criminal Procedure, Rules 1.1, 26.1(a)(1), and 26.9(a) and (c)(1 to 4), and to duly consider the relevant facts, described and referred to in racketeering acts one through seventy one herein, in violation of Title 18, United States Code, Section 1503.

93

Racketeering Act Seventy Four

On or about February 19, 2009, Kristi Dubose did corruptly endeavor to, and did so, influence, impede, and obstruct the due administration of justice in the United States District Courts for the Southern District of Alabama and for the Eastern District of Louisiana in the matters of United States v. Edmond H. Smith IV, Case No. 1:08-00389-WS-C (S.D. Ala.); Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322-WS-C (S.D. Ala.); Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0323-WS-C (S.D. Ala.); and Claims Service Provider, et al. v. The St. Paul Travelers Co. Inc., et al., 06-2475 (E.D. La.), by and through denying an appeal, filed by Thomas M. Haas, Sr., from the denial of a motion for a detention hearing, as described and referred to in racketeering act seventy two herein, knowing that the jurisdictional prerequisites under Title 18, United States Code, Sections 921(a)(20) and 922(g)(1) and the Alabama Rules of Criminal Procedure, Rules 1.1, 26.1(a)(1), and 26.9(a) and (c)(1 to 4), did not exist, in violation of Title 18, United States Code, Section 1503.

94

## Racketeering Act Seventy Five

On or about March 10, 2009, Adam A. Overstreet did corruptly endeavor to, and did so, influence, impede, and obstruct the due administration of justice in the United States District Courts for the Southern District of Alabama and for the Eastern District of Louisiana in the matter of United States v. Edmond H. Smith IV, Case No., 1:08-00389-WS-C (S.D. Ala.); Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322-WS-C (S.D.Ala.); Lexington Insurance Co. v. Edmond H. Smith III, Case No. 07-0323-WS-C (S.D.Ala.); and Claims Service Provider, et al. v. The St. Paul Travelers Co., Inc., et al., Case No. 06-2475 (E.D.La.), by and through submission of a motion in limine, with intent to obstruct the adjudication of the issue of whether or not the jurisdictional prerequisites of Title 18, United States Code, Sections 921(a)(20) and 922(g)(1), and the Alabama Rules of Criminal Procedure, Rules 1.1, 26.1(a)(1), and 26.9(a) and (c)(1 to 4), existed on the face of the record, that is the Case Action Summary Sheets, for the City of Mobile v. Smith IV, Case No. MC-04-5762 (Mobile Mun. Ct.); State v. Smith IV, Case No. CC-04-4167 (Mobile Co. Cir. Ct.); and State v. Smith IV, Case No. CC-07-3375 (Mobile Co. Cir. Ct.), and did so, in violation of Title 18, United States Code, Section 1503.

95

Racketeering Act Seventy Six

On or about March 11, 2009, William H. Steele did corruptly
endeavor to, and did so, influence, impede, and obstruct the
due administration of justice in the United States District Courts
for the Southern District of Alabama and for the Eastern District
of Louisiana in the matter of United States v. Edmond H. Smith IV,
Case No. 1:08-00389-WS-C (S.D.Ala.); Lexington Insurance Company v.
Evan J. Wolfe, et al., Case No. 07-0322-WS-C (S.D. Ala.);
Lexington Insurance Company v. Edmond H. Smith III, Case No.
07-0323-WS-C (S.D. Ala.); and Claims Service Provider, et al. v.
The St. Paul Travelers Co., Inc., et al., Case No. 06-2475 (E.D.La.),
by and through ordering Thomas M. Haas, Sr., to file a response to
the motion in limine filed by Adam A. Overstreet on March 10, 2009,
docket entry 25, knowing that the jurisdictional prerequisites did
not exist under Title 18, United States Code, Sections 921(a)(20)
and 922(g)(1), on the face of the records, that is the Case Action
Summary Sheets, under the Alabama Rules of Criminal Procedures,
Rules 1.1, 26.1(a)(1), and 26.9(a)(1) and (c)(1 to 4), in the
matter of City of Mobile v. Smith IV, Case No. MC-04-5762 (Mobile
Mun. Ct.); State v. Smith IV, Case No. CC-04-4167 (Mobile Co. Cir.
Ct.); and State v. Smith IV, Case No. CC-07-3375 (Mobile Co. Cir.
Ct.), in violation of Title 18, United States Code, Section 1503.

## Racketeering Act Seventy Seven

On or about March 13, 2009, William H. Steele did corruptly endeavor to, and did so, influence, impede, and obstruct the due administration of justice in the United States District Courts for the Southern District of Alabama and for the Eatsern District of Louisiana in the matter of United States v. Edmond H. Smith IV, Case No. 1:08-00389-WS-C (S.D. Ala.); Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322-WS-C (S.D. Ala.); Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0323-WS-C (S.D. Ala.); and Claims Service Provider, et al. v. The St. Paul Travelers Co., Inc., et al., Case No. 06-2475 (E.D. La), by and through granting the motion in limine filed by Adam A. Overstreet, docket entry 25, with intent to obstruct the due adjudication of the issue of whether or not the jurisdictional prerequisites existed as required by Title 18, United States Code, Sections 921(a)(20) and 922(g)(1) and the Alabama Rules of Criminal Procedure, Rules 1.1, 26.1(a)(1), and 26.9(a)(1) and (c)(1 to 4), in the matter of City of Mobile v. Smith IV, Case No. MC-04-5762 (Mobile Mun. Ct.); State v. Smith IV, Case No. CC-04-4167 (Mobile Co. Cir. Ct.); and State v. Smith IV, Case No. CC-07-3375 (Mobile Co. Cir. Ct.), knowing that the said jurisdictional prerequisites did not exist on the face of the records, that is the Case Action Summary Sheets, thereof, in violation of Title 18, United States Code, Section 1503.

97

Racketeering Act Seventy Eight

On or about March 16, 2009, William H. Steele, Adam A.
Overstreet, Gregory A. Bordenkircher, Richard H. Loftin, Steven
E. Butler, Michele C. O'Brien, and others did corruptly endeavor
to, and did so, influence, impede, and obstruct the due adminis-
tration of justice in the United States District Courts for the
Southern District of Alabama and for the Eastern District of
Louisiana in the matter of United States v. Edmond H. Smith IV,
Case No. 1:08-00389-WS-C (S.D. Ala.); Lexington Insurance Company
v. Evan J. Wolfe, et al., Case No. 07-0322-WS-C (S.D. Ala.);
Lexington Insurance Company v. Edmond H. Smith III, Case No.
07-0323-WS-C (S.D. Ala.); and Claims Service Provider, et al. v.
The St. Paul Travelers Co., Inc., et al., Case No. 06-2475 (E.D.La.),
by and through perpetrating a fraud against the administration of
justice and the petit jury in the matter of United States v.
Smith IV, Case No. 1:08-00389-001 (S.D.Ala.), by falsely and
fraudulently representing to the said District Court and petit
jury thereof that Edmond H. Smith IV had been convicted of a felony,
that is a violation of Alabama Criminal Code §13A-11-72(a), in the
matter of State v. Smith IV, Case No. CC-07-3375 (Mobile Co. Cir.
Ct.), knowing that Charles Graddick had induced Edmond H. Smith IV
to plead guilty to a misdemeanor offense, a violation of Alabama
Criminal Code §13A-11-72(b), during the proceedings thereof,
in part because Edmond H. Smith IV refused to plead guilty and
because Charles Graddick knew that no adjudication of guilt existed
as required by the Alabama Rules of Criminal Procedure, Rules 1.1,
26.1(a)(1), 26.1(a)(1), and 26.9(a)(1) and (c)(1 to 4), in the
matter of City of Mobile v. Smith IV, Case No. MC-04-5762 (Mobile

Mun. Ct.); and State v. Smith IV, Case No. CC-04-4167 (Mobile Co. Cir.Ct.), in violation of Title 18, United States Code, Section 1503.

Case 3:19-cv-00002-RRB   Document 1   Filed 01/04/19   Page 100 of 146

## Racketeering Act Seventy Nine

On or about March 17, 2009, William H. Steele did corruptly
endeavor to, and did so, influence, impede, and obstruct the due
administration of justice in the United States District Courts
for the Southern District of Alabama and for the Eastern District
of Louisiana in the matter of United States v. Edmond H. Smith IV,
Case No. 1:08-00389-WS-C (S.D. Ala.); Lexington Insurance Company
v. Evan J. Wolfe, et al., Case No. 07-0322-WS-C (S.D. Ala.);
Lexington Insurance Company v. Edmond H. Smith III, Case No.
07-0323-WS-C (S.D.Ala.); and Claims Service Provider, et al. v.
The St. Paul Travelers Co., Inc., Case No. 06-2475 (E.D.La.),
by and through entering an order in the matter of United States
v. Smith IV, Case No. 1:08-00389-001 (S.D.La.), falsely and fraudu-
lently stating that a jury trial had been held in which the jury
had duly determined that Edmond H. Smith IV had violated Title
18, United States Code, Section 922(g)(1), therein, while
William H. Steele knew that no adjudication of guilt had been
made in accordance with Title 18, United States Code, Sections
921(a)(20) and 922(g)(1), and Alabama law, that is, the Alabama
Rules of Criminal Procedure, Rules 1.1, 26.1(a)(1), and 26.9(a)(1)
and (c)(1 to 4), to determine whether or not Edmond H. Smith IV
had been duly convicted of a felony in the matter of City of
Mobile v. Smith IV, Case No. MC-04-5762 (S.D.Ala.); State v.
Smith IV, Case No. CC-04-4167 (Mobile Co. Cir. Ct.); and State
v. Smith IV, Case No. CC-07-3375 (Mobile Co. Cir. Ct.), in
violation of Title 18, United States Code, Section 1503.

## Racketeering Act Eighty

On or about April 10, 2009, William H. Steele did corruptly endeavor to, and did so, influence, impede, and obstruct the due administration of justice, generally, and specifically the organic "judicial Power" of the People mandated by U.S. Const., Art III, §§ 1 and 2, and the Bill of Rights, by and through acting extra-constitutionally as a commissioner to Congress, pursuant to Title 28, United States Code, Section 132(c)'s "rule or order of court" clause, and thusly civil-law "judicial power" extended from Art IV, § 3 of the Constitution of the United States, without authority, and did so order an officer of the United States to prepare a Presentence Investigation Report ("PSIR" herein) as shown by docket entry number 36, pursuant to Federal law regulating the said civil-law "judicial power," and did thereby perpetrate a fraud against the due administration of justice by omission of the fact that no adjudication of guilt and the legal rights of Edmond H. Smith IV ever occurred nor existed on the face of the record in the matters of City of Mobile v. Edmond H. Smith IV, MC-04-5762 (Mobile Mun. Ct.); State v. Edmond H. Smith IV, CC-04-4167 (Mobile Co. Cir. Ct.) and State v. Edmond H. Smith IV, CC-07-3375 (Mobile Co. Cir. Ct.), in violation of Title 18, United States Code, Section 921(a)(20) and Section 1503.

101.

## Racketeering Act Eighty One

In furtherance of racketeering act eighty herein, during April of 2009, and faced with vicarious liability, civil and criminal, arising from racketeering acts one through seventy nine herein, Federal agents, Sam Cochran and others did corruptly endeavor to, and did so, influence, impede and obstruct the due administration of justice by and through placing Paul Albert in a jail-cell with Edmond H. Smith IV, located at the Mobile Metro Jail, Mobile, Alabama, and instructing Paul Albert to pretend to be blind to curry friendship by deception from Edmond H. Smith IV, and further instructing Paul Albert to illicit and provoke Edmond H. Smith IV into making threats against William H. Steele to be used commence a second unlawful prosecution against Edmond H. Smith IV in the United States District Court for the Southern District of Alabama, knowing that he was then falsely and unlawfully being held in state and Federal custody, without authority, with intent to exploit the said unlawful imprisonment, by and through fabrication of a second Federal crime against him, in violation of Title 18, United States Code, Section 1503.

102

## Racketeering Act Eighty Two

On or about May 11 to May 13, 2009, Paul Albert, a reputed citizen of Isreal, confidence man, and infamous person interested in the outcome of the corrupt proceedings of the United States District Courts for the Southern District of Alabama and for the Eastern District of Louisiana in the matters of United States v. Edmond H. Smith IV, Case No. 1:08-00389-WS-C (S.D. Ala.); Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322-WS-C (S.D. Ala.); Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0323 (S.D. Ala.); and Claims Service Provider, et al. v. The St. Paul Travelers Co., Case No. 06-2475 (E.D. La.), did corruptly endeavor to, and did so, influence, impede and obstruct the due administration of justice, in connection with the said proceedings, by writing and mailing a letter to Gregory A. Bordenkircher and requesting a meeting at the Mobile County Metro Jail for the purpose of reaching an agreement targeting Edmond H. Smith IV, with intent to provoke Smith into making treatening statements against Gregory A. Bordenkircher, William H. Steele, and others, knowing that they had participated in the unlawful imprisonment and torture of Edmond H. Smith IV, and were continuing to do so, in violation of Title 18, United States Code, Section 1503.

103

Racketeering Act Eighty Three

On or about May 29, 2009, Paul Albert, Gregory A. Bordenkircher, and another unknown named state or Federal agent did corruptly endeavor to, and did so, influence, impede and obstruct the due administration of justice in the matters of United States v. Edmond H. Smith IV, Case No. 1:08-00389-WS-C and Case No. 09-00158 (S.D. Ala.); Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322 (S.D. Ala.); Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0323 (S.D. Ala.); and Claims Service Provider, et al. v. The St. Paul Travelers Co., Case No. 06-2475 (E.D. La.), by participation in a scheme to exploit the unlawful imprisonment and torture of Edmond H. Smith IV in the Mobile County Metro Jail, with intent to provoke him into making threats against those involved in his unlawful imprisonment and torture for the further unlawful objective and purpose of continuing the unlawful imprisonment, torture, and oppression against him, in connection with the said matters and proceedings, in violation of Title 18, United States Code, Section 1503.

104

## Racketeering Act Eighty Four

On or about May 30, 2009, Paul Albert, Joseph T. White, J. Deanne Lindsey, Paul Burch, Kevin Patterson, Gregory A. Bordenkircher, and others did corruptly endeavor to, and did so, influence, impede and obstruct the due administration of justice in the matters of United States v. Edmond H. Smith IV, Case No. 1:08-00389-WS-C and Case No. 09-00158 (S.D. Ala.); Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322 (S.D. Ala.); Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0323 (S.D. Ala.); and Claims Service Provider, et al. v. The St. Paul Travelers Co., Case No. 06-2475 (E.D. La.), by participation in a scheme in which a body recorder was placed on Paul Albert at the Mobile County Metro Jail, Mobile, Alabama, and Paul Albert was directed to go to a jail-cell where Edmond H. Smith IV was being unlawfully imprisoned, and, knowing his imprisonment was unlawful, Joseph T. White, J. Deanne Lindsey, Paul Burch, Kevin Patterson, and Gregory A. Bordenkricher further directed Paul Albert to exploit the unlawful imprisonment and torture of Edmind H. Smith IV and thereby solicit threatening statements from him, with intent to continue the oppression against him, in violation of Title 18, United States Code, Section 1503.

105

## Racketeering Act Eighty Five

On or about June 1, 2009, Paul Albert, Joseph T. White, J. Deanne Lindsey, Paul Burch, Kelvin Patterson, and others did corruptly endeavor to, and did so, influence, impede and obstruct the due adminitsration of justice in the matters of United States v. Edmond H. Smith IV, Case No. 1:08-00389-WS-C (S.D. Ala.) and Case No. 09-00158 (S.D. Ala.); Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0323 (S.D. Ala.); Lexington Insurance Company v. Evan J. Wolfe, et al., 07-0322 (S.D. Ala.); and Claims Service Provider, et al. v. The St. Paul Travelers Co., Case No. 06-2475 (E.D. La.), by participation in a scheme in which a body recorder was to be placed on Paul Albert at the Mobile County Metro Jail, Mobile, Alabama, and Paul Albert then placed in a jail-cell with Edmond H. Smith IV, with intent to further exploit the unlawful imprisonment, torture, and oppression against him, and, knowing he was unlawfully imprisoned, Joseph T. White, J. Deanne Lindsey, Paul Burch, and Kevin Patterson further directed Paul Albert to exploit the unlawful imprisonment and torture of Edmond H. Smith IV and thereby solicit threatening statements and evidence from him, with intent to continue the oppression against him, in violation of Title 18, United States Code, Section 1503.

106

## Racketeering Act Eighty Six

On or about June 2, 2009, Paul Albert, Joseph T. White, J. Deanne Lindsey, and Kelvin Patterson did corruptly endeavor to, and did so, influence, impede and obstruct the due administration of justice in the matters of United States v. Edmond H. Smith IV, Case No. 1:08-00389-WS-C and Case No. 09-00158 (S.D. Ala.); Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322 (S.D. Ala.); Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0323 (S.D. Ala.); and Claims Service Provider, et al. v. The St. Paul Travelers Co., Case No. 06-2475 (E.D. La.), by participation in a scheme in which Paul Albert was to solicit information from Edmond H. Smith IV, while Joseph T. White, J. Deanne Lindsey, and Kevin Patterson knew that Edmond H. Smith IV had been, and was continuing to be, unlawfully imprisoned, tortured, and oppressed, without just cause and authority, with intent to continue to exploit the same against Edmond H. Smith IV, in violation of Title 18, United States Code, Section 1503.

107

## Racketeering Act Eighty Seven

On or about June 8, 2009, Paul Albert, J. Deanne Lindsey, Paul Burch, and Kelvin Patterson did corruptly endeavor to, and did so, influence, impede and obstruct the due administration of justice in the matters of United States v. Edmond H. Smith IV, Case No. 1:08-00389-WS-C and Case No. 09-00158 (S.D. Ala.); Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322 (S.D. Ala.); Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0323 (S.D. Ala.); and Claims Service Provider, et al. v. The St. Paul Travelers Co., Case No. 06-2475 (E.D. La.), by participation in a scheme in which Paul Albert was directed by J. Deanne Lindsey, Paul Burch, and Kelvin Patterson to solicit information from Edmond H. Smith IV, knowing that he was then unlawfully imprisoned, tortured, and oppressed, with intent to gather and use the said information to continue the unlawful imprisonment, torture, and oppression against him, in violation of Title 18, United States Code, Section 1503.

Racketeering Act Eighty Eight

On or about June 9, 2009, Jesse Villa and J. Deanne Lindsey did corruptly endeavor to, and did so, influence, impede and obstruct the due administration of justice in the matters of United States v. Edmond H. Smith IV, Case No. 1:08-00389-WS-C and Case No. 09-00158 (S.D. Ala.); Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322 (S.D. Ala.); Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0323 (S.D. Ala.); and Claims Service Provider, et al. v. The St. Paul Travelers Co., Case No. 06-2475 (E.D. La), by participation in a scheme in which J. Deanne Lindsey did place a body recorder on Jesse Villa and instruct him to pretend to be an attorney and demand payment for the assassinations of several individuals, Noel Moser, Gregory Bordenkircker, William Steele, Trey Oliver, Eddie Curran, Bo Lackey, Sam Cocharn, Lauren Watts, Mitch McRae, Clint Ulmer, Jack Garret, Terry Steele, Miguel Alaha, and Mike Parker, all of whom had been involved in racketeering acts one to eighty one as described and referred to herein, were then directly or indirectly involved in the continuing unlawful imprisonment, torture, and oppression against Edmond H. Smith IV, with intent to exploit and continue the same against him, in violation of Title 18, United States Code, Section 1503.

## Racketeering Act Eighty Nine

On or about June 9, 2009, Paul Albert did corruptly endeavor to, and did so, influence, impede and obstruct the due adminis-tration of justice in the matters of United States v. Edmond H. Smith IV, Case No. 1:08-00389-WS-C and Case No. 09-00158 (S.D. Ala.); Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322 (S.D. Ala.); Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0323 (S.D. Ala.); and Claims Service Provider, et al. v. The St. Paul Travelers Co., Case No. 06-2475 (E.D. La.), by participation in a scheme in which Paul Albert had solicited and provoked information from Edmond H. Smith IV to be used against him and his business and property, knowing that he was then the victim of unlawful imprisonment, torture, and oppression, by Mobile County sheriffs and Federal officers and agents, in connection with the aforesaid matters and proceedings, and Paul Albert continued to provide information to James Copeland, a U.S. Deputy Marshal, regarding the same and Edmond H. Smith IV, with intent to continue the said unlawful imprisonment, torture, and oppression against him, in violation of Title 18, United States Code, Section 1503.

Racketeering Act Ninety One

Between April 10 and June 9, 2009, Jessica James did corruptly
endeavor to, and did so, influence, impede and obstruct the due
administration of justice in the matters of United States v.
Edmond H. Smith IV, Case No. 1:08-00389-WS-C and Case No. 1:09-
00158-JTC-GGB (S.D. Ala.); Lexington Insurance Company v. Evan J.
Wolfe, et al., Case No. 07-0322-WS-C (S.D. Ala.); Lexington
Insurance Company v. Edmond H. Smith III, Case No. 07-0323 (S.D.
Ala.); and Claims Service Provider, et al. v. The St. Paul
Travelers Co., Inc., Case No. 06-2475 (E.D. La.), by and through
investigating the fact that no adjudication of the rights and
guilt of Edmond H. Smith IV existed as required by the Alabama
Rules of Criminal Procedure, Rules 1.1, 26.1(a)(1), and 26.9(a)(1)
and (c)(1 to 4) to sustain a conviction by law in the matters of
City of Mobile v. Smith IV, Case No. MC-04-5762 (Mobile Mun. Ct.);
State v. Smith IV, Case No. CC-04-4167 (Mobile Co. Cir. Ct.); and
State v. Smith IV, Case No. CC-07-3375 (Mobile Co. Cir. Ct.) and
as further required by Title 18, United States Code, Section 921(a)-
(20), to sustain a conviction in the matter of United States v.
Smith IV, Case No. 1:08-00389-001 and Case No. 1:09-00158-JTC-GGB,
and, upon discovering that the required adjudication did not exist
in the underlying jurisdictional predicates, Jessica James knowingly
and intentionally omitted that fact from the Presentence Investiga-
tion Report, and did thereby falsify the same, with intent to
influence, impede and obstruct the due administration of justice
in violation of Title 18, United States Code, Section 1503.

## Racketeering Act Ninety One

On or about June 9, 2009, Jessica James did corruptly endeavor to, and did so, influence, impede and obstruct the due administration of justice in the matters of United States v. Edmond H. Smith IV, Case No. 1:08-00389-WS-C and Case No. 1:09-00158-JTC-GGB (S.D. Ala.); Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322-WS-C (S.D. Ala.); Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0323-WS-C (S.D. Ala.); and Claims Service Provider, et al. v. The St. Paul Travelers Co., Inc., Case No. 06-2475 (E.D. La.) by knowingly, intentionally, and willfully submitting a Presentence Investigation Report to the United States District Court for the Southern District of Alabama in which Jessica James had omitted the fact that no adjudication of guilt had been performed as required by Alabama law, that is the Alabama Rules of Criminal Procedure, Rules 1.1, 26.1(a)(1), and 26.9(a)(1) and (c)(1 to 4), and by Title 18, United States Code, Section 921(a)(20), in the matters of City of Mobile v. Smith IV, Case No. MC-04-5762 (Mobile Mun. Ct.); State v. Smith IV, Case No. CC-04-4167 (Mobile Co. Cir. Ct.); and State v. Smith IV, Case No. CC-07-3375 (Mobile Co. Cir. Ct.), with intent to perpetrate a fraud against the due administration of justice, in violation of Title 18, United States Code, Section 1503.

## Racketeering Act Ninety Two

On or about June 12, 2009, John Sprinkle, J. Deanne Lindsey, and Noel Mozer did corruptly endeavor to, and did so, influence, impede and obstruct the due administration of justice in the matter of United States v. Edmond H. Smith IV, Case No. 1:08-00389-WS-C (S.D. Ala.) and Case No. 09-00158 (S.D. Ala.); Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322-WS-C (S.D. Ala.); Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0323-WS-C (S.D. Ala.); and Claims Service Provider, et al. v. The St. Paul Travelers Co., Inc., Case No. 06-2475 (E.D. La.), by and through John Sprinkle and J. Deanne Lindsey soliciting false information from Noel Mozer, and Noel Mozer did so provide false information, to-wit:

(1) That Noel Mozer had helped Edmond H. Smith IV with foreclosures on property;

(2) That Noel Mozer dealt with banks for Edmond H. Smith IV;

(3) That Edmond H. Smith IV had portrayed himself as Evan J. Wolfe to a bank;

(4) That Noel Mozer had discovered that Edmond H. Smith IV's foundation, that is the Great Southern Outdoors Foundation and Institute, did not exist;

(5) That Noel Mozer had helped Evan J. Wolfe get out of the deal on the purchase of the property commonly known as 3900 Windsor Rd., Fowl River, Alabama;

(6) That Edmond H. Smith IV had held a sword to Noel Mozer's neck;

(7) That Edmond H. Smith IV had grabbed Noel Mozer around his neck, and threatened him; and,

113

(8) That Edmond H. Smith IV carried a two shot derringer in his pocket, and had threatened to shoot Noel Mozer at Fishbone's restaurant; and

(9) That Edmond H. Smith IV had called Noel Mozer and offered him fifty thousand dollars ($50,000.00) to screw Evan J. Wolfe out of the property commonly known as 3900 Windsor Rd., Fowl River, Alabama; and,

(10) That Edmond H. Smith IV had forged Evan J. Wolfe's signature and the bank's name on an insurance check worth three million dollars ($3,000,000.00),

with intent to influence, impede and obstruct the due administration of justice, in connection with the aforesaid matters, in violation of Title 18, United States Code, Section 1503.

## Racketeering Act Ninety Three

On or about June 16, 2009, John **Sprinkle**, J. Deanne Lindsey, Noel Mozer, and others did corruptly endeavor to, and did so, influence, impede and obstruct the due administration of justice in the matters of United States v. Edmond H. Smith IV, Case No. 1:08-00389-WS-C and Case No. 1:09-00158-JTC-GGB (S.D. Ala.); Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322-WS-C (S.D. Ala.); Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0323 -WS-C (S.D. Ala.); and Claims Service Provider, et al. v. The St. Paul Travelers Co., Inc., Case No. 06-2475 (E.D. La.), by and through John Sprinkle, J. Deanne Lindsey, Noel Mozer and others soliciting false information from Evan J. Wolfe, and Evan J. Wolfe did so provide false information, to-wit:

(1) That Edmond H. Smith IV was a convicted felon in April of 2008, and had gone to the house of Evan J. Wolfe, located at 3900 Windsor Rd., Theodore, Alabama, and busted in and assaulted Evan J. Wolfe with a gun, and that Evan J. Wolfe had pulled a gun to defend himself from Edmond H. Smith IV;

(2) That Edmond H. Smith IV always carried a 45 caliber gun, a 38 caliber gun, and a derringer with him;

(3) That Jim Steeger of Mobile, Alabama, had taken charge of the possessions of Edmond H. Smith IV while he was in jail, and had put Smith's property in storage so that authorities could not find Smith's property;

(4) That Jim Steeger was part of Smith's scheme to rip-off hunters by taking them hunting on Federal Game Reserve property, under the name of a company called Big Game Adventures; and,

115

(5) That Mike Parker bought the "Hooters" boat and gave it to
Edmond H. Smith IV, and Parker repossessed the boat and mounted
deer heads from Smith when he did not pay Parker,
with intent to influence, impede and obstruct the due administration
of justice, in connection with the aforesaid matters and proceed-
ings in the United States District Courts, in violation of Title
18, United States Code, Section 1503.

Racketeering Act Ninety Four

On or about August 4, 2009, Joel F. Dubina and Jack T. Camp did corruptly endeavor to, and did so, influence, impede and obstruct the due administration of justice in the matters of United States v. Smith IV, Case No. 1:08-00389-WS-C and Case No. 1:09-00158-JTC-GGB (S.D. Ala.); Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322-WS-C (S.D. Ala.); Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0323 (S.D. Ala.); and Claims Service Provider, et al. v. The St. Paul Travelers Co., Inc., Case No. 06-2475 (E.D. La.), by and through Joel F. Dubina designating Jack T. Camp to act in the extra-constitutional capacity of a commissioner to Congress, pursuant to the "rule or order of court" clause of Title 28, United States Code, Section 132(c) and the Federal Rules of Criminal Procedure and other extra-constitutional acts of Congress, in connection with the said matters and proceedings of the United States District Courts for the Southern District of Alabama and for the Eastern District of Louisiana, and by and through Jack T. Camp ratifying such designation, with intent to act as an extra-constitutional commissioner to Congress and thereby exercise civil-law "judicial power" under the pretext of U.S. Constitution, Art IV, § 3, "Power" being extended to the said matters and proceedings, without authority, and by deception, in violation of Title 18, United States Code, Section 1503.

117

## Racketeering Act Ninety Five

Between August 4 and November 16, 2009, Sam Cochran and one or more deputy sheriffs at the Mobile County Metro Jail did corruptly endeavor to, and did so, influence, impede and obstruct the due administration of justice in the matters and proceedings of United States v. Smith IV, Case No. 1:08-00389-WS-C and Case No. 1:09-00158-JTC-CGB (S.D. Ala.); Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322-WS-C (S.D.Ala.); Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0323-WS-C (S.D. Ala.); and Claims Service Provider, et al. v. The St. Paul Travelers Co., Inc., Case No. 06-2475 (E.D. La.), by and through placing Edmond H. Smith IV in a segregation cell at the Mobile County Metro Jail, with intent to oppress his ability to investigate the facts and exercise his civil rights, in connection with the said matters and proceedings, and did so, in violation of Title 18, United States Code, Section 1503.

Racketeering Act Ninety Six

Between August 4 and November 16, 2009, David Goldberg, Paul Albert, Joseph T. White, Deanne Lindsey, Paul Burch, Kelvin Patterson, and others did corruptly endeavor to, and did so, influence, impede and obstruct the due administration of justice in the matters of United States v. Smith IV, Case No. 1:08-00389-C and Case No. 1:09-00158-JTC-GGB (S.D. Ala.); Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322-WS-C (S.D. Ala.); Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0323-WS-C (S.D. Ala.); and Claims Service Provider, et al. v. The St. Paul Travelers Co., Inc., Case No. 06-2475 (E.D. La.), by and through knowingly, intentionally, willfully, and fraudulently making representations to be provided to, and provided to, a grand jury against Edmond H. Smith IV, along with a civil-law indictment, charging him with violating Title 18, United States Code, Sections 115(a)(1), 373(a), and 1001, while withholding information from the said grand jury regarding the fact that the information regarding the said alleged Federal offenses was then spoils of racketeering acts one through ninety four herein, with intent to deceive the said grand jury regarding the same, in violation of Title 18, United States Code, Section 1503.

∗∗( THOSE INVOLVED; WITHHELD THE FACT's THAT THE [ALLEDGED]AUDIO RECORDINGS WERE SPLICED, DOCTORED AND)∗∗
( OR ALTERED, THEN SUBSEQUENTLY ENTERED AS EVIDENCE TO (MY) COMPLICITY IN A CRIME OR WRONGDOING OF )
( MAKING A THREAT, IS A "FRAUD ON THE COURT" AND "FRAUD AGAINST THE DUE ADMINISTRATION OF JUSTICE", )
( PROSECUTORS CREATING FRAUDULENT TESTIMONY, AND HIDEING EXCULPATORY EVIDENCE[BRADY VIOLATIONS !!] )

119

Case 3:19-cv-00002-RRB   Document 1   Filed 01/04/19   Page 120 of 146

Racketeering Act Ninety Seven

Between August 4 and November 16, 2009, Gerrilyn G. Brill did corruptly endeavor to, and did so, influence, impede and obstruct the due administration of justice in the matters of United States v. Smith IV, Case No. 1:08-00389-WS-C and Case No. 1:09-00158-JTC-GGB (S.D. Ala.); Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322-WS-C (S.D. Ala.); Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0322-WS-C (S.D. Ala.); and Claims Service Provider, et al. v. The St. Paul Travelers Co., Inc., 06-2475 (E.D. La.), by and through knowingly, intentionally, willfully, and fraudulently appointing J. Clark Stankoski to act as defense counsel, knowing that he was not "Counsel" within the meaning of the Sixth Amendment to the Constitution of the United States, because he had abandoned the duties thereof, and had opted to act as counsel under Federal civil-law rule in exchange for payment from the Federal government, with intent to advance the unconstitutional exercise of civil-law "judicial power" from Congress via the "rule or order of court" clause of Title 28, United States Code, Section 132(c), and Federal Rules prescribed by act of Congress, with intent to deceive Edmond H. Smith IV and the society at large regarding the same, in violation of Title 18, United States Code, Section 1503.

120

Racketeering Act Ninety Eight

Between August 4 and November 16, 2009, Gerrilyn G. Brill
and David Goldberg     did corruptly endeavor to, and did so,
influence, impede and obstruct the due administration of justice
in the matters of United States v. Smith IV, Case No. 1:08-00389-
WS-C and Case No. 1:09-00158-JTC-GGB (S.D. Ala.); Lexington
Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322-WS-
C (S.D. Ala.); Lexington Insurance Company v. Edmond H. Smith III,
Case No. 07-0323-WS-C (S.D. Ala.); and Claims Service Provider, et
al. v. The St. Paul Travelers Co., Inc., Case No. 06-2475 (E.D. La.),
by and through knowingly, intentionally, and willfully presenting
Edmond H. Smith IV with a civil-law indictment charging him
with violating Title 18, United States Code, Sections 115(a)(1),
373(a), and 1001, with intent to deceptively circumvent the
protection of the organic "judicial Power" of the American people
mandated by U.S. Const., Art III, §§ 1 and 2, and guaranteed by the
Bill of Rights, and with intent to deceptively substitute the same
with an extra-constitutional civil-law "judicial power" via the
"rule or order of court" clause of Title 28, United States Code,
Section 132(c), and the Federal Rules of Criminal Procedure and of
Evidence, in violation of Title 18, United States Code, Section
1503.

121

Racketeering Act Ninety Nine

Between August 4, 2009, and January 6, 2010, Gerrilyn G. Brill, Jack T. Camp, David Goldberg, J. Clark Stankoski, and others did corruptly endeavor to, and did so, influence, impede and obstruct the due administration of justice in the matters of United States v. Smith IV, Case No. 1:08-00389-WS-C and Case No. 1:09-00158-JTC-GGB; Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322-WS-C (S.D. Ala.); Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0323-WS-C (S.D. Ala.); and Claims Service Provider, et al. v. The St. Paul Travelers Co., Inc., Case No. 06-2475 (E.D. La.), by and through knowingly, intentionally, willfully, and fraudulently conducting and participating in a criminal prosecution against Edmond H. Smith IV and related proceedings, while deceptively circumventing the protection of the organic "judicial Power" of the American people mandated by U.S. Const., Art III, §§ 1 and 2, and guaranteed by the Bill of Rights, and deceptively substituting the same with an extra-constitutional civil-law "judicial power" from Congress via the "rule or order of court" clause of Title 28, United States Code, Section 132(c) and the Federal Rules of Criminal Procedure and of Evidence, in violation of Title 18, United States Code, Section 1503.

122

## Racketeering Act One Hundred

On or about January 8, 2010, Jack T. Camp, Michele O'Brien, and others did corruptly endeavor to, and did so, influence, impede and obstruct the due administration of justice in the matters of United States v. Smith IV, Case No. 1:08-00389-WS-C and Case No. 1:09-00158-JTC-GGB; Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322-WS-C (S.D. Ala.); Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0323 (S.D. Ala.); and Claims Service Provider, et al. v. The St. Paul Travelers Co., Inc., Case No. 06-2475 (E.D. La.), by and through knowingly, intentionally, willfully, and fraudulently conducting a sentencing hearing and sentence   Edmond H. Smith IV to a prison term of forty months in a Federal prison, while deceptively circumventing the protection of the organic "judicial Power" mandated by U.S. Const., Art III, §§ 1 and 2, and guaranteed by the Bill of Rights, and deceptively substituting the same with an extra-constitutional civil-law "judicial power" from Congress via the "rule or order of court" clause of Title 28, United States Code, Section 132(c) and the Federal Rules of Criminal Procedure and of Evidence, in violation of Title 18, United States Code, Section 1503.

123

## Racketeering Act One Hundred and One

On or about January 8, 2010, Jack T. Camp and others did corruptly endeavor to, and did so, influence, impede and obstruct the due administration of justice in the matters of United States v. Smith IV, Case No. 1:08-00389-WS-C and Case No. 1:09-00158-JTC-GGB (S.D. Ala.); Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322-WS-C (S.D. Ala.); Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0323-WS-C (S.D. Ala.); and Claims Service Provider, et al. v. The St. Paul Travelers Co., Inc., Case No. C6-2475 (E.D. La.), by and through appointing J. Clark Stankoski to appeal the conviction of Edmond H. Smith IV in the matter of United States v. Smith IV, Case No. 1:08-00389-WS-C (S.D. Ala.), knowing that a serious conflict of interest existed between them, arising from the fact that J. Clark Stankoski had abandoned his duties as "Counsel" within the meaning of the Sixth Amendment, as described and referred to in racketeering acts ninety seven and ninety nine herein, with intent to deceptively continue the deprival of competent "Counsel" within the meaning of the Sixth Amendment on the direct appeal to the United States Court of Appeals for the Eleventh Circuit, in violation of Title 18, United States Code, Section 1503.

124

Racketeering Act One Hundred and Two

On or about January 13, 2010, Jack T. Camp did corruptly endeavor to, and did so, influence, impede and obstruct the due administration of justice in the matters of United States v. Smith IV, Case No. 1:08-00389-WS-C and Case No. 1:09-00158-JTC-GGB (S.D. Ala.) and Case No. 10-10280-H (11th Cir.); Lexington Insurance Company v. Evan J. Wolfe, et al., Case No. 07-0322-WS-C (S.D. Ala.); Lexington Insurance Company v. Edmond H. Smith III, Case No. 07-0322 (S.D. Ala.); and Claims Service Provider, et al. v. The St. Paul Travelers Co., Inc., Case No. 06-2475 (E.D. La.), by and through knowingly, intentionally, willfully, and fraudulently entering a judgment in the matter of United States v. Smith IV, Case No. 1:08-00389-WS-C (S.D. Ala.), without an adjudication by and through the exercise of the organic "judicial Power" mandated by U.S. Const., Art III, §§ 1 and 2, and guaranteed by the Bill of Rights, ever being conducted, and with intent to deceptively enter a civil-law judgment by and through the unconstitutional exercise of a civil-law type of "judicial power" extended to the District Court from the "rule or order of court" clause of Title 28, United States Code, Section 132(c) and the Federal Rules of Criminal Procedure and of Evidence; a civil-law practice unlawfully adopted from Congress' "Power" over territory and property of the United States under U.S. Const., Art IV, § 3, in violation of Title 18, United States Code, Section 1503.

125

On or about January - Febuary 2010,After being detained in custudy ever since January 7,2009,much of that time severly Ill in(solitary seg-rigation),in the Mobile Metro Jail infirmary unit,under the custody and control of (C.M.S.)and Sheriff Sam Cochran's Deputies.I was Court ordered by (NOW) former Federal Judge Jack T.Camp to (F.M.C.) Federal Medical Center, Butner North Carolina,for treatment and evaluation.Upon (P.C.C.) Perry County Corrections,officers (Warren and Black),arriveing,and pick-ing me up for transport,it became painfully obvious for them that somet-hing was extremely wrong with the helth of Edmond H.Smith IV,other than just A cut open infected bleeding foot.Upon being moved for transport to there (P.C.C./L.C.S.) van,from the Mobile Metro Jail Infirmary; I began to severly convulse,and began projectile vommitting uncontrolably. Spue-ing large amounts of A white substance,in the van along with the complete contents of the remainder of my stomach. After several instances of this, less than A mile away from the Metro Jail,they called for authorization to divert to a local hospital,for fear of Edmond H.Smith IV's emminent death,that authorization was denied.

After twenty-eight (28) times,I seemed to gather my ability to some-what function,and began to have the ability to communicate with them ab-out what they had been discussing only A few feet away from my precense about my condition,that had been POISONED! They said that they knew what was wrong with me,and that they knew that smell,that from years of working around farms,and useing and seeing it;"THAT WHITE STUFF,WAS RAT POISON" Upon our arrival at perry county corrections;all this was relayed,and I requested to be tested,I again was segrigated,and denied by there medcal

director Mrs. Nurse Blackmon to be tested for poisoning even though it was self-evident.Upon my arrival A week and A half later at Butner North Carolina (F.M.C.),I was medicaly evaluated,and among other things,it was observed that my remaining toe's and finger nails had A slight blue tint, and I was then tested.When the test results were returned, they were con- firmed to be "POSITIVE";for "ARSENIC" and "STRYCH-NINE" poisoning. I had been in custody at the Mobile Metro Jail for in excess of A year,the only place where I could of been poisoned.This was also done to advance there on-going racketeering acts One thrue One-hundred and Two as set forth herein,maliciously and delliberately to endeavor to impede,prevent,and obstruct the due course of the administration of justice in the matters of the illegalities perpetrated against Edmond H. Smith IV, His Family, properties,and buisness entities,in A pre-calculated cover-up even to the point of attempted murder.Those responsible under the direction of B.J.Lyon's,Sheriff Sam Cochran,goverment officials,Agents and others, did corruptly endeavor to,and did so,impede,influence and obstruct the due administration of justice in these matters,as well as Claims Services Provider.et al. V. the St. Paul Travelers Co.,Inc., No. 06-2475,within the Eastern District of Louisiana,Lexington Insurance Company V. Edmond H. Smith III Case No. 07-0323-WS-C,Lexington Insurance Company V.Evan J. Wolfe,et al. Case No. 07-0322-WS-C,within the southern District of Alab- ama,by and through knowingly,willfully,and frauduently entering into "Tyrannical Actions" AGAINST Edmond H.Smith IV and his interests in the matters of United States V. Smith IV Case No. 1:08-00389-WS-C (S.D. Ala.), without an ajudication by and through the exercise of the organic "Judi cial Power" mandated by U.S.Const.,Art III,§§ 1and2,and guaranteed by the Bill of Rights,ever being conducted,all in violation of Title 18, United States Code,Section 1503

# RACKETEERING ACT ONE HUNDRED AND THREE

On or about October 1,2010, L.C.S./Perry County Corrections Center did attempt to fasilitate serious bodily harm with the intent to cause the Death and Demise("MURDER") of Edmond Hudmond Smith IV,and did so to corruptly endeavor to influence, impede and obstruct the Due Administration of Justice in the matters of United States v. Smith IV, Case No.1:08-00389-WS-C and Case No. 1:09-00158-JTC-GCB (S.D.Aia.);Lexington Insurance Company v. Evan J. Wolfe et al. Case No. 07-0323-WS-C (S.D.Ala.);Lexington Insurance Company v. Edmond H. Smith III,Case No. 07-0323-WS-C(S.D.Ala.); and Claims Service Provider,et al.v. the ST. Paul Travelors Co.,INC., Case No. 06-2475(E.D.IA.) by and through the intentional placeing of A live (19'-to-22')inch venemous rattlesnake in the bed of Edmond Hudmond Smith IV's infirmary isolation room/cell in his absense . The placement of the rattlesnake was intended to facilitate serious bodily injury resulting in Death due to snake-bite and the subsequent allergic reaction to the venom without any access to anti-venom due to my current state of confinement.This was done with the intent by James Mullins and Rita Dial to deceptively continue to deprive the intended target of his life,liberty and property as has been described in racketeering acts ninety seven through one hundred and two in order to obstruct justice and join in the ovuscation and cover-up of the littany of criminal violations of state of Alabama and United States codes as well as Edmond Hudmond Smith IV's Civil Rights,Title 18 United States Code,Section 1503.

Case 3:19-cv-00002-RRB   Document 1   Filed 01/04/19   Page 129 of 146

## RACKETEERING ACT ONE HUNDRED AND FOUR

While being illegaly detained and imprisoned at U.S.P. Coleman I,On or about Febuary 15,2011 U.S.P. Coleman Staff (B.O.P.) emploies whom I previously did not know nor had ever made the aquantance of,joined in A criminal conspiracy to instigate the "MURDER" of Edmond Hudmond Smith IV,in A confirmed administrative threat to his life. A (B.O.P.)Counselor Santos ,in the supervision of A Warden Middlebrooks and Capt.Henger ,Lt.Revis with and through the wilfull participations of A.Gradfield,Co.Andre,Co.Walker, Co.Schnieder,Co.Garvin,Co.R.Rohrs,Co.T.Miles and Co.Lafayve all(B.O.P.) emploies,along with others,did corruptly-endeavor to,and did so violate Edmond Hudmond Smith IV's Civil Rights,impede,influence and obstruct the Due Administration of Justice in the matters of United States v. Smith IV,Case No. 1:08-00389-WS-C and Case No. 1:09-00158-JTC-CGB(S.D. Ala.);Lexington Insurance Company v. Evan.J.Wolfe,et al., Case No.07-322-WS-C(S.D.Ala.) ;Lexington Insurance Company v. Edmond H.Smith III,Case No. 07-323-WS-C(S.D.Ala.);and Claims Service Provider,et al.,v. the St.Paul Travelors Co.,INC.,Case No. 06-2475(E.D.LA.) by and through on three multiple occasions placeing Edmond Hudmond Smith IV,directly in A gang controlled occupied houseing cell/room,with the intent to cause the eminent stabbing and death "MURDER" of Edmond Hudmond Smith IV.When that was not successfull,and the actions of the staff were discovered Edmond Hudmond Smith IV was placed in protective custody in administrative seggregation(S.H.U.) and A (S.I.S) investagation later confirmed the plot and (B.O.P.) staff Administrative threat and violations of Edmond Hudmond Smith IV's rights as A (B.O.P.) staff retaliation against the life of Edmond Hudmond Smith_IV,as well as the subsequent abuses and tortue. In A later development I had the opportunity to confront Counselor SANTOS,before I was shipped and with A wittness asked him why he had attempted to "MURDER"me through his actions when I had never even spoaken to him previously, he admitted he had done that and I was not supposed to still be alive or A pain in there asses,he said I was very "Luckey".All this is in violation of Title 18,United States Code,section 1111,section 242,section 241,chapter 113(C) section 2340,section 1503 and others.

129

# RACKETEERING ACT ONE HUNDRED AND FIVE

After being transferred from U.S.P. Coleman I,to U.S.P. Terre Haute in Indiana where I continued to be illegally detained and imprisoned. On or about October 10, 2011 thrue December 13, 2012,(B.O.P.) staff in cooperation with Mobile County Sheriff's Department officials contracted the convict.John Forest Coon to interfere/sabotage the legal efforts and pursuits of Edmond Hudmond Smith IV,and report by phone to his co-conspirator serperiors on at least (30) occasions,of my progress and legal pursuit activities.Staff identified by Mr.Coon that were also in cooperation or complicent with the action was;Lt.Earwin,Co. Reardon,Co.Walden,Co.Kramer Co.Counselor Wasson with the support of (B.O.P.) emploies R.Harvey,E.Kesell and D.Lockett and the telephonic cummunications of at least (30) call's discovered to of been made by John Forest Coon to Mobile County Sheriff Sam Cochran,B.J. Lyon's,St.Paul Travelors I.C.S. & N.C.A. Agents,E.Curran and others involved in the racketeering act's behind the fraud's of Edmond Hudmond Smith IV's false imprisonment and cases,and not ,previously involved in any way with anything to do with Mr.Coon as he admitted in front of multiple witnesses  when questioned about it under duress. Once it was discovered that I and others now knew of these events and the plot,it was communicated to me by staff in A series of threats to my life,that these individuals and others intended to send my out of Terre Haute U.S.P. in A "Pine Box"by "MURDER" and repeated to me by A staff (S.I.S)Co.Merit,confirming the threats I had previously discounted as rumors. These previously announced individuals and others did corruptly endeavor and conspire to influence,impede and obstruct the Due Administration of Justice in the matters of United States v.Smith IV,Case No.1:08-00389-WS-C and Case No.1:09-CO158-JTC-GGB(S.D.Ala.); Lexington Insurance Company v. Evan J.Wolfe,et al.,Case No.07-0322-WS-C(S.D,Ala.);Lexington Insurance Company v. Edmond H. Smith III Case No. 07-C323-WS-C(S.D.Ala.0;and Claims service Provider,et al.,v. St. Paul Travelors Co.,INC., Case No. 06-2475(E.D.LA.).and did so as described in and referred to in racketeering acts ninety seven to one hundred and four,with the intent to deceptively deprive Edmond Hudmond Smith IV of life ,liberty and property and obstruct the D UE Administation of Justice in violation of Title 18,section 241,section242 and section 1111 and section 1503.

On or about July 31,2012 while being illegaly detained and imprisoned in Terre Haute Indiana U.S.P., Edmond Hudmond Smith IV was  unserimouniosly informed of the untimely wrongfull death of Edmond Hudmond Smith III my Father,in violation of the "Felony Murder" "Fowler  Act " statute,for A death occurring behind A crime of A "Felony".I was informed of this by A paper document by D.Holston(B.O.P.)emploie,and I would not be allowed to attend his funeral.All requests to do so,were denied.His Death was the result of his efforts to work to fund my defense,over the "Hoax" Fraudulant persecution and racketeering conspiracy against myself and our interests.

After being scheduled for transfer from U.S.P. Terre Haute to McCreary U.S.P. in Pine Not,Kentucky,.On or about August 28,2013 (B.O.P.)staff Co.Lotz,Lt.Earwin,Co.Harris, Co.D.Dittemore and Co.Staoski retaliated against Edmond Hudmond Smith IV for contacting the office of the Inspector General(O.I.G.)and interviewing with agent KIM THOMAS in reporting the MURDER of fellow inmate ISHMIAL GIBBSON,. I was then shipped to U.S.P. McCreary,but not before being repeatedly gassed by (O.C.S.) gassings multiple times prior to being transfered.This was done to torture me and illegally affixiate me to impede,influence and obstruct the Due Administration of Justice in the matters of the (O.I.G.)"Murder"Investigation into Terre Haute Indiana U.S.P. (S.H.U.),as well as the matters of United States v.Smith IV,Case No.1:08-00389-WS-C and Case No.1:09-00158-JTC-GGB(S.D.Ala.);;Lexington Insurance Company v. Evan J.Wolfe,et al.,Case No.07-0322-WS-C (S.D.Ala.);Lexington Insurance Company v. Edmond H.Smith III,Case No.07-0323-WS-C(S.D. Ala.);and Claims service Provider,et al.,v. the St.Paul Travelors Co.,INC.,Case No.06-2475(E.D.LA.),with the intent by and through,to punish,torture and affixiate Edmond H-udmond Smith IV to death.Due to there knowledge of my "Medical Duty Status "prohibition on(O.C.S) gas exposure.All this was done in retaliation for my cooperation in the (O.I.G.) murder investigation and my filed report to (O.I.G.).All in violations of Federal Code Title 18,United States Code,sections 1111,section 241,section 242,and section 1503.

My grandmother Sue Goff,finaly succumbed to her injuries(a broken Pelvis) and died wrongfully due to being assaulted in her home at Hope Dr. in Baldwin County,by Mobile County Sheriffs Deputies,without any warrant.Her wrongfull death was the result of A (alledged)search for financial documents pertaining to me and our corporations she was A Board member of,in the midst of this illegal search trying to protect the sanctaty of her home and rights she was pushed down towards A sofa,however she hit the hardwood floor insted breaking her Pelvis,at 80+ years old she never recovered and later died from these injuries of this illegal act.This was done to corruptly endeavor to impede, cause,influence and obstruct the Due Administration of Justice with the intent to deceptively continue the deprival of justice,life liberty and property in violation of Title 18,United States Code,section 1111,section 241,section 242 and section 1503.

## RACKETEERING ACT ONE HUNDRED AND SEVEN

Once transferred to U.S.P. McCreary,because of inhume houseing conditions and squaler,Edmond Hudmond Smith IV was infected with A serious respritory infection, due to delliberate wilfull indifferance and neglect,on twenty(23)three separate of requesting medical assistance and recieving none to mitigate the infection,it worsened and developed into"PNEUMOCCAL PHEUMONIA"and in turn filled both my lungs full of fluid causeing A massive "Heart Attack"from squeezing of my heart.On or about January 11,2014 thrue January 14,2014,this resulted in "Cardio Renal Syndrome" and A reduction in my heart ejection refraction level of down to (12%),then resulting in the prediction of my emminent death. All of this interdependant on each other;the "HEART ATTACK"and "Congestive Cardio Renal Syndrome"along with the reduced unstastainable heart function would result in my death.This was the diagnoses according to Dr. Ikbau,Dr.Duvall,Dr.Mathews and Dr.Sherry.However in the subsequebt six(6)months of hospitaization I slowly improved and made A measured recovery,although I still suffer from the affects of this incident to this very day,greatly affecting the quality of my life and longevity of my life expectancy.Those involved and responsable for this crime and others did corruptly endeavor to,and did so,impede,cause,influence and obstruct the Due Administration of Justice and violate Edmond Hudmond Smith IV's Constitutional guaranteed Civil Rights,in these matters and the matters of United States v.Smith IV,Case No.1:08-00389-WS-C and Case No.1:09-00158-JTC-C(S.D.Ala.); Lexington Insurance Company v. Evan J.Wolfe,et al.,Case No 07-0322-WS-C(S.D.Ala.); Lexington Insurance Company v. Edmond H.Smith III,Case No. 07-0323-WS-C(S.D.Ala.);and Claims Service Provider,et al.,v. St. Paul Travelers Co.,INC., Case No. 06-2475(E.D. LA.) as referred to in racketeering acts ninety seven thrue one hundred and seven herein,with the intent to deceptively continue the deprival of justice,life,liberty and property in violation of Title 18,sections 1111, section 241,section 242 and section 1503.

Case 3:19-cv-00002-RRB   Document 1   Filed 01/04/19   Page 133 of 146

# RACKETEERING ACT ONE HUNDRED AND EIGHT

After somewhat of A measured recovery Edmond Hudmond Smith IV was transfered again,by air ambulance to Springfield Missouri Federal Medical Facility were upon the subsequent arrival of my legal documents and court case research documentation and case precident studies of the law,which arrived on or about MAY 8,2014 thrue June 18,2014,(B.O.P.) staff emploie A(G.KREBS) ramsacked my legal documentation,seizing important case precident legal study documents and cases printed off of Lexis Nexis,West Law and the institutional legal cumputors(that I had to purchase)along with my attorneys (550 Mega Bite C.D. disk)that had been pre-authorized by the B.O.P. region;with my propriatory buisness claims files,work product,court filings and actions along with incripted data pertanant to my case and vendication of my false inprisonment and previous civil cases.Co.(G.KREBS) and others did corruptly endeavor to,and did so,influence,impede and obstruct the Due Administration of Justice in the matters of United States v. Smith IV,Case No. 1:08-00389-WS-C and Case No. 1:09-00158-JTC-CGB(S.D.Ala.);Lexington Insurance Company v. Edmond H.Smith III,Case No. 07-323-WS-C(S.D.Ala.);Lexington Insurance Company v. Evan J. Wolfe,et al., Case No. 07-322-WS-C(S.D.Ala.);and Claims service Provider et al., v. St.Paul Travelers Co., INC., Case No. 06-2475 (E.D.IA.)by and through the perloining of important propriatory legal properties and documentation,with the intent to impede and deceptively sabotage Edmond Hudmond Smith IV's access to regress and his rights under the sixth ammendment of the constitution to the courts,the United States Court of Appeals for the Eleventh Circuit,all in violation of (B.O.P)mandates,Codes of federal regulations and Title 18, United States Code,section 241,1503 and others.

# RACKETEERING ACT ONE HUNDRED AND NINE

Edmond Hudmond Smith IV was transferred from Spring-field to Lexington Kentucky, Medical Facility by air ambulance and placed in inhumane squalered houseing conditions in common wealth dorm.On or about July 3,2015 in A subsequent wound care consult it was determined that I was ceptic.I was sent to the University of Kentucky Medical Hospital,were I was diagnosed with A severly infected broaken "CHARCO" left foot,that was originaly created by A amputation while illegaly detained and imprisoned in 2009-2010,that was unwarranted.During my false detainment and at all times since,it had never been corrected by the necessary sugical technique(Surgery),thus I had just been left with A broaken foot and to suffer.Between July 4,2015 and October 15,2015,due to the severe ceptism and infection (I) was forcebly dosed with A (I.V.) antibiotic "CEPHIPINE MAXIPINE",the problem with this is that I was already on A water pill known as "FLOROSIMIDE".If anyone takes both these two drugs simutaneously it causes "Death',through kidney failure,liver failure,respiratory failure and (Heart) Cardio failure.This was known due to A(P.D.A.)"Prescription Drug Advisory",that all involved were legaly required to of known of.After weeks of sever suffering and A great dehab-ilitation in my health (I) Edmond Hudmond Smith IV,discovered the cause of my dehabil-itation,retrieved A faxed copy of the (P.D.A.) presented it to the Lexington medical department and forced A change in my treatment,ultimently saving my own life,and allowing for A recovery from my ceptism.However the incident permently diminished my kidney function and overall health?These wilfull errors by Lexington(B.O.P.)staff and others did corruptly endeavor to,and did so,influence,impede and obstruct the Due Adm-inistration of Justice as well as violate Edmond Hudmond Smith IV expectations of civil rights and the (F.I.M.R.A.),inthe matters of United States v.Smith IV,Case No.1:08-00389 -WS-C and Case No.1:09-00158-JTC-GGB(S.D.Ala.);Lexington Insurance Company v.Evan J. Wolfe,et al.,Case No. 07-0322-WS-C(S.D.Ala.);Lexington Insurance Company v. Edmond H. Smith III,Case No. 07-0323-WS--C(S.D.Ala.) and Claims service Provider,et al.,v. St. Paul Travelers Co.,INC., Case No. 06-2475(E.D.IA.)with the intent to deprive the petitioner deceptively of life,liberty and property in violation of United States Code Title 18,section 1503 and others.

## Racketering Act One Hundred And Ten

Due to the complications surrounding the acts cronicled in racketeering act one hundred and nine, Edmond Hudmond Smith IV was retaliated against again and transfered from Lexington Kentucky to federal U.S.P Terre Haute Indiana for a second time. On or about Febuary 18, 2018 a "habeas corpus" was granted to be heard by the Federal District Court for the Southern District of Indiana in 2:18-cv-00071-WTL Edmond Hudmond Smith IV vs J.E Krueger (warden), and he was ordered to "show cause" for my imprisonment in answering my petition. After not answering the petition or "show cause" orders of the court three times. On the morning of May 23, 2018 the warden respondent J.E. Krueger intentionally instigated a confrontation in my cell to put me in his S.H.U, where Edmond Hudmond Smith IV was placed to be intentionally infected with deadly ECOLI infection from being placed in a detention cell in raw sewage, with an open wound in my broken left foot, against medical insistance of dangers to my health. My left leg became severely infected with ECOLI. I was sent to Union Hospital where I was quarantined and treated for six (6) weeks with I.V. antibiotics causing a reduction of health and kidney function and need for dialisis due to near emminent death. J.E. Krueger in collusion with others in his B.O.P. staff did corruptly endevor to, and did so, attempt to influence, impede and obstruct the due administration of justice and retaliate against Edmond Hudmond Smith IV's civil rights in the matters of UNITED STATES vs. SMITH IV, case no.1:08-00389-WS-C and case no. 1:09-00158-JTC-GGB (S.D.Ala); LEXINGTON INSURANCE COMPANY v. EVAN J WOLFE, et al. Case no. 07-322-WS-C (S.D. Ala); LEXINGTON INSURANCE COMPANY v. EDMOND HUDMOND SMITH III, case no. 07-323-WS-C (S.D. Ala); and CLAIMS SERVICE PROVIDER, et al v. ST. PAUL TRAVELERS CO INC., case no. 06-2475 (E.D.LA) as has been described in all previous racketeering acts in violation of **18 USC §1503** and many others.

## Racketeering Act One Hundred And Eleven

On or about June 2015 I was informed of the untimely wrongful death of my mother, Linda Diann Smith III as a result of the unbearable hardships created and caused by the "felonies" and frauds unduely bestowed against our family and interests in corruptly endevoring to influence, impede, coerce, and obstruct the due administration of justice in the matters listed in racketeering acts one thru one hundred and eleven and in the cruel and unusual unconstatutional violations perpetrated against us all. On or about August to September 18, 2018, Edmond Hudmond Smith IV, due to the treatments given to counteract the "ECOLI" infections unduely caused by that same cruel and unusual tortuous treatments and retaliations by B.O.P. employees warden J.E. Krueger and his complicent staff, my kidney function was damaged once again to the point of having to be put on "dialisis" where I was administered a port and was treated at Terre Haute Union Hospital and then transfered back to Springfield Missouri Federal Medical Center for a second time where others did corruptly endevor to, and did so, influence, impede, and obstruct the due administration of justice in the matters od UNITED STATES v. SMITH IV, no. 1:08-00389-WS-C and case no. 1:09-00158-JTC-GGB (S.D.Ala); LEXINGTON INSURANCE COMPANY v. EVAN J. WOLFE, et al. Case no. 07-322-WS-C (S.D.Ala); LEXINGTON INSURANCE COMPANY v. EDMOND HUDMOND SMITH III,case no. 07-323-WS-C (S.D. Ala); and CLAIMS SERVICE PROVIDER, et al v. ST. PAUL TRAVELERS CO INC., case no. 06-2475 (E.D.LA.) as described in and referred to in racketeering acts one thru one hundred and eleven witholding this evidence from a court of the United States or any United States Court of Appeals or the Court of Appeals for the Eleventh Circuit, in violations of **Title 18 USC § 1503 and §1111.**

## RACKETEERING ACT ONE HUNDRED AND TWELVE

On or about Febuary 18,2018, A "HABEAS CORPUS" SUIT (2:18-00309-WTL-MJB) was granted in the United States District Court for the Southern District of Indiana, Terre Haute Division against J.E.Krueger(Warden) the respondant of the United States and they were court ordered to "Show Cause" why I was being imprisoned without cause, which they failed to do after multiple extensions,up and thrue October 22,2018 till December 3,2018,on DECEMBER 4,2018 I recieved correspondance from the court claiming the United States Attorneys (A.U.S.A.),had filed A response on October 19,2018,even though I had not recieved it?As legal records have established per judicial notice the fact's require A exhoneration and the realization that serious conflicts of law and justice are self evident ariseing from legal fact's,as have been descibed in racketeering act's one through one hundred and twelve.This has corruptly endeavors to, and did so,influence,impede and obstruct the Due Administration of Justice in the matters of Edmond huxmond Smith IV V. United States of America,Case No.1:08-00389-WS -Cand Case No. 1:09-00158-JTC-ggb(S.D.Ala.);Lexington Insurance Company v. Evan J. Wolfe,et al.,Case No. 07-0322-WS-C(S.D.Ala);Lexington Insurance Company v. Edmond H. Smith III,Case No. 07-0323-WS-C(S.D.Ala.);and Claims Service Provider,et al., v. the St.Paul TRAVELERS Co.,INC.,Case No. 06-2475 (E.D.IA.)to any United States Court of proper jurisdiction or of A appeals court in the Eleventh Circuit,in violations of Title 18,United States Code,section 1503 and many others.

Post Script Reserved

Addendum

HENCEFOURTH,from January or Febuary 2010,the criminal,and con-
tinued Racketeering act's perpetrated against Edmond H.Smith IV,
his Family,Freedoms,Constitutional Rights,Priveledges,Properties
and Buisness Entities,are too valuminous,and extensive to cronicle
or list here at this time.However they have been preserved for
future maturation at A later date,with evidence and documentation
inclusive of participants,Act's,place,time's and date's.i.e.(BIVENS
V. UNITED STATES)  Unfortunently Edmond H.Smith IV,has also at no
fault of his own; been made A material wittness to multiple other
Goverment Criminal Act's,inclusive but not limited to at least one
act of "MURDER". I Edmond H.Smith IV stands prepaired to discuss
all,and prove the validity of these statements of fact,at whatever
time it is necessary,and appropriately chosen,to A United States
Law enforcement officer or United States Judge in the pursuit of
the Due Administration Of Justice.

Sincerely: *Edmond H. Smith IV*
Edmond H. Smith IV

## Attachment List / Explanation of Evidence

The following list of initial attachments serves the purpose of proving, beyond any reasonable doubt that crimes are being perpetrated upon Edmond Hudmond Smith IV by **AMERICAN BRITISH ACCREDITED REGISTRY ASSOCIATION Inc., attorneys, ALABAMA BRITISH ACCREDITED REGISTRY ASSOCIATION Inc., attorneys and the corrupted law enforcement officers who do their dirty work. They framed, and falsely imprisoned a 100% innocent man, unlawfully and fraudulently sentencing him to 780 months in federal prison.**

Attachment 1 consists of three documents. The first document is titled **"JUDGEMENT IN A CRIMINAL CASE"** and reads **"UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF ALABAMA"** across the top of the page. The case number on the document is 1:08-cr-00389-001. This unlawful, fraudulent and comleetly 100% bogus document was signed by **AMERICAN BRITISH ACCREDITED REGISTRY ASSOCIATION Inc attorney** falsely impersonating a Senior United States District Court Judge, **Jack T. Camp.**

The second document, in attachment 1 is a copy of the stenographer's record of a side bar conversation between **AMERICAN BRITISH ACCREDITED REGISTRY ASSOCIATION Inc., atto attorney Jack T. Camp,** and fellow conspirator, **AMERICAN BRITISH ACCREDITED REGISTRY ASSOCIATION Inc., attorney (AUSA / "Assistant United States Attorney) David Goldberg.**

The third document, in attachment 1, is a document titled **"Jack Camp, Senior Federal Judge, Pleads Guilty To 2 Drug Charges"** This document tones down what actually happened, the truth behind the drug charges. A research of the United States Public Record, and a google search will reveal that **AMERICAN BRITISH ACCREDITED REGISTRY ASSOCIATION Inc.,** attorney **Jack T. Camp** got busted with **10 kilos of cocaine, 2 prostitutes, 4 pistols, and a young male child, under age 10, that Jack T. Camp was having pedophile sexual relations with.**

**Jack T. Camp's** unlawful, fraudulent, and 100% comleetly bogus document, at attachment 1, titled **"JUDGMENT IN A CRIMINAL CASE"** is unlawful, fraudulent, and 100% comleetly bogus for the following (not limited to) reasons;

1) The document does not contain the proper seals, and signatures, to be a valid judgment pursuant with 1 USC §114, and 28 USC §1691 which are both codified, and cited below.

**TITLE 28 UNITED STATES CODE. JUDICIARY AND JUDICIAL PROCEDURE. PART V. PROCEDURE. CHAPTER 113. PROCESS. §1691 Seal and teste of process.**
All writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof.

**TITLE 1 UNITED STATES CODE. GENERAL PROVISIONS. CHAPTER 2. ACTS AND RESOLUTIONS:** FORMALITIES OF ENACTMENT; REPEALS; SEALING OF INSTRUMENTS. §114 **Sealing of instruments.**
In all cases where a seal is necessary by law to any commission, process, or other instrument provided for by the laws of congress, it shall be lawful to affix the proper seal by making an impression therewith directly on the paper to which such seal is necessary; which shall be as valid as if made on wax or other adhesive substance.

2) The second document, at attachment 1, the stenographer's record of a side bar conversation between **AMERICAN BRITISH ACCREDITED REGISTRY ASSOCIATION Inc.,** attorneys **Jack T. Camp** and **David Goldberg (AUSA / Assistant United States Attorney)** clearly shows that a conversation between **Jack T. Camp** and **David Goldberg** took place, in which **David Goldberg** says to **Jack T. Camp** verbatim "there is no conviction" refering to the fact that Edmond Hudmond Smith IV, has no criminal convictions, what-so-ever, and he was being falsely, and malisciously prosecuted for being a "felon" in posession of ammunition

**Attachment 2** consists of an unlawful and fraudulent 100% completely bogus document titled **"GRAND JURY NO. 168 B"** initiated and placed into motion by defendant **John M. Tyson Jr**, in his racketeering acts of having Edmond Hudmond Smith IV falsely charged with crimes that he did not commit. A review of the public record, pertaining to the **"GRAND JURY NO. 169 B"** Indictment at attachment 2, will prove that the charges were dismissed.

Additionally, the document is unlawful, fraudulent and 100% completely bogus due to its not containing the proper seals and signatures, pursuant with **28 USC §1691 Seal and teste of process,** and **1 USC §114 Sealing of instruments.**

**Attachment 3** consists of an unlawful, fraudulent and 100% completely bogus document titled **"SEARCH WARRANT"** signed by defendant, **James William Hardesty. James William Hardesty** is an **ALABAMA BRITISH ACCREDITED REGISTRY ASSOCIATION Inc., attorney** falsely impersonating a District Court Judge.

The document titled **"SEARCH WARRANT"**, at attachment 3, is unlawful, fraudulent, and 100% completely bogus for the following (not limited to) reasons:

**1)** It does not contain the proper seals and signatures, pursuant with **28 USC §1691 Seal and teste of process,** and **1 USC §114 Sealing of instruments** to be a valid document.

**2)** It was issued by **ALABAMA BRITISH ACCREDITED REGISTRY ASSOCIATION Inc., attorney** James **William Hardesty,** falsely impersonating a District Court Judge, in violation of **Federal Rules of Criminal Procedure Rule 4.1(a)(1)(2)(A)** with no testimony under oath to support the issuance of the warrant, no affidavit in support of issuing the warrant, and no record of of testimony, nor exhibits, in support of issuing the warrant.

**3)** The ammo confiscated, is the ammo that **AMERICAN BRITISH ACCREDITED REGISTRY ASSOCIATIO ASSOCIATION Inc., attorney** Jack T. Camp used to falsely convict Edmond Hudmond Smith IV of "felon in posession of ammunition" (attachment 1) and falsely imprison him, even though Edmond Hudmond Smith IV **has no criminal record what-so-ever!!!**

**Attachment 4** consists of two documents, each titled **"ORDER"** and written by **AMERICAN BRITISH ACCREDITED REGISTRY ASSOCIATION Inc attorney (defendent)** falsely impersonating a "United States District Court Judge" **William H. Steele.** Both documents titled **"ORDER",** authored by **William H. Steele** are unlawful, fraudulent, and 100% completely bogus for the following (not limited to) reasons:

**1)** Neither document contains the proper seal and signatures to be a bona fide, properly processed, and issued writ, pursuant with **28 USC §1691 Seal and teste of process,** and **1U 1 USC §114 Sealing of instruments.**

**2)** Both unlawful, fraudulent and 100% completely bogus documents contain a plethora of **bold face lies,** (for brevety we will not be pointing out all of the lies at this time. They will all be presented at trial) the most obvious **bold face lie** being the fact that **AMERICAN BRITISH ACCREDITED REGISTRY ASSOCIATION Inc., attorney William H. Steele** falsely claims Edmond Hudmond Smith IV to be a felon in posession of ammunition, and has chosen to partake in the unlawful, fraudulent, maliscious, and false prosecution.

**Attachment 5** consists of ~~three~~ Five documents that are all a part of a single filing that I helped Edmond Hudmond Smith IV write, and file. **To this date we have recieved absolutely no response what-so-ever** (this is a typical, and standard, routene and systematic procedure with the vast majority of my court filings. **The courts complete and utter failure to respond!!!!**) pertaining to the filing / writing at **attachment 5.**

The first document at attachment 5 was written by me, **Louis Holger, Article III**

United States Supreme Court Justice, and is titled "PETITIONERS RESPONSE TO William T. Lawrence FILINGS AT DOCUMENT 42, AND 43, TITLED 'ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING PENDING MOTIONS, DENYING CERTIFICATE OF APPEALABILITY, AND DIRECTING ENTRY OF FINAL JUDGEMENT' AND FINAL JUDGEMENT'"

The second document, at attachment 5 was written by **AMERICAN BRITISH ACCREDITED REGISTRY ASSOCIATION Inc., attorney William T. Lawrence**, falsely impersonating a "United States District Court Judge" and is titled "**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING PENDING MOTIONS, DENYING CERTIFICATE OF APPEALABILITY, AND DIRECTING ENTRY OF FINAL JUDGEMENT**"

The third document, at attachment 5, was written by **AMERICAN BRITISH ACCREDITED REGISTRY ASSOCIATION Inc., attorney William T. Lawrence**, falsely impersonating a "United States District Court Judge" and is titled "**FINAL JUDGEMENT**"

The fourth document, at attachment 5, was written by **AMERICAN BRITISH ACCREDITED REGISTRY ASSOCIATION Inc., attorney William T. Lawrence**, falsely impersonating a "United States District Court Judge" and is titled "**Order Denying Motion for Ruling**".

The fifth document, at attachment 5, was written by **AMERICAN BRITISH ACCREDITED REGISTRY ASSOCIATION Inc., attorney William T. Lawrence**, falsely impersonating a "United States District Court Judge" and is titled "**Order Denying Motion to Court Clerk and Court Court**"

Documents 2, 3, 4, and 5 at attachment 5 are unlawful, fraudulent, and 100% compleetly bogus, due to the fact that (mot limited to) they all contain multiple **bold face lies**, they are written in criminal pursuit of a 100% compleetly unlawful, fraudulent, and malicious false prosecution, with **malice aforethought**, and they are not written and filed pursuant to **1 USC §114 Sealing of instruments, and / or 28 USC §1691 Seal and teste of process.**

Attachment 6 consistd of 9 seperate affidavits from people supporting Edmond Hudmond Smith IV, and explaing the truth about what they have seen happen, pertaining to the crimes that have been perpetrated upon Edmond Hudmond Smith IV, and the travesties of justice.

Document one, at attachment 6 is an affidavit from Dr. Jimmy Steger, N,D.,Ph.D., D.M.A. Document two, at attachment 6, is an affidavit from Rick F. Bradley. Document three, at attachment 6, is a second affidavit from Rick F. Bradley (Rick F. Bradley is the Sgt. of Arms at the Great Southern Outdoors Foundation and Institute). Document four, at attachment 6, is an affidavit from (electrical contracter, owner of DEUITT ELECTRICAL) Glenn B. Deuitt, and Edmond Hudmond Smith III (Edmond Hudmond Smith IV's father). Document five, at attachment 6, is an affidavit from Lauren E. Davis. Document six, at attachment 6, is an affidavit from Sandra Davis. Document seven, at attachment 6, is an affidavit from Paul A. McAleer (owner of KRISPY KREME Inc., donut franchise. His grand-daddy founded the corporation). Document eight, at attachment 6, is a second affidavit from Paul A. McAleer. Document nine, at attachment 6, is an affidavit from Edmond Hudmond Smith III.

Attachment 7 consists of three seperate documents. These documents serve the purpose of providing public awareness as to the size, and scope of the TOP CATASTROPHE CLAIM SERVICE PROVIDER Inc., as well as to attest to the corruption, and fraud that was being perpetrated upon Edmond Hudmond Smith IV (Owner of TOP CATASTROPHE CLAIM SERVICE PROVIDER Inc.) by **NATIONAL CLAIMS ADMINISTRATORS Inc., INTEGRATED CLAIMS SERVICES Inc.**, employees (defendents) **Rick Clark, Mark Losier, Bob Barnett, Linda Swope, LeeAnn Carpenter.**

Document one, at attachment 7, consists of an affidavit by Donald Oglesby (Sr. Field Adjuster for TOP CATASTROPHE CLAIM SERVICE PROVIDER Inc.). Document two, at attachment 7 consists of an affidavit by Chad Brown (Data Transfer Specialist for TOP CATASTROPHE CLAIM SERVICE PROVIDER Inc.). Document three, at attachment 7, consistd of an employee

roster for TOP CATROPHE CLAIM SERVICE PROVIDER Inc., showing that Edmond Hudmond Smith IV employeed 216, or more, people in this <u>1 of 5 seperate corporations owned by Edmond Hudmond Smith IV</u>

    **Attachment 8** consists of an email from an attorney named Edward Massey, to "District Attorney" (defendent) <u>John M. Tyson, Jr.</u>, in which Mr. Massey explains certain crimes that had been perpetrated upon Edmond Hudmond Smith IV, his family, and his business, and Mr. Massey requests "District Attorney" (defendent) John M. Tyson Jr., to assist with getting a report made by law enforcement, and the Attorney General's Office. This email was ignored. <u>No report was ever made.</u> This is due to the fact that <u>The people in charge of making the reports are the ones perpetrating the crimes!!!</u>

    **Attachment 9** consists of six seperate documents. These documents serve the purpose of providing the public with evidence pertaining to the physical assault of Edmond Hudmond Smith IV, the armed assault, at gunpoint, of a waitress, Nancy Barnett in the armed robbery / theft of Edmond Hudmond Smith IV's $1,000,000.00 (one million) "Hooters Boat".

    The first document, at attachment 9, consists of an affidavit by Nancy Barnett. She explains that she was a witness to the theft of the "Hooters Boat", and had one of the robbers, put a gun in her face during the armed robbery of the $1,000,000.00 "Hooters Boat". The second document, at attachment 9, consists of two pages of x-rays of Edmond Hudmond Smith IV's left foot, having been broken (multiple bones), as a result of being ran over during the armed assault, and armed robbery of the $1,000,000.00 "Hooters Boat". The x-rays at the tops of the pages are x-rays of normal, unbroken, feet. The x-rays at the bottom of the pages are x-rays of Edmond Hudmond Smith IV's broken foot. The third document, at attachment 9, consists of the Certificate of Title for the $1,000,000.00 "Hooters Boat". The fourth document, at attachment 9, consists of the Certificate of Origin for the $1,000,000.00 "Hooters Boat". The fifth document, at attachment 9, consists of a reciept from Simco Marine showing $32,900.00 in damages to the "Hooters Boat" boat lift that was a result of a second, completely seperate, attempt to steal the $1,000,000.00 "Hooters Boat". There was three, total, seperate attempts to steal the $1,000,000.00 "Hooters Boat" and to this day <u>law enforcement agents, United States District Attorneys, and Attorney's General have compleetly failed to make any type of police report, or investigative report what-so-ever!!!!</u> The sixth document, at attachment 9, consists of photo images of the $1,000,000.00 "Hooters Boat"

    **Attachment 10** consists of six documents. These documents serve the purpose of providing the public with evidence pertaining to the theft of a $122,287.00 (one hundred twenty two thousand and two hundred eighty seven dollars) Gulfstream RV Motorhome, as well as proof of ownership, showing Edmond Hudmond Smith IV as the owner of the RV. I would like to remind the public that <u>law enforcement agents, United States District Attorneys, and Attorney's General have compleetly failed to make any type of police report, or investigative report what-so-ever!!!!</u> They have instead chosen to offer sanctuary, and protection to violent armed robbers, and to <u>unlawfully, fraudulently, and malisciously, with malice aforethought, falsely prosecute a 100% innocent man,</u> and sanctioning the theft /robbery of tens of millions of dollars in cash and assets, and attempting, repeatedly, to thieve / rob hundreds of millions of dollars in homes, <u>property, other assets, and alow the unlawful renig on a multi billion dollar insurance contract (to provide services).</u>

    Document one, at attachment 10 is an affidavit by Lauren Elizabeth Davis. In this affidavit, Lauren Elizabeth Davis explains her experience with Philip Coggins and his involvement in the theft of the $122,287.00 Gulfstream RV Motorhome (<u>Phillip Coggins</u> is a defendent).

    Document two, at attachment 10, is an affidavit by Edmond Hudmond Smith III, explaining his overhearing a telephone conversation between (dedendent) **Phillip Coggin,** and (defendent) **Mike Parker** in which they were conspiring the theft of the $122,287.00 Gulfstream RV Motorhome.

Document three, at attachment 11, is a private affidavit ...

Document three, at attachment 10, is a purchase agreement between SUN COAST RV and Edmond Hudmond Smith IV, purchasing the $122,287.00 Gulfstream RV Motorhome.

Document four, at attachment 10, is an APPLICATION FOR CERTIFICATE OF TITLE WITH/WITHOUT REGISTRATION applying for a title for the $122,287.00 Gulfstream RV Motorhome.

Document five, at attachment 10, is a CERTIFICATE OF ORIGIN FOR A VEHICLE pertaining to the $122,287.00 Gulfstream RV Motorhome.

Document six, at attachment 10, is an email between (defendent) **Phillip Coggin**, and (defendent) **Mike Parker**, in which **Phillip Coggin** sent an email to **Mike Parker** and admitted, in the email to the theft of the $122,287.00 Gulfstream RV Motorhome, and to having conspired with **Mike Parker** to acomplish their mutual goal of the theft of the $122,287.00 Gulfstream RV Motorhome, and to extort Edmond Hudmond Smith IV for over $100,000.00 in exchange for the return of the $122,287.00 Gulfstream RV Motorhome.

**Attachment 11** consists of two seperate documents, the first being a Freedom of Information Act / Privacy Act Request, from Edmond Hudmond Smith, to the Bureau of Alcohol, Tobacco, Firearms and Explosives, requesting a complete records check pertaining to their records on Edmond Hudmond Smith IV. The second is the response from the Bureau of Alcohol, Tobacco, Firearms and Explosives confirming that they had no records in their file of Edmond Hudmond Smith IV ever having been convicted of any felony, nor any other crime that would cause him to lose his right to posess a firearm, nor ammunition.

**Attachment 12** consists of a copy of the contract to provide services between CLAIMS SERVICE PROVIDER Inc., (Edmond Hudmond Smith IV's disaster relief corporation) and NATIONAL CLAIMS ADMINISTRATORS Inc., in which NATIONAL CLAIMS ADMINISTRATORS Inc agreed to pay CLAIMS SERVICE PROVIDER Inc., "5% override on the gross fee billing for the duration of the assignment or two years." 5% override on the gross fee billing = **5% of $187 billion dollars!!** as **$187 billion dollars was the total ammount in damages for commercial and industrial claims, flood, wind and buisness interruption damages caused by hurricane Katrina, and hurricane Rita,based upon estimates and adjustments made by CLAIM SERVICE PROVIDER.** The copy of the contract to provide services, at attachment 12, contains the signatures of Mark Losier, CEO of NATIONAL CLAIMS ADMINISTRATOR Inc., Edmond Hudmond Smith IV, CEO, and owner, of CLAIMS SERVICE PROVIDER Inc., and several others.

**Attachment 13** consists of three seperate documents. These documents serve the purpose of raising public awareness, and providing additional evidence, pertaining to an initial lawsuit that was filed, in an attempt to get justice served regarding these matters. A review of the public record, pertaining to this initial lawsuit will reveal that the "judge" assigned to the case was either **compleetly incompetent, or corrupted,** and failed to write legitament orders, inthe best interest of justice.

Document one, at attachment 13, is a "Draft dictation in Top Catastrophe", written by an attorney named Johnny Denenea, Jr. This draft dictation serves the purpose of providing the public with a brief synopsis, or outline of the lawsuit. Attorney, Johnny Denenea, Jr., quit providing services to Edmond Hudmond Smith IV, after black vehicles with tinted windows so dark that you could not see into them, began sitting outside of his office, stalking him, and he had strangers after exiting the vehicles tell him something to the extent of "Johnny, you have a beautiful wife, and a beautiful little daughter, and a nice buisness here in New Orleans. It sure would be a shame if you lost it all over Edmond Smith's catastropy claims deal"

Document two, at attachment 13, is a copy of the lawsuit that was written, and filed by attorney Johnny Denenea, Jr.

Document three, at attachment 13, is a news article in support of raising public awareness as to the fact that SAINT PAUL TRAVELERS COMPANY Inc., was being examined based upon market conduct, and complaints by consumers.

**Attachment 14** consists of three seperate documents. These documents serve the purpose of raising public awareness, and proving Edmond Hudmond Smith IV's ownership of the home (GREAT SOUTHERN OUTDOORS FOUNDATION AND INSTITUTE is the listed owner, and Edmond Hudmond Smith IV is the owner of the GREAT SOUTHERN OUTDOORS FOUNDATION AND INSTITUTE), located at 3900 Winsor Road, Theodore, Alabama 36582. This is the same home listed in the racketeering acts, and was sevearly vandalised, burglarised, and even was attempted to unlafully and fraudulently be sold, with the culprits having conspired with **AMERICAN BRITISH ACCREDITED REGISTRY ASSOCIATION Inc.,attorneys** and **ALABAMA BRITISH ACCREDITED REGISTRY ASSOCIATION Inc., attorneys** falsely impersonating a wide variety of "Judges"(**B.J. Lyon**) and corrupted law enforcement officers who do their dirty work (it is all listed in the list of racketeering acts 1 - 112+) to even sell the property, by placing it up for sale, when they thought Edmond Hudmond Smith had been killed, but in reality, he was in Costa Rica getting life saving medical treatment. Edmond Hudmond Smith IV was able to gain full recovery of the home after he returned to the country.

Document one, at attachment 14, is Edmond Hudmond Smith IV's offer to purchase an asset of the Sunnebourne Estate, being the home located at 3900 Winsor Road, Theodore Alabama 36582.

Document two, at attachment 14, is a Warranty Deed transfering ownership from Real Property Book 5792, Page 985 to the GREAT SOUTHERN OUTDOORS FOUNDATION AND INSTITUTE

Document three, at attachment 14, consists of ALABAMA SECRETARY OF STATE, and IRS documents showing ownership of the GREAT SOUTHERN OUTDOORS FOUNDATION AND INSTITUTE Inc., to be owned by Edmond Hudmond Smith IV.

**Attachment 15** consists of a list of corporate entities owned by Edmond Hudmond Smith IV, of which were all a part of the attempted theft by named defendents, in their having committed racketeering acts, and travesties of justice upon the Smith Family.

**Attachment 16** consists of crimes and the initial attempt at figuring out ammounts in damages (redeemed in lawful money pursuant with **12 USC §411**) owed. This list of crimes, at attachment 16, is not a full list of crimes committed upon Edmond Hudmond Smith IV. It is simply a compilation of known codifications, and the full list of crimes is yet to be determined. The list of ammounts owed, in damages, at attachment 16, is not a full list of damages owed to Edmond Hudmond Smith IV. It is simply a compilation of what is easilly, and undeniably determined, and **in no way what-so-ever is this to be considered the full ammount. The full ammount will be determined by a jury**, at a later date **IN THE VERY NEAR FUTURE!**

### "Outrageous Government Conduct" Case Law.

"The outrageous conduct defense is an extraordinary defense that will only be applied in the most egregious circumstances; to preval, the defendant must show that the challenged conduct violated notions of fundamental fairness and is shocking to the universal sense of justice" **189 F.3d 1239, U.S. v. Diaz (C.A.10(N.M.)1999)**

"THE GOVERNMENT'S INVOLVEMENT IN "MANUFACTURING" THE DEFENDANT'S CRIME" **813 F.2d 1462, U.S. v. SIMPSON, (C.A.9 (Cal.) 1987)** ---------- **Exerpt from page 813 F.2d 1470**

The outrageous conduct defense is available only when "the Government is so involved in the criminal endeavor that it shocks our sense of justice." >**United States v. So, 755 F.2d 1350, 1353 (9th Cir.1985).**

## Demand For Redress Of Grievance

I, Edmond Hudmond Smith IV, a People of the United States, a living, breathing human being with a heart beat, in this **Article III United States Supreme Court of Record,** with the assistance of **Article III United States Supreme Court Justice, Louis Holger,** demand that the unlawful and fraudulent conviction in case no. *1:08-00389-WS-C* and case no. *1:09-00158-JTC-GGB* be immediately overturned, and I be released from this unlawful and fraudulent detainment in federal prison.

I additionally demand that the Racketeering Act conspirators (Racketeer Influenced And Corrupt Organizations corrupted corporate financial agents), named defendants, be held accountable for their criminal actions, to the fullest extent of the law.

I additionally demand to be fully compensated financially, pursuant with what is written law, that I AM owed, as well as punative damages. This monetary ammount totals well over **$38,000,000,000.00 (thirty eight billion dollars redeemed in lawful money pursuant with 12 USC §411).** The actual ammount is to be determined by an honest, impartial fair jury at the time of the jury trial, and **shall** be based upon financial listings at attachment 16. **All finances awarded at jury trial are redeemed in lawful money pursuant with 12 USC §411.**


_Louis Holger_ Dec 10-2018          _Edmond Hudmond Smith IV_ 12/12/2018

Louis Holger          Date          Edmond Hudmond Smith IV          Date
Article III United States                A People of the United States
Supreme Court Justice                   -Galactic Federation of Light-
-Galactic Federation of Light-

Self Notary w/
two left thumb
prints.

SELF NOTARY CERT____
TWO LEFT & RIGHT THUMB PRINTS

All initial evidence has been presented and I am ready for jury trial. I have an abundance of additional evidence, including audio tapes of corrupt attorneys, judges and law enforcement agents conspiring to commit these crimes against myself, my interests and attempting to destroy and ruin our lives.

Additionally, Louis Holger is A party to this matter and the Clerk of Court is instructed to provide him with A copy of all filings, including this initial filing at docket #1.

SINCERLY: 
EDMOND HUDMOND SMITH IV