AO 245B (Rev. 06/05) Judgment in a Criminal Case: Sheet 1      (PACTS #4481)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| **EDMOND HUDMOND SMITH, IV** | CASE NUMBER: 1:08-00389-001 |
|  | USM NUMBER: 07241-059 |
| **THE DEFENDANT:** | Thomas Milton Haas, Sr. |
|  | **Defendant's Attorney** |

( ) pleaded guilty to count(s) __.
( ) pleaded nolo contendere to count(s) __ which was accepted by the court.
(X) was found guilty on count(s) <u>ONE of the indictment</u> after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count No.(s) |
|---|---|---|---|
| 18:922(g)(1) | felon in possession of ammunition | November 21, 2008 | 1 |

The defendant is sentenced as provided in pages 2 through <u>6</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

( ) The defendant has been found not guilty on count(s) __.
( ) Count(s) __ is/are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

*POINT COMPUTATION & HISTORY SCORE*

January 08, 2010
Date of Imposition of Judgment

*Jack Camp*
SENIOR UNITED STATES DISTRICT JUDGE

January 12, 2010
Date

Judgment 2

AO 245B (Rev. 06/05) Judgment in a Criminal Case: Sheet 2 - Imprisonment

Defendant: **EDMOND HUDMOND SMITH, IV**
Case Number: **1:08-00389-001**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total **term of 40 MONTHS**.

( ) <u>Special Conditions:</u>

(X) The court makes the following recommendations to the Bureau of Prisons: **That the defendant be provided mental health treatment and/or counseling, and medical treatment in an appropriate manner to address both his medical condition, as well as his mental health.**

(X) The defendant is remanded to the custody of the United States Marshal.

( ) The defendant shall surrender to the United States Marshal for this district:
   ( ) at ____ a.m./p.m. on ____.
   ( ) as notified by the United States Marshal.

( ) The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ( ) before 2 p.m. on ____.
   ( ) as notified by the United States Marshal.
   ( ) as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____ at _____
with a certified copy of this judgment.

<u>UNITED STATES MARSHAL</u>

By_____
Deputy U.S. Marshal

AO 245B (Rev. 06/05) Judgment in a Criminal Case: Sheet 1        (PACTS #4481)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| **EDMOND HUDMOND SMITH, IV** | CASE NUMBER: 1:08-00389-001 |
| | USM NUMBER: 07241-059 |

**THE DEFENDANT:**          Thomas Milton Haas, Sr.
                            **Defendant's Attorney**

( ) pleaded guilty to count(s) __.
( ) pleaded nolo contendere to count(s) __ which was accepted by the court.
(X) was found guilty on count(s) __ONE of the indictment__ after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count No.(s) |
|---|---|---|---|
| 18:922(g)(1) | felon in possession of ammunition | November 21, 2008 | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this **judgment**. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

( ) The defendant has been found not guilty on count(s) __.

( ) Count(s) __ is/are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

January 08, 2010
Date of Imposition of Judgment

*Jack Camp*
SENIOR UNITED STATES DISTRICT JUDGE

January 12, 2010
Date

AO 245B (Rev. 06/05) Judgment in a Criminal Case: Sheet 2 - Imprisonment

Defendant: **EDMOND HUDMOND SMITH, IV**
Case Number: **1:08-00389-001**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total **term of 40 MONTHS**.

( )   Special Conditions:

(X)   The court makes the following recommendations to the Bureau of Prisons: **That the defendant be provided mental health treatment and/or counseling, and medical treatment in an appropriate manner to address both his medical condition, as well as his mental health.**

(X)   The defendant is remanded to the custody of the United States Marshal.

( )   The defendant shall surrender to the United States Marshal for this district:
    ( )   at _____ a.m./p.m. on _____.
    ( )   as notified by the United States Marshal.

( )   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ( )   before 2 p.m. on _____.
    ( )   as notified by the United States Marshal.
    ( )   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____ at _____
with a certified copy of this judgment.

                                                                      __UNITED STATES MARSHAL__

                                                              By_____
                                                                 Deputy U.S. Marshal

AO 245B (Rev. 06/05) Judgment in a Criminal Case: Sheet 3 - Supervised Release

Defendant: **EDMOND HUDMOND SMITH, IV**
Case Number: **1:08-00389-001**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __3 YEARS__.

(X) <u>Special Conditions:</u> **The defendant shall participate in a program of mental health treatment and/or counseling as directed by the probation office.**

*For offenses committed on or after September 13, 1994:* The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

( ) The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable)

( ) The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)

( ) The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

(X) **The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment. The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

**The defendant shall not commit another federal, state or local crime.**
**The defendant shall not illegally possess a controlled substance.**
**The defendant shall comply with the standard conditions that have been adopted by this court (Probation Form 7a).**
**The defendant shall also comply with the additional conditions on the<u> attached page</u> (if applicable).**

> **See Page 4 for the**
> **"STANDARD CONDITIONS OF SUPERVISION"**

AO 245B (Rev. 06/05) Judgment in a Criminal Case: Sheet 3 - Supervised Release

Defendant: **EDMOND HUDMOND SMITH, IV**
Case Number: **1:08-00389-001**

# SUPERVISED RELEASE

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

14) the defendant shall cooperate, as directed by the probation officer, in the collection of DNA, if applicable, under the provisions of 18 U.S.C. §§ 3563(a)(9) and 3583(d) for those defendants convicted of qualifying offenses.

Judgment 5

AO 245B (Rev. 06/05) Judgment in a Criminal Case: Sheet 5, Part A - Criminal Monetary Penalties

Defendant: **EDMOND HUDMOND SMITH, IV**
Case Number: **1:08-00389-001**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $ 100.00 | $0.00 | $0.00 |

( )   The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such a determination.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. **(or see attached)** However, pursuant to 18 U.S.C. § 3644(i), all non-federal victims must be paid in full prior to the United States receiving payment.

( )   The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

| **Name(s) and Address(es) of Payee(s)** | **\*Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or % of Payment** |
|---|---|---|---|
| | | | |

**TOTALS:**        $ _____        $ _____

( )   If applicable, restitution amount ordered pursuant to plea agreement.   $

( )   The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default, pursuant to 18 U.S.C. § 3612(g).

( )   The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ( )   The interest requirement is waived for the ( ) fine and/or   ( ) restitution.
  ( )   The interest requirement for the   ( ) fine and/or   ( ) restitution is modified as follows:

---

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 06/05) Judgment in a Criminal Case: Sheet 5, Part B - Schedule of Payments

Defendant: **EDMOND HUDMOND SMITH, IV**
Case Number: **1:08-00389-001**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

- **A** (X) Lump sum payment of $ __100.00__ due immediately, balance due
  ( ) not later than _____ , or ( ) in accordance with ( ) C, ( ) D, ( ) E or ( ) F below; or

- **B** ( ) Payment to begin immediately (may be combined with ( ) C, ( ) D, ( ) E or ( ) F below); or

- **C** ( ) Payment in ____ (e.g., equal, weekly, monthly, quarterly) installments of $ ____ over a period of ____ (e.g., months or years), to commence ____ (e.g., 30 or 60 days) after the date of this judgment; or

- **D** ( ) Payment in ____ (e.g., equal, weekly, monthly, quarterly) installments of $ ____ over a period of ____ (e.g., months or years), to commence ____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

- **E** ( ) Payment during the term of supervised release will commence within ____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to ay at that time; or

- **F** ( ) Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

- ( ) **Joint** and Several:
- ( ) The defendant shall pay the cost of prosecution.
- ( ) The defendant shall pay the following court cost(s):
- ( ) The defendant shall **forfeit** the defendant's interest in the following property to the United States:

**Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest, (4) fine principal; (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.**

```
 1      MR. STANKOSKI:  Judge, I'm going to object at this
 2  point to that.  Mr. Goldberg knows that there was no
 3  conviction for that, and it's improper to ask him.  He said
 4  that's a lie.  And he cannot then go and try and impeach him
 5  with evidence that there was an arrest or an arrest report
 6  made.
 7      THE COURT:  Okay.  Approach the bench, Counsel, and
 8  let's sort out the procedure on this.
 9      (Sidebar conference, on the record:)
10      THE COURT:  I think you are entitled to ask him
11  about his criminal record.
12      MR. GOLDBERG:  Uh-huh.
13      THE COURT:  But if he says no, then you've got to
14  either accept that, come up with a certified copy.
15      MR. GOLDBERG:  Yes, Your Honor.  And I am not
16  impeaching him with a prior conviction.  It's impeachment of
17  the testimony he gave.  I'm not -- there is no conviction.
18      THE COURT:  Okay.
19      MR. GOLDBERG:  But he lied on the witness stand --
20      THE COURT:  Well, then the way to do that is to ask
21  him a question, and when he answers the question, call his
22  attention to the time under oath and the deposition that he
23  answered that same question differently.
24      MR. GOLDBERG:  I thought that's what I did, but I
25  can rephrase.  I thought he said he would never take a life,
```

[Submit Query]

February 1, 2011



# Jack Camp, Senior Federal Judge, Pleads Guilty To 2 Drug Charges

GREG BLUESTEIN | 11/19/10 09:29 PM | AP

What's Your Reaction?

ATLANTA — A veteran federal judge who was arrested on charges that he bought and used drugs with a stripper pleaded guilty Friday to two-drug related charges, including a felony count of giving her cocaine even though he knew she was a convicted felon.

U.S. Senior Judge Jack T. Camp pleaded guilty to the felony charge of aiding and abetting a felon's possession of cocaine when he bought drugs for the stripper, who was secretly cooperating with authorities. He also pleaded guilty to two misdemeanors: possession of illegal drugs and illegally giving the stripper his government-issued laptop.

Camp, 67, could face up to four years in federal prison when he is sentenced March 4, but he is likely to get substantially less time. Federal sentencing guidelines recommend he serve four to 10 months in prison. Camp's legal team may ask for an even shorter sentence.

As part of the plea deal, Camp also resigned from the bench and agreed to cooperate with authorities looking into any of the cases he handled while he was being investigated.

When a judge asked Camp if the charges were accurate, he replied, "I regret ... I am embarrassed to say it is, your honor." Neither he nor his attorneys offered any explanation for his actions.

The charges against Camp, who is married with two grown children, were laid out in a shocking eight-page affidavit released days after his Oct. 1 arrest. The judge, who remains free on a $50,000 bond, was originally charged with four drug-related charges and one count of possessing firearms while illegally using drugs.

Authorities say a stripper, who previously had a felony drug trafficking conviction, had been working with the FBI since the spring to build a case against the judge. In exchange, prosecutors agreed not to charge her.

They also say Camp knew the stripper was a convicted felon because he asked a deputy marshal to look up her criminal record, telling the officer he was renting a house to her. Prosecutors had to prove that Camp knew she was a felon to land the more serious felony charge.

Camp's relationship with the dancer, who was identified only as CI-1 in the documents, appears to have begun in May when he received a dance from her – along with her phone number – at an Atlanta strip club, according to the affidavit.

ADVERTISEMENT

Authorities say when they met the next day at a hotel, he paid her to have sex with him and the two used cocaine together. Over the next few months, the two used cocaine and other drugs together at strip clubs and other places, and the judge would pay $40 to $50 to join her in getting high, according to the documents.

The relationship grew closer over the months. Prosecutors say the judge startled the stripper by following her to a suburban Atlanta house where she was buying drugs one day in June. She told authorities that he brought a semiautomatic handgun with him in case she needed protection, the affidavit said.

Prosecutors also said for the first time Friday that Camp gave the stripper his government-issued laptop in September, days after he complained that he needed a new one.

But their relationship unraveled in October.

First, Camp discussed with the stripper how he could help her with her criminal record, and advised her to tell potential employers it was a "minor offense" and that one of the judges on the court can explain it to him, according to the affidavit.

He then told her in a recorded phone call that he will "watch your back anytime" and boasted that he has two guns to "take care of any problems that come up."

A few hours later, the dancer asked Camp to follow her to a grocery store parking lot to meet a drug dealer, and Camp then gave the stripper $160 to buy the drugs from an undercover officer. About 10 minutes later, FBI agents swarmed the judge's car, where they also recovered two guns from his front seat.

Camp's arrest was a catastrophic downfall for the respected federal judge, a no-nonsense Vietnam War veteran who was appointed to the bench by Ronald Reagan in 1987.

He handled hundreds of cases during his tenure, including the 2004 sentencing of two men accused of killing DeKalb County Sheriff Derwin Brown. And he supervised several cases while being investigated, including an April trial involving a pilot who was acquitted by a jury on charges of shipping cocaine for drug traffickers.

The judge's arrest and prosecution created a mess in the busy Northern District of Georgia, which covers metro Atlanta. Senior U.S. District Judge Thomas Hogan from the District of Columbia, was assigned the case because the other judges recused themselves, and prosecutors from the Justice Department's central office flew in to handle the case.

Camp's friend Jud Starr said the judge will spend the next few months with his family, and that he hopes to "make amends to the community by finding ways to put his substantial experience and many talents to good use."

"Judge Camp holds himself accountable for his personal actions and will strive to better understand and overcome the causes of his poor judgment," said Starr, a Washington attorney who has known Camp for 40 years and was the best man at his wedding.

It's unclear whether any of the decisions Camp made while he was being investigated will be revisited, but several attorneys have filed appeals or signaled they would do so.

Starr, however, said Camp underwent an evaluation in October to explain his actions. Starr said the evaluation determined Camp had no issues with controlled substances and that his condition "did not affect his judicial decisions in any way."

Jack Camp guilty

**Videos**
**Web**
**Images**

Thomas sentenced to 5 years for terrorism offences. 31/03/2006 ...

Couric, Gibson falsely claim "no member" of Congress offered to ...

Michael Savage plays Dead Kennedys song "in some respect for" Sen ...

*Filed by Jeff Muskus* | Report Corrections

## More in Politics...

Comments
360
Pending Comments
0
View FAQ
View All
Favorites
Recency |
Popularity
Page: **1** 2 3 4 5  Next ›  Last »  (12 total)
Page: **1** 2 3 4 5  Next ›  Last »  (12 total)