IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| EDMUND HUDMOND SMITH IV<br>petitioner.<br><br>v.<br><br>J.E. KRUEGER Warden,<br>ATTORNEY GENERAL OF THE STATE OF ALABAMA,<br>Respondents. | PETITIONERS RESPONSE TO Wiliam T. Lawrence FILINGS AT DOCUMENT 42, AND DOCUMENT 43, TITLED "ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING PENDING MOTIONS, DENYING CERTIFICATE OF APPEALABILITY, AND DIRECTING ENTRY OF FINAL JUDGEMENT" AND "FINAL JUDGMENT"<br><br>case no 2:18-cv-00071-WTL-DLP |

**United States Constitution. Article VI. Miscellaneous Provisions**
**Clause 2. Supreme Law.**
This constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, any thing in the constitution or laws of any state to the contrary notwithstanding.

**United States Constitution. Amendment 5.**
**Criminal actions - provisions concerning - due process of law and just compensation clauses.**
No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or an indictment of a grand jury, except in cases arising in the land or naval forces, or in the lilitia, when in actual service in time of war or public danger; nor shall any personbe subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation

**TITLE 1 UNITED STATES CODE. GENERAL PROVISIONS. CHAPTER 2. ACTS AND RESOLUTIONS: FORMALITIES OF ENACTMENT; REPEALS, SEALING OF INSTRUMENTS. §114 Sealing of Instruments.**
In all cases where a seal is necessary by law to any commission, process, or other instrument provided for by the laws of the congress, it shall be lawful to affix the proper seal by making an impression therewith directly on the paper to which such seal is necessary; which shall be as valid as if made on wax or other adhesive substance.

**TITLE 28 UNITED STATES CODE. JUDICIARY AND JUDICIAL PROCEDURE. PART V. PROCEDURE. CHAPTER 113. PROCESS. §1691 Seal and teste of process**

All writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof.

**The Law Dictionary. Copywrite (c) 2002 Anderson Publishing Company.**
**Writ-** A written court order or a judicial process.

### Affidavit/Claim/Objections

I, Edmund Hudmond Smith, a People of the Republic of Alabama, in this Article III United States District Court of Record state the following:

On or about 8/15/2018, William T. Lawrence signed his name to a document titled **"ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING PENDING MOTIONS, DENYING CERTIFICATE OF APPEALABILITY, AND DIRECTING ENTRY OF FINAL JUDGEMENT"** and signed his name to another document titled **"FINAL JUDGMENT"**. These are documents 42, and document 43 (**attachment 1, 2**) which are both bogus filings, in violation of the United States Constitution, Amendment 5. Criminal actions - provisions concerning - due process of law and just compensation clauses, and the United States Constitution. Article VI. Miscellaneous Provisions. Clause 2. Supreme Law, and TITLE 1 UNITED STATES STATES CODE. GENERAL PROVISIONS. CHAPTER 2. ACTS AND RESOLUTIONS: FORMALITIES OF ENACTMENT; REPEALS, SEALING OF INSTRUMENTS. §114 Sealing of Instruments, and **TITLE 28 UNITED STATES CODE. JUDICIARY AND JUDICIAL PROCEDURE. PART V. PROCEDURE. CHAPTER 113. PROCESS. §1691 Seal and teste of process.**

William T. Lawrence failed to have both of his **bogus writs** properly sealed, and signed by the clerk of court. This is in direct violation of **United States Constitution**, and **UNITED STATES CODE** cited both above, and on page 1.

William T. Lawrence cites **Article III, Section 2 United States Constitution** and in clear lack of knowledge, and comleetly bogus attempt at writing law, as well as in a compleetly bogus attempt at appearing knowledgable in law, William T. Lawrence falsely claims "A case becomes moot when it no longer presents a case or controversy under Article III, Section 2 of the Constitution." **Article III. United States Constitution. Section 2.** is related to subjects of jurisdiction, and has absolutely nothing to do with "A case becomes moot when it no longer presents a case or controversy....."

On page 2 of Attachment 1 (William T. Lawrence's bogus writ filed at document 42) of William T. Lawrences **bogus order**, unlawfully, and fraudulently dismissing my petirion for a writ of habeas corpus, William T. Lawrence errors in his assumption tha I plead guilty to the offense that I was indicted for on August 24, 2007. On Febuary 13, 2008 I recieved a sentance of six months. That was in violation of state law HARVEY v. STATE OF ALABAMA and RIVERS v. STATE OF ALABAMA (the maximum and minimum sentancing policy) and 13A-5-6(A)(3) (the exact certain and definite sentancing mandate). On Aughust 24, 2007 I was indicted for 13A-11-72(A). 13A-11-72(A) is a felony offense. One must recieve 1 year and 1 day to 5 years for (A) of that statute (13A-5-6(A)(3), 13A-5-6(A)(3), 13A-11-84, 13A-5-4). However 13A-11-72(B) is a middemeanor and 13A-11-84 states one can recieve a sentance of less than 1 year (13A-1-2). That six month sentance is conducive to 13A-11-72(B) only. However I have never been charged with, or indicted for 13A-11-72(B), even though that is what the state certified records show. The state certified records, pertaining to this is truely a falsified record.

**Attachment V. Page 2 of 12.**

Page 2 of 3

Due to William T. Lawrence violating **TITLE 1 UNITED STATES CODE. GENERAL PROVISIONS. CHAPTER 2. ACTS AND RESOLUTIONS: FORMALITIES OF ENACTMENT; REPEALS, SEALING OF INSTRUMENTS. §114 Sealing of Instruments** and **TITLE 28 UNITED STATES CODE. JUDICIARY AND JUDICIAL PROCEDURE. PART V. PROCEDURE. CHAPTER 113. PROCESS. §1691 Seal and teste of process**, both attachment 1, attachment 2 are bogus documents, and are moot. Therefore they are not valid, nor is any of the information that is contained in them. William T. Lawrence bogus filings at document 42, and document 43, are void pursuant with violations of UNITED STATES CODE cited above.

On September 26, 2018 I recieved another document written and signed by William T. Lawrence (attachment 3) titled **"Order Denying Motion for Ruling"** (document 46) and another document written and signed by William T. Lawrence (attachment 4) titled **"Order Denying Motion to Court Clerk and Court"** (document 47). Both of these bogus filings are also moot. They are null and void, for blatant, routene, and systematic violations of UNITED STATES CODE CITED ABOVE.

The Clerk of Court, Laura Briggs is now given a Lawful Instruction in the Best Interest of Justice to review the entirety of the habeas corpus filed at case no 2:18-cv-00071-WTL-DLP, and all filings entered into the docket report, pertaining to the case. If none of the filings entered into the docket by William T. Lawrence were/are entered pursuant with 1 USC §114, and 28 USC §1691 ab ini'tio (and or any other individual purporting to be a United States District Court Judge), Clerk of Court, Laura Briggs is additionally Lawfully Instructed in the Best Interest of Justice to accept this filing, and enter it into the case jacket of the case number listed on page 1 of this writing. Laura Briggs is additionally instructed to inform William T. Lawrence (and any other individual purporting to be a United States District Court Judge) that every filing of his, pertaining to this case is bogus, thus moot, and is null and void. William T. Lawrence et al, is to respond to the habeas corpus ab ini'tio and affix the proper seals, and Clerk of Court, Laura Briggs is to sign every document as well, pursuant with **1 USC §114**, and **28 USC §1691**, prior to filing the documents in order for the documents to be valid. Should Clerk of Court Laura Briggs fail to follow the Lawful Instructions in the Best Interest of Justice contained in this writers current writing Laura Briggs is subjecting herself to criminal liability pursuant with:

**TITLE 18 UNITED STATES CODE. PART 1. CRIMES. CHAPTER 101. RECORDS AND REPORTS. §2076 Clerk of the United States District Court.**
Whoever, being a clerk of a district court of the United States, willfully refuses or neglects to make or forward any report, certificate, statement, or document as required by law, shall be fined under this title or imprisoned not more that one year, or both.

### Notice

This document was written, and prepared for by **Article III United States Supreme Court Justice, Louis Holger**, for Edmund Hudmond Smith (the fourth), a People of the Republic of Alabama. In addition, this filing, and all filings created by **Article III United States Supreme Court Justice, Louis Holger** are also being filed onto United States Public Record via **United States District Court for the District of Alaska. Article III United States Supreme Court Evidence Repository 3:15-cv-00046**.

_Louis Holger_  9/26/2018
Louis Holger
Article III United States
Supreme Court Justice

_Edmund Hudmond Smith (the 4th)_   Date
A People of the Republic
of Alabama

Page 3 of 3

Attachment V. Page 3 of 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| EDMUND HUDMOND SMITH, IV, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>J. E. KRUEGER Warden, )<br>ATTORNEY GENERAL OF THE STATE OF )<br>ALABAMA, )<br>)<br>Respondents. ) | No. 2:18-cv-00071-WTL-DLP |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS,
DENYING PENDING MOTIONS, DENYING CERTIFICATE OF APPEALABILITY,
AND DIRECTING ENTRY OF FINAL JUDGMENT**

**I.    § 2254 Petition**

Petitioner Edmund Hudmond Smith, IV filed a petition for a writ of habeas corpus challenging his 2008 state court conviction and sentence for possessing and having under his control a pistol in Mobile County, Alabama Circuit Court CC 2007-3375. He is currently incarcerated in the U.S. Penitentiary at Terre Haute, Indiana, serving a sentence imposed as a result of a federal conviction.

The respondent Attorney General of the State of Alabama has filed a response alleging that his petition should be dismissed because he is not "in custody" pursuant to his Alabama state conviction, his petition is untimely, he failed to exhaust his claims in state courts, and in any event his claims lack merit. Dkt. No. 21. The respondent J.E. Krueger, Warden of Terre Haute U.S. Penitentiary, has filed a response stating that he "played no part in the challenged proceedings in the state court and therefore has taken no position regarding whether Smith's claims challenging

his state conviction have been properly raised in his petition, or the validity of his claims." Dkt. No. 40.

On August 24, 2007, Mr. Smith was indicted for the offense of possession of a handgun while being a certain person prohibited from such possession. Dkt. No. 21-1. (He pleaded guilty to this offense on February 13, 2008. Dkt. No. 21-2. He was sentenced to six months' confinement and was given jail credit for six months and five days of pretrial detention. Mr. Smith was discharged from custody after he pleaded guilty and received the sentence.)

"A case becomes moot when it no longer presents a case or controversy under Article III, Section 2 of the Constitution." *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). "In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (citation and quotation marks omitted). A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254 only if it finds the applicant "is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Therefore, a habeas action becomes moot if the Court can no longer "affect the duration of [the petitioner's] custody." *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001). The Supreme Court has repeatedly held that a habeas petition is not "in custody" under a conviction after the sentence imposed for it has fully expired even if that conviction may later be used to enhance the sentences of subsequent convictions. *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401 (2001) (citing *Maleng*). "When the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore 'in custody.'" *Maleng*, 490 U.S. at 493.

Here, Mr. Smith was released from the Alabama Department of Corrections' custody over ten years ago and the Court can no longer affect the duration of his custody. Mr. Smith does not

dispute that his sentence for the handgun conviction is fully expired. *See* Dkt. No. 31. Accordingly, the petitioner's habeas action challenging his 2008 Alabama conviction is moot. *See White*, 266 F.3d at 763. An action which is moot must be dismissed for lack of jurisdiction. *See Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998).

Even if Mr. Smith remained "in custody" pursuant to his 2008 Alabama conviction, his petition is untimely. In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA), revised several statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). Along with triggering dates not applicable here, "[u]nder 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015).

Mr. Smith was sentenced on February 13, 2008, and his sentence was entered into the case action summary on February 15, 2008. He did not appeal his conviction or sentence. Mr. Smith's conviction and sentence therefore became final when the time to file an appeal expired on March 28, 2008. 28 U.S.C. § 2244(d)(1)(A); Ala. R. App. P. 4(b)(1) ("the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from..."). Any petition for a writ of habeas corpus, therefore, was due one year later, on March 28, 2009. Although a pending petition for post-conviction relief may toll the statute of limitations, Mr. Smith failed to file a petition for post-conviction relief until October 2010, more than a year after the AEDPA statute of limitations expired. His petition for post-conviction relief therefore does not toll the statute of limitations because that time period had already expired. *See Williams v. Sims*, 390 F.3d 958, 963 (7th Cir.

**Attachment V. Page 6 of 12.**

Attachment 1
Page 3 of 5

3

2004).

Mr. Smith might be able to overcome the passage of the statute of limitations if he can show that the deadline should be equitably tolled. A petitioner is entitled to equitable tolling if he can establish that he has "'(1) . . . been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2015) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Mr. Smith argues that the statute of limitations should not apply because his attorney improperly told him he did not need to attempt to appeal his conviction. Dkt. No. 31 at 9. He asserts that it was not until after 2009 that he was notified of any issue with his conviction, and not until late September or October 2010 that the federal court ruled on the issue in question. *Id.* Mr. Smith does not explain why he could not have pursued his rights in 2009 when he was first notified of any issue. Nor has Mr. Smith identified an "extraordinary" circumstance that stood in his way and prevented the timely filing of his petition for relief. Mr. Smith's habeas petition is untimely and he has shown no reason for its untimeliness.

In short, the petitioner's habeas action challenging his 2008 Alabama conviction is moot and dismissed for lack of jurisdiction.

## II.   Pending Motions

Mr. Smith's motion to present new evidence to the court, Dkt. No. 32, and motion response and affidavit, Dkt. No. 41, are denied as **unnecessary** in view of the Court's ruling. Mr. Smith's motion for summary judgment, Dkt. No. 35, is **denied** because Fed. R. Civ. P. 56 is inapplicable to this petition. Mr. Smith's motion for Court assistance, Dkt. No. 37, is **denied** because the relief he seeks is not available here in a habeas petition.

*Attachment 1 Page 4 of 5*

### III. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). The petitioner has encountered the hurdle produced by lack of custody. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed for lack of jurisdiction**. Judgment consistent with this Order shall now issue.

### IV. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find it "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 8/15/18

*William T. Lawrence* (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

EDMUND HUDMOND SMITH, IV
07241-059
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Electronically Registered Counsel

*Attachment 1 page 5 of 5* (handwritten)

Attachment V. Page 8 of 12.      5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| EDMUND HUDMOND SMITH, IV, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:18-cv-00071-WTL-DLP |
| J. E. KRUEGER Warden, ATTORNEY GENERAL OF THE STATE OF ALABAMA, | ) ) ) ) ) |
| Respondents. | ) ) |

## FINAL JUDGMENT

The Court having this day made its Entry directing the entry of final judgment, the Court now enters FINAL JUDGMENT.

The action is dismissed for lack of jurisdiction.

Date: 8/15/18

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Laura Briggs, Clerk

BY: _____
Deputy Clerk, U.S. District Court

Distribution:

EDMUND HUDMOND SMITH, IV
07241-059
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Attachment 2
page 1 of 1

Attachment V. Page 9 of 12.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| EDMUND HUDMOND SMITH, IV, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:18-cv-00071-WTL-DLP |
| | ) |
| J. E. KRUEGER Warden, | ) |
| ATTORNEY GENERAL OF THE STATE OF ALABAMA, | ) |
| | ) |
| Respondents. | ) |

### Order Denying Motion for Ruling

Petitioner Edmund Hudmond Smith, IV's motion for ruling, Dkt. No. 44, is **denied**. Mr. Smith requests that the Court grant his petition because respondent Warden J.E. Krueger failed to respond to the Court's Order to show cause. Respondent Warden filed a response on July 27, 2018. Dkt. No. 40. The Court has also dismissed Mr. Smith's petition for writ of habeas corpus because he is not "in custody" pursuant to his Alabama state conviction. Dkt. No. 42 at 3. Even if Mr. Smith was still "in custody," his petition is untimely. *Id.*

IT IS SO ORDERED.

Date: 9/10/18

*[signature]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

EDMUND HUDMOND SMITH, IV
07241-059
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

*Attachment 3 page 1 of 1*

Attachment V. Page 10 of 12.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| EDMUND HUDMOND SMITH, IV, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:18-cv-00071-WTL-DLP |
| ) | |
| J. E. KRUEGER Warden, ) | |
| ATTORNEY GENERAL OF THE STATE OF ) | |
| ALABAMA, ) | |
| ) | |
| Respondents. ) | |

**Order Denying Motion to Court Clerk and Court**

Petitioner Edmund Smith and his cellmate, Chad Michael Miller, have submitted a motion requesting that the Court order the Bureau of Prisons' employees to deliver all legal correspondence in a timely manner. *See* Dkt. No. 45 at 1. They also assert that they have been denied medical care, were placed in a cell with no urinal and with sewage running out, were not given bare necessities to survive, and have been retaliated against.

Mr. Smith's petition for writ of habeas corpus in this action was dismissed on August 15, 2018, and this action is now closed. Thus, Mr. Smith's motion to court clerk and court, Dkt. No. 45, is denied as moot.

However, if Mr. Smith's letter is true, the Court finds the conditions to be regrettable. Mr. Smith's custodian should ensure that Mr. Smith is provided his legal correspondence in a timely manner. In a habeas petition, however, the Court cannot grant relief as to the inhumane conditions Mr. Smith may find himself to be living in. Mr. Smith should pursue his available administrative remedies as to his prison conditions before bringing a civil rights action in this Court.

*Attachment 4 page 1 of 2*

**IT IS SO ORDERED.**

Date: 9/11/18

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

EDMUND HUDMOND SMITH, IV
07241-059
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

James Roy Houts
OFFICE OF THE ATTORNEY GENERAL
jhouts@ago.state.al.us

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov

Attachment V. Page 12 of 12.

Attachment 4
page 2 of 2