IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

EDMOND HUDMOND SMITH IV, *et al.*,

        Plaintiffs,

    v.

SAINT PAUL TRAVELERS COMPANY, *et al.*,

        Defendants.

Case No. 3:19-cv-00002-RRB

## ORDER OF DISMISSAL

Before the Court at Docket 1 are self-represented prisoners', Edmond Hudmond Smith IV and Louis Holger's, complaint.

## BACKGROUND

Mr. Smith and Mr. Holger filed an untitled civil complaint on January 4, 2019.[1] The civil cover sheet lists the plaintiffs as the U.S. Government.[2] The civil cover sheet indicates that the plaintiffs seek to sue the numerous defendants under Racketeer Influenced and Corrupt Organizations (RICO), the United States Constitution, and the United Nations Universal Declaration of Human Rights.[3]

---

[1] Docket 1.

[2] Docket 2.

[3] *Id.*

Additionally, Mr. Holger and Mr. Smith filed the Prisoner's Application to Waive Prepayment of the Filing Fee.[4]

In the complaint, the plaintiffs seek to sue 119 different defendants, including Saint Paul Travelers Company, Inc.; Integrated Claims Solutions, LLC; Mobile County Circuit Court, Inc.; Mobile County Sheriff's Department; United States Federal Bureau of Prisons, Inc.; British Petroleum, Inc.; J.P. Morgan Chase Banking; various corrections officers, judges, business associates, medical workers; and personnel from a variety of businesses, law enforcement or judicial systems, and corrections institutions.[5]

The complaint alleges 112 claims all labeled and presented as "racketeering." The complaint begins with contested business dealings including issues of contracts, fraud, and misrepresentations. Then the complaint alleges various wrongs that have stemmed out of Mr. Smith's last decade's worth of interactions with the state and federal judicial systems. Mr. Smith brings forth numerous challenges on his convictions and the conditions of his confinement in multiple state jails and federal correctional institutions in several states.[6]

---

[4] Dockets 3; 4.

[5] Docket 1 at 1–3.

[6] *See* Docket 1-4.

3:19-cv-002-RRB, *Smith, et al. v. St. Paul Travelers Company Inc, et al.*
Order to Dismiss
Page 2 of 9
Case 3:19-cv-00002-RRB   Document 5   Filed 04/01/19   Page 2 of 9

For relief, Mr. Smith requests that his convictions be immediately overturned and that he be released from custody. Additionally, he requests that all of the defendants "be held accountable for their criminal actions" and he be compensated $38 billion dollars in damages. Mr. Holger does not make a request for relief.[7]

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner seeking a waiver of the prepayment of the filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[8]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[9] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and

---

[7] Docket 1 at 145.

[8] 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(a), (b).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

3:19-cv-002-RRB, *Smith, et al. v. St. Paul Travelers Company Inc, et al.*
Order to Dismiss
Page 3 of 9
Case 3:19-cv-00002-RRB   Document 5   Filed 04/01/19   Page 3 of 9

give the plaintiff the benefit of the doubt.[10] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[11]

## DISCUSSION

Mr. Smith and Mr. Holger's lawsuit is frivolous, and the action must be dismissed with prejudice for the reasons discussed below.

<u>Frivolous Lawsuits</u>

In accordance with federal law, a court must dismiss a case "at any time if the court determines that the action or appeal is frivolous or malicious."[12] The term frivolous, or frivolous as a matter of law, is a legal term. It means that a case or complaint "lacks an arguable basis in either in law or in fact."[13] When a court evaluates for whether a complaint is frivolous, it must "pierce the veil of the complaint's factual allegations to determine whether they are fanciful, fantastic, or

---

[10] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[11] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[12] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

[13] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3:19-cv-002-RRB, *Smith, et al. v. St. Paul Travelers Company Inc, et al.*
Order to Dismiss
Page 4 of 9
Case 3:19-cv-00002-RRB   Document 5   Filed 04/01/19   Page 4 of 9

delusional."[14] Additionally, a complaint may be frivolous if it merely repeats pending or previously litigated claims."[15]

The complaint fails on both of these grounds. The Court reviewed the complaint and attached exhibits. The 112 claims present a series of alleged events, actions, and conspiracies in which Mr. Smith believes he has been wronged by business dealings, interpersonal relationships, and interactions with local, state, and federal law enforcement. He also challenges the validity of his convictions and the conditions of his confinement in several state and federal jails and prisons.[16] He claims all of these events are part of an integrated "racketeering" action. It appears that the legal premise of this complaint is the federal racketeering statute 18 U.S.C. § 1961.[17] A private citizen may not sue another individual under federal criminal laws. Federal criminal laws are created by Congress for enforcement by the federal government. Additionally, from the pleadings and the provided exhibits, it is apparent that many of these issues have been litigated previously in Alabama and Louisiana courts.[18] As such, these claims

---

[14] *Neitzke*, 490 U.S. at 327–28; *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

[15] *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

[16] *See* Docket 1 at 9–145.

[17] Docket 5.

[18] *See* Dockets 1-1; 1-4; 1-5; 1-13.

3:19-cv-002-RRB, *Smith, et al. v. St. Paul Travelers Company Inc, et al.*
Order to Dismiss
Page 5 of 9
Case 3:19-cv-00002-RRB   Document 5   Filed 04/01/19   Page 5 of 9

already have been raised in other courts. As such, there is no legal basis for this lawsuit; nor rational facts to support such claims.

Mr. Holger does not present any claims or events. Instead, he alleges that he is offering assistance to Mr. Smith. Mr. Holger explains that "Edmond Hudmond Smith IV has asked me to help him with the lawsuit, and with bringing to the Light of the Public the travesties of justice that have been committed upon himself and his family, and friends." Mr. Holger further informs the Court he "will only be writing this initial filing." Mr. Holger's exact role in this lawsuit is unclear. On the civil cover sheet, he appears to hold himself out as "counsel"[19] and in the pleadings as an "Article III United States Supreme Court Justice for the Galactic Federation of Light."[20] Regardless, Mr. Holger brings no viable claims as a plaintiff.

Mr. Smith and Mr. Holger's case does not provide an arguable basis in law or fact, and merely repeats prior dismissed claims. Therefore, this lawsuit is frivolous as a matter of law. For the reasons discussed above, this case must be dismissed for frivolousness.

---

[19] Docket 2.

[20] Docket 1 at 4, 145.

3:19-cv-002-RRB, *Smith, et al. v. St. Paul Travelers Company Inc, et al.*
Order to Dismiss
Page 6 of 9
Case 3:19-cv-00002-RRB   Document 5   Filed 04/01/19   Page 6 of 9

Jurisdiction

Jurisdiction is "[a] court's power to decide a case or issue a decree."[21] A court's subject matter jurisdiction is its "statutory or constitutional power to adjudicate a case."[22] As a federal court, this Court has limited subject matter jurisdiction. It possesses "only that power authorized by the Constitution and statute."[23] This means that the Court has the authority to hear only specified types of cases.[24] "In civil cases, subject matter jurisdiction generally is conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."[25]

Of these described claims, none present a valid federal question. Federal question jurisdiction provides a federal court the authority to consider cases brought under the United States Constitution or federal statutes.[26] The complaint

---

[21] BLACK'S LAW DICTIONARY (9th ed. 2009) (definition of "jurisdiction").

[22] *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 89 (1998).

[23] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also, e.g. A-Z Intern. V. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

[24] *See, e.g., United States v. Marks*, 530 F.3d 779, 810 (9th Cir. 2008) (citing *DaimlerChrysler v. Cuno*, 547 U.S. 332, 342 (2006)); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000).

[25] *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).

[26] 28 U.S.C. § 1331.

3:19-cv-002-RRB, *Smith, et al. v. St. Paul Travelers Company Inc, et al.*
Order to Dismiss
Page 7 of 9
Case 3:19-cv-00002-RRB   Document 5   Filed 04/01/19   Page 7 of 9

does not address an applicable federal statute or viable constitutional issue.[27] Because the complaint does not clearly describe a violation of the U.S. Constitution or a federal statute that is redressable by a private citizen in federal court, this Court does not have federal question jurisdiction over this case.

Diversity jurisdiction requires that the plaintiff have "citizenship which is diverse from that of every defendant" and an amount in controversy greater than $75,000.[28] However, neither the citizenship of Mr. Smith, nor the 112 defendants is plead.[29] The Court notes that Mr. Smith currently resides in a Bureau of Prisons medical facility in Springfield, MO. Because Mr. Smith and Mr. Holger have not demonstrated diverse citizenship here, this Court does not have diversity jurisdiction over the complaint. Furthermore, none of the claims allege Alaskan defendants or took place in the state of Alaska. Besides Mr. Holger's alleged family lineage as an Inupiaq Prince, no connection to Alaska exists. As such, there is no personal jurisdiction.[30] The United States District Court of Alaska has no jurisdiction to hear these claims.

---

[27] *See* Docket 1.

[28] 28 U.S.C. § 1332; *see Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 722 (9th Cir. 2008) (quoting *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction requires "complete diversity of citizenship")).

[29] *See* Docket 1.

[30] *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011).

3:19-cv-002-RRB, *Smith, et al. v. St. Paul Travelers Company Inc, et al.*
Order to Dismiss
Page 8 of 9
Case 3:19-cv-00002-RRB   Document 5   Filed 04/01/19   Page 8 of 9

Conclusion

Based upon the Court's screening, Mr. Smith and Mr. Holger's case is **DISMISSED WITH PREJUDICE**, because the action is frivolous.

**IT IS THEREFORE ORDERED:**

1. The Complaint, at Docket 1, is DISMISSED WITH PREJUDICE for frivolousness;

2. This dismissal constitutes a "strike" under 28 U.S.C. § 1915(g).[31] Mr. Smith is to be issued a strike. Mr. Holger has three "strikes." However, for recordkeeping purposes, this dismissal is also recorded as a strike. The Clerk of Court is directed to no longer accept Mr. Holger's filings without pre-screening and approval from the Court or prepayment of the filing fee;

3. The Prisoners' Applications to Waive Prepayment of the Filing Fee, at Dockets 3 and 4, are DENIED;

4. The Clerk of Court is directed to enter a Judgment in this case accordingly.

DATED at Anchorage, Alaska this 1st day of April, 2019.

*/s/ Ralph R. Beistline*
Senior United States District Judge

---

[31] 28 U.S.C. § 1915(g) provides that a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, will be prohibited from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in 'imminent danger of serious physical injury."

3:19-cv-002-RRB, *Smith, et al. v. St. Paul Travelers Company Inc, et al.*
Order to Dismiss
Page 9 of 9
Case 3:19-cv-00002-RRB   Document 5   Filed 04/01/19   Page 9 of 9